*FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-10118-GHK (Ex) | Date | January 20, 2012 |
|---|---|---|---|
| Title | *NZK Productions, Inc., et al. v. Stephen Carbone, et al..* | | |

**Presiding: The Honorable**      **GEORGE H. KING, U.S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:**      **(In Chambers) Order to Show Cause**

Plaintiffs NZK Productions Inc. ("NZK") and Horizon Alternative Television Inc. ("Horizon" and, collectively, "Plaintiffs") filed the above-captioned action against Stephen Carbone ("Carbone") and Reality Steve, LLC ("Reality Steve" and, collectively, "Defendants") in this Court on December 6, 2011. Plaintiffs invoke our subject matter jurisdiction under 28 U.S.C. § 1332, alleging that the Parties are completely diverse. Plaintiffs allege that NZK "is a California corporation with its principal place of business in Burbank, California," (Compl. ¶ 1), and that Horizon "is a Delaware corporation with its principal place of business in Burbank, California," (Compl. ¶ 2). Plaintiffs also allege that Reality Steve is a Texas limited liability corporation ("LLC") that "owns and operates a website at www.realitysteve.com." (Compl. ¶ 3). Plaintiffs further allege that Carbone "is an individual residing in . . . Texas," and that "Carbone is and was a member and an agent of Reality Steve, LLC." (Compl. ¶ 4).

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). When a case does not arise under federal law, we have original jurisdiction only when there is "diversity of citizenship." 28 U.S.C. § 1332. An action may be filed in federal court based on diversity jurisdiction where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.*

The Complaint does not properly allege the citizenship of Reality Steve, a limited liability company. For purposes of diversity jurisdiction, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage,LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* 15 Martin H. Redish, *Moore's Federal Practice* § 102.57[8] (3d ed. 2007). We require evidence of the citizenship of every member of Reality Steve.

*FILED*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-10118-GHK (Ex) | Date | January 20, 2012 |
|---|---|---|---|
| Title | *NZK Productions, Inc., et al. v. Stephen Carbone, et al..* | | |

Although Plaintiffs have alleged the citizenship of Carbone, a member of the Reality Steve, Plaintiffs do not allege that Carbone is the only member of Reality Steve. Insofar as there are other members, Plaintiffs must allege their citizenship as well.

Often, at least one member of a limited liability company is itself a business entity. If that is the case, we require information of that business's citizenship under the proper rule for that particular type of entity. Redish, *supra*, at §§ 102.56–.57 (3d ed. 2007). If any member is a corporation, then we require information on the corporation's citizenship. A corporation has dual citizenship. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice it should normally be the place where the corporation maintains its headquarters," the center of overall direction, control, and coordination commonly known as the "nerve center." *Id.*

If any member of an LLC is an individual, we require information as to that person. Individual citizenship is determined by the state where a natural person is domiciled, and a person may only have one domicile at a time. *Gaudlin v. Remis*, 379 F.3d 631 (9th Cir. 2004). Domicile is not merely someone's state of residence. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Therefore, a person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Finally, if any member of the LLC is itself an LLC, we require information about all of the constituent LLC's members as well.

The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. Here, the Complaint does not sufficiently do so because Plaintiffs have not provided the required information noted above. Therefore, Plaintiffs are **ORDERED TO SHOW CAUSE**, in writing, **within twelve (12) days hereof,** as to why this matter should not be dismissed because this Court lacks subject matter jurisdiction. Plaintiffs' failure to timely and adequately show cause as required herein shall be deemed Plaintiffs' admission that this Court lacks subject matter jurisdiction. In that event, this action shall be dismissed for lack of subject matter jurisdiction.

### IT IS SO ORDERED.

---  :  ---

Initials of Deputy Clerk | ljw for Bea