1  KELLEY DRYE & WARREN LLP
   Michael J. O'Connor (STATE BAR NO. 90017)
2  Andrew W. DeFrancis (STATE BAR NO. 246399)
   10100 Santa Monica Boulevard, Twenty-Third Floor
3  Los Angeles, California 90067-4008
   Telephone: (310) 712-6100
4  Facsimile: (310) 712-6199
   moconnor@kelleydrye.com
5  adefrancis@kelleydrye.com

6  Attorneys for Plaintiffs
   NZK PRODUCTIONS INC. and
7  HORIZON ALTERNATIVE
   TELEVISION INC.

8

9              UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12 | NZK PRODUCTIONS INC., a | CASE NO. CV11-10118 GHK (Ex)
   | California corporation, and HORIZON |
13 | ALTERNATIVE TELEVISION INC., a | **NOTICE OF *EX PARTE***
   | Delaware corporation, | **APPLICATION AND *EX PARTE***
14 | | **APPLICATION OF PLAINTIFFS**
   | Plaintiffs, | **TO CONTINUE HEARING DATE**
15 | | **ON DEFENDANTS' MOTION TO**
   | v. | **DISMISS BY 60 DAYS TO PERMIT**
16 | | **TIME TO COMPEL AND RECEIVE**
   | STEPHEN CARBONE, an individual, | **SUPPLEMENTAL RESPONSES TO**
17 | REALITY STEVE, LLC, a Texas | **JURISDICTIONAL DISCOVERY**
   | limited liability corporation, and DOES |
18 | 1 through 10, inclusive, | [L.R. 7-19 and 7-19.1]
19 | Defendants. | *[Declaration of Andrew W. DeFrancis*
   | | *and [Proposed] Order filed*
20 | | *concurrently herewith]*

21

22

23

24

25

26

27

28  299354.1.doc                                        CV11-10118 GHK (Ex)
   NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION OF PLAINTIFFS TO CONTINUE
   HEARING DATE ON DEFENDANTS' MOTION TO DISMISS BY 60 DAYS TO PERMIT TIME TO COMPEL
        AND RECEIVE SUPP. RESPONSES: MEMORANDUM OF POINTS AND AUTHORITIES

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Local Rules 7-19 and 7-19.1, Plaintiffs NZK Productions Inc. and Horizon Alternative Television Inc. (collectively, "Plaintiffs") will and hereby do make this *ex parte* application ("Application") to the Hon. George H. King seeking to continue the hearing date on the motion to dismiss filed by Defendants Stephen Carbone and Reality Steve, LLC (collectively, "Defendants") by sixty (60) days to permit Plaintiffs time to compel and receive supplemental responses to the jurisdictional discovery they propounded.

Good cause exists to grant the relief sought in the Application. On January 31, 2012, the Court granted Plaintiffs' *ex parte* application to conduct jurisdictional discovery. Thereafter, Plaintiffs expeditiously began propounding discovery, serving two sets of Special Interrogatories, two sets of Requests for Production, and six (6) document subpoenas on third parties. Plaintiffs also noticed the depositions of Defendants Carbone and Reality Steve, LLC for April 4, 2012. However, Defendants have not adequately responded to the discovery propounded upon them. Given that Local Rule 37 provides that all discovery motions shall be filed as joint stipulations – and given that it mandates stringent notice and timing requirements (*e.g.*, that such motions shall be heard "not earlier than twenty-one (21) days after the filing of the motion[s]") – Plaintiffs respectfully request a sixty (60) day continuance so that (1) they may compel (and receive) supplemental responses before deposing Defendants and (2) so that they may use any supplemental responses in opposition to Defendants' motion to dismiss.

Defendants are represented in this action by the following attorneys: (1) D. Bradley Kizzia of Brown Fox Kizzia and Johnson PLLC, 8226 Douglas Avenue, Suite 411, Dallas, TX 75225, (469) 893-9940, brad@brownfoxlaw.com; and (2) Gregg A. Farley, 11755 Wilshire Boulevard, Suite 1845, Los Angeles, CA

90025, (310) 445-4024, gfarley@farleyfirm.com. Last week, counsel for Plaintiffs and Mr. Kizzia discussed a stipulation to continue the hearing date based on the reasons set forth in this Application; however, Mr. Kizzia did not give a firm response. Declaration of Andrew W. DeFrancis in Support of Application at ¶ 2. On March 26, 2012, counsel for Plaintiffs contacted Mr. Kizzia to indicate that it would be moving for *ex parte* relief and to inquire whether Defendants would oppose. *Id.* Mr. Kizzia was not at his office, but counsel for Plaintiffs left a message and did not hear back. *Id.* Counsel for Defendants will contemporaneously serve this Application and supporting documents on counsel for Plaintiffs and will inform them that they have 24 hours to file a response, per the Court's Order Re: Case Management at ¶ 9. *Id.* at ¶ 3.

Plaintiffs' Application is based upon this Notice of Application and Application, the accompanying Memorandum of Points and Authorities, the Declaration of Andrew W. DeFrancis filed concurrently herewith, the [Proposed] Order filed concurrently herewith, the pleadings and papers on file in this action, and upon such other argument and evidence as the Court may deem necessary in considering the Application.

DATED: March 26, 2012

KELLEY DRYE & WARREN LLP
Michael J. O'Connor
Andrew W. DeFrancis

By  /s/ Michael J. O'Connor
    Michael J. O'Connor
Attorneys for Plaintiffs NZK Productions Inc.
and Horizon Alternative Television Inc.

299354.1.doc                                    2                              CV11-10118 GHK (Ex)
NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION OF PLAINTIFFS TO CONTINUE
HEARING DATE ON DEFENDANTS' MOTION TO DISMISS BY 60 DAYS TO PERMIT TIME TO COMPEL
AND RECEIVE SUPP. RESPONSES: MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiffs NZK Productions Inc. and Horizon Alternative Television Inc. (collectively, "Plaintiffs") filed the Complaint in this action on December 6, 2011. The Complaint alleges that Defendants Stephen Carbone ("Carbone") and Reality Steve, LLC (collectively, "Defendants"), who operate the for-profit website realitysteve.com, intentionally interfered with contracts between Plaintiffs and participants and/or crew members of "The Bachelor" television series.

On January 20, 2012, Defendants filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (the "Motion"), claiming that they have no ties to the state of California  Shortly after Defendants filed that Motion, Plaintiffs filed an *ex parte* application to continue the hearing date on the Motion and for an order permitting jurisdictional discovery. The Court granted Plaintiffs' *ex parte* application on January 31, 2012 (the "Order"). Declaration of Andrew W. DeFrancis in Support of Application ("DeFrancis Decl."), Ex. A. Within a week on the Order, Plaintiffs began propounding discovery, but to date, the responses to date have been inadequate.

Plaintiffs wish to compel (and receive) supplemental responses to the discovery they propounded before deposing Defendants Carbone and Reality Steve, LLC and before their opposition to Defendants' Motion is due on April 30, 2012. However, Local Rule 37 governs discovery disputes, and it requires (1) that the parties proceed with all discovery motions via joint stipulation (L.R. 37-2.4), (2) that Plaintiffs provide Defendants with their portion of the joint stipulation at least seven (7) days before filing (L.R. 37-2.2), (3) that after the joint stipulation is filed, each party may file a supplemental memorandum of law within fourteen (14) days (L.R. 37-2.3), and (4) that the joint stipulation be set for hearing not earlier than twenty-

one (21) days after filing (L.R. 37-3). Accordingly, Plaintiffs do not have sufficient time to compel (and receive) supplemental responses before deposing Defendants, much less before their deadline to oppose Defendants' Motion.

Accordingly, Plaintiffs respectfully request that the Court continue the May 20, 2012, hearing date[1] on Defendants' Motion by 60 days.

## II.
## ANALYSIS

Plaintiffs applied *ex parte* to continue the hearing date on Defendants' Motion and requested an order permitting jurisdictional discovery, given that courts have the discretion to authorize jurisdictional discovery upon a "colorable showing" that personal jurisdiction exists (*Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007)) and may continue the hearing date on a motion to dismiss to permit such jurisdictional discovery (*Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672-73 (S.D. Cal. 2001)). On January 31, 2012, the Court granted Plaintiffs' *ex parte* application. DeFrancis Decl., Ex. A.

### A. Plaintiffs Diligently Propounded Jurisdictional Discovery

Plaintiffs immediately began propounding discovery so that they would receive Defendants' responses well in advance of their deadline to oppose the Motion. On February 7, 2012, Plaintiffs served their First Sets of Special Interrogatories on Defendants (DeFrancis Decl., Exs. B and C); on February 15, 2012, Plaintiffs served their First Sets of Requests for Production on Defendants; and over the course of the past several weeks, Plaintiffs have served six (6) third party subpoenas. Further, Plaintiffs noticed the depositions of Defendants Carbone and Reality Steve, LLC for April 4, 2012. DeFrancis Decl., Ex. D.

---

[1] May 20, 2012, is a Sunday; accordingly, the Parties' anticipate that this date may be moved by the Court.

## B. Defendants' Responses to the Jurisdictional Discovery Are Inadequate, and the Parties Have Met and Conferred About the Responses

The first responses that Plaintiffs received were Defendants' responses to the First Sets of Special Interrogatories, which they received on March 12, 2012. DeFrancis Decl., Exs. E and F. Those responses are inadequate, given that Defendants refused to respond to a number of the interrogatories and/or severely limited their responses thereto. For example, Special Interrogatory No. 15 to Defendant Stephen Carbone requests that he "identify all communications that [he] initiated with any person who is or was a resident of California concerning www.realitysteve.com." DeFrancis Decl., Ex. B at p. 3. However, Defendant Carbone responded that he "d[id] not believe that [he] ha[d] made or received any communications with residents of California about non-public information concerning the Bachelor series since January 1, 2011." DeFrancis Decl., Ex. E at p. 14. Not only does Defendant Carbone place an extremely narrow time limitation on this interrogatory, but he also (1) claims that he "does not believe" that he made or received any communications, which prohibits Plaintiffs' from investigating whether Defendant Carbone actually did so and (2) limits his response to "non-public information concerning the Bachelor series," despite the fact that any communications could impact personal jurisdiction. Such limitations are common throughout both Defendants' responses to the special interrogatories.

On March 15, 2012 – just three days after receiving Defendants' responses – Plaintiffs initiated the meet-and-confer process. DeFrancis Decl., Ex G. The parties then met and conferred on March 21, 2012, but to this day, Defendants have not indicated whether they will supplement their responses, which responses they will supplement, or when they will supplement their responses. DeFrancis Decl. at ¶ 11.

///

///

C. **The Deadlines Provided by Local Rule 37 Do Not Provide Plaintiffs with Adequate Time to Compel (and Receive) Supplemental Responses to the Jurisdictional Discovery**

Plaintiffs immediately began preparing a motion to compel. However, Local Rule 37-2.4 provides that any discovery disputes shall be resolved by joint stipulations. Moreover, Local Rule 37-2.2 requires that the moving party provide opposing counsel with their portion of the joint stipulation at least seven (7) days before filing. Local Rule 37 also provides that, after the joint stipulation is filed, each party may file a supplemental memorandum of law within fourteen (14) days (L.R. 37-2.3) and that the joint stipulation cannot be heard earlier than twenty-one (21) days after the joint stipulation was filed (L.R. 37-3).

As noted above, Plaintiffs noticed Defendants' depositions for April 4, 2012. *See* DeFrancis Decl., Ex. D. They would prefer full and complete discovery responses before deposing the Defendants. Moreover, Plaintiffs' opposition to Defendants' motion to dismiss is presently due April 30, 2012. Accordingly, even if Plaintiffs provided their portion of the joint stipulation to Defendants today, March 26, 2012, they could not file the combined joint stipulation until April 2, 2012, and the earliest that the matter could be heard by the magistrate judge – depending on his calendar – would be April 23, 2012. And even if the magistrate judge granted Plaintiffs' motions to compel supplemental responses to the discovery, there would be very little time (1) for Defendants to comply with this order and (2) for Plaintiffs to analyze and use any of the supplemental responses before filing their opposition to Defendants' motion to dismiss.

D. ***Ex Parte* Relief is Appropriate**

*Ex parte* relief is appropriate where (1) the moving party will suffer irreparable prejudice if the underlying motion is not heard on an expedited basis; and (2) the moving party is without fault in creating the crisis that requires *ex parte*

relief, or the crisis occurred as a result of excusable neglect. *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, irreparable harm will occur if there is any delay in obtaining the requested relief. In their *ex parte* application to permit jurisdictional discovery, Plaintiffs made a colorable showing that Defendants are subject to personal jurisdiction in California; accordingly, the Court granted Plaintiffs' application. However, if Plaintiffs did not receive full and adequate responses to the jurisdictional discovery permitted by the Court – and if they do not have sufficient time to compel such responses before opposing Defendants' motion to dismiss – Defendants improper objections will prohibit Plaintiffs from being able to fully oppose that motion.

Second, no conduct or omission by Plaintiffs has created the need for the requested emergency relief: as is demonstrated above, Plaintiffs have acted diligently and expeditiously.

## III.

## CONCLUSION

For the foregoing reasons, Plaintiffs NZK Productions Inc. and Horizon Alternative Television Inc. respectfully request that the Court grant its request to continue the hearing date on the motion to dismiss filed by Defendants Stephen Carbone and Reality Steve, LLC by 60 days.

DATED: March 26, 2012

KELLEY DRYE & WARREN LLP
Michael J. O'Connor
Andrew W. DeFrancis

By   /s/ Michael J. O'Connor
       Michael J. O'Connor
Attorneys for Plaintiffs NZK Productions Inc.
and Horizon Alternative Television Inc.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Boulevard, Twenty-Third Floor, Los Angeles, California 90067.

On March 26, 2012, I served a true copy of the foregoing document described as **NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION OF PLAINTIFFS TO CONTINUE HEARING DATE ON DEFENDANTS' MOTION TO DISMISS BY 60 DAYS TO PERMIT TIME TO COMPEL AND RECEIVE SUPPLEMENTAL RESPONSES TO JURISDICTIONAL DISCOVERY** on the interested parties in this action as follows:

| | |
|---|---|
| D. Bradley Kizzia, Esq.<br>Brown Fox Kizzia & Johnson PLLC<br>8226 Douglas Avenue, Suite 411<br>Dallas, TX 75225<br>Fax: 214-613-3330<br>brad@brownfoxlaw.com<br>*Attorneys for defendants Stephen Carbone and Reality Steve, LLC* | Gregg A. Farley, Esq.<br>Law Offices of Gregg A. Farley<br>11755 Wilshire Boulevard, Suite 1845<br>Los Angeles, CA 90025<br>Fax: 310-445-4109<br>gfarley@farleyfirm.com<br>*Attorneys for defendants Stephen Carbone and Reality Steve, LLC* |

☒ **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was (310) 712-6199. No error was reported by the fax machine that I used.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address adefrancis@kelleydrye.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 26, 2012, at Los Angeles, California.

/s/ Andrew W. DeFrancis
Andrew W. DeFrancis

299354.1.doc    6    CV11-10118 GHK (Ex)