Gregg A. Farley, SBN 115593
LAW OFFICES OF GREGG A. FARLEY
11755 Wilshire Blvd., Ste. 1845
Los Angeles, CA 90025
Telephone: (310) 445-4024
Facsimile: (310) 445-4109
gfarley@farleyfirm.com

D. Bradley Kizzia (Pro Hac Vice)
BROWN FOX KIZZIA & JOHNSON PLLC
8226 Douglas Avenue, Suite 411
Dallas, Texas 75225
Telephone: (469) 893-9940
Facsimile: (214) 613-3330
brad@brownfoxlaw.com

Attorneys for Defendants
STEPHEN CARBONE
and REALITY STEVE, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NZK PRODUCTIONS INC., a California corporation, and HORIZON ALTERNATIVE TELEVISION INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>STEPHEN CARBONE, an individual, and REALITY STEVE, LLC, a Texas limited liability corporation,<br><br>Defendants. | Case No.: CV11-10118-GHK (Ex)<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO CONTINUE HEARING DATE TO PERMIT TIME TO COMPEL SUPPLEMENTAL RESPONSES TO JURISDICTIONAL DISCOVERY<br><br>*[Declaration of D. Bradley Kizzia is filed concurrently herewith]* |

-1-

DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO CONTINUE
HEARING DATE TO PERMIT TIME TO COMPEL SUPPLEMENTAL JURISDICTIONAL DISCOVERY

Defendants Stephen Carbone ("Carbone") and Reality Steve, LLC ("Reality Steve") hereby submit their Opposition to Plaintiffs' *Ex Parte* Application to Continue Hearing Date on Defendants' Motion to Dismiss by 60 Days to Permit Time to Compel and Receive Supplemental Responses to Jurisdictional Discovery. *See* Docket Entry No. 28.

## I. BACKGROUND

Plaintiffs NZK Productions Inc. and Horizon Alternative Television Inc. (collectively, "Plaintiffs") have sued Defendants Stephen Carbone and Reality Steve, LLC (collectively, "Defendants") for alleged tortuous interference with contractual relations and unfair competition, stemming solely from the existence of a passive website owned and maintained by a Texas entity and limited email correspondence sent from Texas to persons residing outside of California. *See* Docket Entry No. 1. On January 20, 2012, Defendants filed their Motion to Dismiss for Lack of Personal Jurisdiction pursuant to FRCP 12(b)(2), and a hearing was scheduled thereon for March 12, 2012. *See* Docket Entry No. 12.

On January 25, 2012, Plaintiffs filed an *ex parte* application (1) to continue the hearing date on Defendants' Motion to Dismiss by 60 days to permit jurisdictional discovery; and (2) for an order permitted Plaintiffs to conduct such jurisdictional discovery. *See* Docket Entry No. 18. Specifically, Plaintiffs sought "targeted jurisdictional discovery" which included minimal written and oral

-2-

DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO CONTINUE
HEARING DATE TO PERMIT TIME TO COMPEL SUPPLEMENTAL JURISDICTIONAL DISCOVERY

discovery related to the exercise of jurisdiction over the Defendants. *Id.* at 8:10-15. Defendants did not file a response in opposition to Plaintiffs' Application, and the Court granted the Application for "jurisdictional discovery" on January 31, 2012. *See* Docket Entry No. 21. Plaintiffs thereafter served Plaintiff NZK Productions Inc.'s First Set of Special Interrogatories on each Defendant on or around February 7, 2012, and served Plaintiff NZK Productions Inc.'s First Set of Requests for Production of Documents on each Defendant on February 15, 2012. Defendants timely served their Responses to both sets of written discovery on March 9, 2012 and March 19, 2012, respectively.

Contrary to Plaintiffs' initial *Ex Parte* Application and the Court's Order thereon, Plaintiffs' interrogatories and requests for production were not limited to matters pertaining to personal jurisdiction over Defendants. *See* Declaration of D. Bradley Kizzia ("Kizzia Decl."), ¶ 2. Instead, Plaintiffs served interrogatories and requests for production that were overbroad, vague, ambiguous, and beyond the scope of personal jurisdiction discovery. *See id.* at ¶ 2. Despite Plaintiffs' failure to appropriately limit the scope of their jurisdictional discovery, Defendants responded to all discovery that was served to the best of their ability, based on the information that was available. *See id.* at ¶ 3.

Plaintiffs have now filed a second *Ex Parte* Application (the "Application") seeking additional time to compel further responses to the jurisdictional discovery,

alleging that Defendants' answers are inadequate. Plaintiffs, however, incorrectly believe that Defendants have additional evidence and information which simply does not exist. Additionally, Plaintiffs' statement that Defendants "have not indicated whether they will supplement their responses" is inaccurate. Docket Entry No. 28; *see also* Kizzia Decl.; ¶ 5. With regard to those responses to the jurisdictional discovery where Defendants are able to provide a supplemental response, counsel for Defendants has, in fact, agreed to provide such supplementation. *See* Kizzia Decl., Ex. A. Accordingly, Plaintiffs' Application should be denied.

## II. ARGUMENT AND AUTHORITIES

### A. This Court Should Deny Plaintiffs' Application Because the Responses Which Plaintiffs Seek to Compel Involve Information Beyond the Scope of Jurisdictional Discovery

The Court's Order granting jurisdictional discovery is limited to discovery with respect to whether this Court should exercise personal jurisdiction over Defendant Stephen Carbone and Defendant Reality Steve, LLC. *See* Docket Entry No. 21. Federal Rule of Civil Procedure 26(b)(1) limits permissible discovery to that which "is relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Therefore, the only discovery which should be relevant to Plaintiffs' Application concerns the connection, if any, between Defendants and the State of California. Nevertheless, the discovery requests to which Plaintiffs now seek to

compel responses involve subjects which go well beyond the connection between Defendants and the State of California. Instead, Plaintiffs' Application seeks supplemental responses to jurisdictional discovery which includes, but is not limited to, virtually all communications, contacts and agreements initiated, received, or entered into by either Defendant, regardless of whether the communication, contact, or agreement occurred or was related to the State of California. For the limited purposes of jurisdictional discovery, which pertains solely to the personal jurisdiction issue, Defendants' contacts, communications, and agreements beyond California are simply not relevant at this stage of the proceeding.

For example, with regard to the Special Interrogatories to Defendant Reality Steve, LLC, Special Interrogatory No. 7 requests that it "[s]tate all username accounts registered on www.realitysteve.com"; Special Interrogatory No. 9 requests that it "IDENTIFY all PERSONS who have a contractual relationship of any kind with www.realitysteve.com"; and Special Interrogatory No. 13 requests that it "[s]tate the monthly number of visitors to www.realitysteve.com between January 1, 2004, and the present." *See* Docket Entry No. 29, Ex. C. The interrogatories and requests for production that are not specifically cited herein are equally overbroad and objectionable for all of the reasons stated herein and in the responses to that discovery.

In light of overly broad nature of the discovery served, Defendants, where necessary, limited their responses to those facts which were relevant and within the scope of appropriate jurisdictional discovery. *See* Kizzia Decl. ¶ 4. It is inappropriate at this stage of the case for Plaintiffs to seek any more information than what is within the scope of jurisdictional discovery, and that is precisely what Plaintiffs are attempting to do through their *ex parte* application to compel supplemental responses. Accordingly, the Court should deny Plaintiffs' *Ex Parte* Application.

**B.   This Court Should Deny Plaintiffs' Application Because an Order Compelling Supplemental Responses to Plaintiffs' Discovery is Not Warranted**

Although Defendants would have been entirely within their right to object to Plaintiffs' so-called jurisdictional discovery and apply to this Court for relief therefrom, Defendants chose to confer with counsel for Plaintiffs and offer to supplement those discovery responses Defendants were able to supplement. Specifically, on or about March 19, 2012, counsel for Defendants informed counsel for Plaintiffs via email correspondence that Defendants plan to supplement their interrogatory responses. *See* Kizzia Decl., Ex. A. Rather than asking Defendants when such supplementation would occur, Plaintiffs chose instead to seek *ex parte* relief from the Court.

Furthermore, on or around March 21, 2012, Plaintiffs agreed to decrease the scope of the discovery at issue to only include relevant information from January 1, 2009 to the present, rather than January 1, 2004 to the present. *See* Kizzia Decl., ¶ 6. Plaintiffs also made additional inquiries as to specific information at that time. *See id.* Based on that those communications, Defendants began looking for additional information with which to supplement their prior responses and thereby provide Plaintiffs with the specific information requested. *See id.* Apparently unwilling to provide Defendants with enough time to locate the requested information, Plaintiffs chose instead to seek "emergency" relief from this Court.

Finally, Plaintiffs suggest that there was foot-dragging and a deliberate avoidance in Mr. Kizzia's response to Plaintiffs' counsel's attempted correspondence on March 26, 2012. *See* Declaration of Andrew W. DeFrancis, ¶ 2. However, Defendants' counsel left for vacation on March 24, 2012 and will remain out of the country until April 2, 2012. *See* Kizzia Decl., ¶ 7. The suggestion by Plaintiffs' counsel that Plaintiffs were somehow disadvantaged or unable to wait to file the *Ex Parte* Application until Defendants' counsel gave them a response upon his return is baseless. As set forth above, Plaintiffs are aware that Defendants are willing to supplement their responses and otherwise look for specifically requested information, thereby going above and beyond their duties under the Federal Rules

of Civil Procedure. Accordingly, Plaintiffs' Application for *ex parte* relief is baseless and unnecessary, and should be denied.

## III. CONCLUSION

Plaintiffs' attempt to shoehorn a party's general right to broad pretrial discovery into the limited jurisdictional discovery permitted in this case should be rejected. Despite the overbroad discovery requests, Defendants have responded to the best of their ability where appropriate. Moreover, Defendants have agreed to supplement certain responses where they are able. Rather than providing Defendants with sufficient time to complete an additional search for information and adequately supplement where needed, Plaintiffs rushed to the Court to seek unnecessary *ex parte* relief. Therefore, Defendants respectfully request that Plaintiffs' Application be denied.

DATED: March 27, 2012

                                 BROWN FOX KIZZIA & JOHNSON PLLC

                                 By:   */s D. Bradley Kizzia*
                                        D. Bradley Kizzia (Pro Hac Vice)
                                        Attorneys for Defendants Stephen Carbone
                                        and Reality Steve, LLC

DATED: March 27, 2012

                                 LAW OFFICES OF GREGG A. FARLEY

                                 By:   *[signature]*
                                        Gregg A. Farley
                                        Attorneys for Defendants Stephen Carbone
                                        and Reality Steve, LLC

-9-

DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO CONTINUE
HEARING DATE TO PERMIT TIME TO COMPEL SUPPLEMENTAL JURISDICTIONAL DISCOVERY

## PROOF OF SERVICE

**STATE OF TEXAS, COUNTY OF DALLAS**

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Dallas, State of Texas. My business address is 8226 Douglas Avenue, Suite 411, Dallas, Texas 75225

On March 27, 2012 I served a true copy of the foregoing document described as **DEFENDANT'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO CONTINUE HEARING DATE OF DEFENDANT'S MOTION TO DISMISS BY 60 DAYS TO PERMIT TIME TO COMPEL AND RECEIVE SUPPLEMENTAL RESPONSES TO JURISDICATIONAL DISCOVERY** on the interested parties in this action as follows:

Michael J. O'Conner, Esq
Andrew W. DeFrancis, Esq
KELLEY DRYE & WARREN LLP
10100 Santa Monica Boulevard, Twenty-Third Floor
Los Angeles, CA 90067-4008
Tel: (310)712-6100
Fax: (310) 712-6199
moconner@kelleydrye.com
adefrancis@kelleydrye.com
  *Attorneys for Plaintiff NZK Productions, Inc. a California Corporation and Horizon Alternative Television, Inc., a Delaware Corporation*

**BY ELECTRONIC FILING:** Said document was filed with the Central District of California using the Case Management and Electronic Case Filing software. The CM/ECF filing system caused an electronic notification to be sent to all counsel of record in this matter.

**FEDERAL:** I declared under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the State Bar of Texas and have been admitted to practice before this court *Pro Hac Vice.*

Executed on March 27, 2012.

                                        /s D. Bradley Kizzia
                                        D. Bradley Kizzia