KELLEY DRYE & WARREN LLP
  Michael J. O'Connor (STATE BAR NO. 90017)
  Andrew W. DeFrancis (STATE BAR NO. 246399)
10100 Santa Monica Boulevard, Twenty-Third Floor
Los Angeles, California 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
moconnor@kelleydrye.com
adefrancis@kelleydrye.com

Attorneys for Plaintiffs
NZK PRODUCTIONS INC. and
HORIZON ALTER. TELEVISION INC.

BROWN FOX KIZZIA & JOHNSON PLLC
  D. Bradley Kizzia
8226 Douglas Avenue, Suite 411
Dallas, Texas 75225
Telephone:  (469) 893-9940
Facsimile:  (214) 613-3330
brad@brownfoxlaw.com

Attorneys for Defendants STEPHEN
CARBONE and REALITY STEVE, LLC

*[Local Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NZK PRODUCTIONS INC., a California corporation, and HORIZON ALTERNATIVE TELEVISION INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN CARBONE, an individual, REALITY STEVE, LLC, a Texas limited liability corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV11-10118 GHK (Ex)<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 26-1

of the Local Rules of the United States District Court for the Central District of California and subject to Defendants Stephen Carbone and Reality Steve, LLC ("Defendants") Motion to Dismiss for Lack of Personal Jurisdiction and without waiving same, Plaintiffs NZK Productions Inc. and Horizon Alternative Television Inc. ("Plaintiffs") and Defendants (Plaintiffs and Defendants collectively shall be referred to as the "Parties") respectfully submit this Joint Scheduling Conference Report. This Joint Scheduling Conference Report was prepared following the conference between Andrew W. DeFrancis, on behalf of Plaintiffs, and D. Bradley Kizzia, on behalf of Defendants, on March 12, 2012.

A. **SUMMARY OF THE ACTION**

Plaintiffs, the producer and distributor of the television programs *The Bachelor*, *The Bachelorette*, and *the Bachelor Pad* (the "Bachelor Series"), initiated this action against Defendants, the individual and entity responsible for the website www.realitysteve.com, and they allege that Defendants attempted and did in fact induce former participants and/or crew members from the Bachelor Series to breach their contracts with Plaintiffs. Defendants deny these allegations.

B. **COMPLEXITY OF CASE [L.R. 26-1(a)]**

The Parties agree that if the Court were to deny Defendants' pending Motion to Dismiss for Lack of Personal Jurisdiction, the case is not complex and that the procedures set forth in the Manual on Complex Litigation need not be utilized.

C. **DISPOSITIVE MOTIONS [L.R. 26-1(b)]**

Plaintiffs and Defendants each intend to file a motion for summary judgment in this action. The Parties propose that all dispositive motions should be filed by January 2013.

///

///

///

D. **SETTLEMENT DISCUSSIONS AND SETTLEMENT SELECTION**

[L.R. 26-1(c) and 16-15.4)]

The parties have been engaged in on-going settlement discussions. Should the Parties be unable to settle, the Parties would be willing to participate in a non-judicial dispute resolution proceeding pursuant to Settlement Procedure No. 3 at Local Rule 16-15.4.

E. **TIME ESTIMATE FOR TRIAL [L.R. 26-1(d)]**

The Parties estimate that the time required to try this case by jury will be in the range of 5 to 7 days. The Parties propose that trial be set for March 2013.

F. **LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES [L.R. 26-1(e)]**

At this time, the Parties do not foresee joining any additional parties; however, the Parties reserve the right to join additional parties to this action as such additional parties are revealed through discovery.

G. **PROPOSED DISCOVERY PLAN**

1. **Initial Disclosures per Rule 26(a) [Rule 26(f)(3)(A)]**

The Parties disagree about the timing of initial disclosures pursuant to Federal Rule of Civil Procedure 26(a).

Defendants believe that discovery should be stayed pending the resolution of their motion to dismiss for lack of personal jurisdiction. That motion is currently scheduled to be heard on May 20, 2012.[1]

Plaintiffs do not believe that discovery should be so stayed. The Court has already granted Plaintiffs' *ex parte* application to conduct jurisdictional discovery (including conducting depositions and written discovery), which Plaintiffs have already initiated. In addition, the Federal Rules of Civil Procedure clearly allow for

---

[1] May 20, 2012, is a Sunday; accordingly, the Parties' anticipate that this date will be moved by the Court.

1. all discovery to begin immediately after the Parties' Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). Despite suggestions to the contrary, the timing of discovery is not tied to the state of the pleadings. Because the Parties now have conferred pursuant to Rule 26(f), discovery should be open. *Id.*

2. **Subjects, Status, and Cut-Off of Discovery [Rule 26(f)(3)(B)]**

The parties anticipate that there will be various issues for which discovery will be needed, including both procedural matters (*e.g.*, personal jurisdiction) and substantive matters. Defendants' believe that discovery should be stayed until the Court issues a ruling on their motion to dismiss for lack of personal jurisdiction. As set forth above, Plaintiffs disagree, and they believe that they are entitled to begin taking substantive discovery, as well.

The parties propose that discovery cut-off should be set in December 2012.

3. **Disclosure or Discovery of Electronically Stored Information [Rule 26(f)(3)(C)]**

The Parties agree to preserve all discoverable evidence, including electronically stored information. The Parties do not anticipate any issues with respect to the disclosure or discovery of electronically stored information at this time.

4. **Claims of Privilege or of Protection of Trial-Preparation Materials [Rule 26(f)(3)(D)]**

The parties do not anticipate any issues with respect to claims of privilege or of protection of trial-preparation materials at this time. However, Defendants intend to assert the reporter's privilege, which Plaintiffs do not believe applies here.

5. **Limitations on Discovery [Rule 26(f)(3)(E)]**

Defendants maintain that only discovery relevant to the pending Motion to Dismiss for Lack of Personal Jurisdiction should be permitted unless s or until that

///

Motion were to be denied. Plaintiffs disagree and believe that they should be

permitted to conduct substantive discovery, as well.

Otherwise, the Parties do not believe that there need to be any limitations placed on discovery beyond the Federal Rules of Civil Procedure or the applicable Local Rules.

### 6. Expert Disclosures [L.R. 26-1 (f)]

The Parties propose that expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure shall be completed by October 2012.

### 7. Any Other Orders that the Court Should Issue [Rule 26(f)(3)(F)]

The Parties have not identified any other orders the court should order under Rule 26(c) or Rule 16(b) or (c) at this time.

DATED: March 27, 2012

KELLEY DRYE & WARREN LLP
Michael J. O'Connor
Andrew W. DeFrancis

By _____
Andrew W. DeFrancis
Attorneys for Plaintiffs NZK Productions Inc. and Horizon Alternative Television Inc.

DATED: March 27, 2012

BROWN FOX KIZZIA & JOHNSON PLLC
D. Bradley Kizzia

By _____
D. Bradley Kizzia
Attorneys for Defendants Stephen Carbone and Reality Steve, LLC

DATED: March 27, 2012

LAW OFFICES OF GREGG A. FARLEY
Gregg A. Farley

By _____
Gregg A. Farley
Attorneys for Defendants Stephen Carbone and Reality Steve, LLC

1  permitted to conduct substantive discovery, as well.

2      Otherwise, the Parties do not believe that there need to be any limitations
3  placed on discovery beyond the Federal Rules of Civil Procedure or the applicable
4  Local Rules.

5  **6.     Expert Disclosures [L.R. 26-1 (f)]**

6      The Parties propose that expert disclosures pursuant to Rule 26(a)(2) of the
7  Federal Rules of Civil Procedure shall be completed by October 2012.

8  **7.     Any Other Orders that the Court Should Issue [Rule 26(f)(3)(F)]**

9      The Parties have not identified any other orders the court should order under
10 Rule 26(c) or Rule 16(b) or (c) at this time.

11 DATED: March 28, 2012

KELLEY DRYE & WARREN LLP
Michael J. O'Connor
Andrew W. DeFrancis

By _____
    Andrew W. DeFrancis
Attorneys for Plaintiffs NZK Productions Inc.
and Horizon Alternative Television Inc.

DATED: March 28, 2012

BROWN FOX KIZZIA & JOHNSON PLLC
D. Bradley Kizzia

By _____
    D. Bradley Kizzia
Attorneys for Defendants Stephen Carbone
and Reality Steve, LLC

DATED: March 28, 2012

LAW OFFICES OF GREGG A. FARLEY
Gregg A. Farley

By _____/s/ Gregg A. Farley_____
    Gregg A. Farley
Attorneys for Defendants Stephen Carbone
and Reality Steve, LLC