KELLEY DRYE & WARREN LLP
  Michael J. O'Connor (STATE BAR NO. 90017)
  Andrew W. DeFrancis (STATE BAR NO. 246399)
10100 Santa Monica Boulevard, Twenty-Third Floor
Los Angeles, California 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
moconnor@kelleydrye.com
adefrancis@kelleydrye.com

Attorneys for Plaintiffs
NZK PRODUCTIONS INC. and
HORIZON ALTER. TELEVISION INC.

BROWN FOX KIZZIA & JOHNSON PLLC
  D. Bradley Kizzia
8226 Douglas Avenue, Suite 411
Dallas, Texas 75225
Telephone:  (469) 893-9940
Facsimile:   (214) 613-3330
brad@brownfoxlaw.com

Attorneys for Defendants STEPHEN
CARBONE and REALITY STEVE, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NZK PRODUCTIONS INC., a California corporation, and HORIZON ALTERNATIVE TELEVISION INC., a Delaware corporation,<br><br>          Plaintiffs,<br><br>     v.<br><br>STEPHEN CARBONE, an individual, REALITY STEVE, LLC, a Texas limited liability corporation, and DOES 1 through 10, inclusive,<br><br>          Defendants. | CASE NO. CV11-10118 GHK (Ex)<br><br>**JOINT STIPULATION  RE: PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO FIRST SETS OF SPECIAL INTERROGATORIES**<br><br>*[Notice of Motion and Motion, [Proposed] Order, & Decl. of Andrew W. DeFrancis filed concurrently herewith]*<br><br>**DISCOVERY MATTER**<br><br>Fed. R. Civ. P. 37; L.R. 37-1, *et seq.*<br><br>Hon. Charles F. Eick<br>(U.S. Magistrate Judge)<br><br>Date:    May 18, 2012<br>Time:    9:30 a.m.<br>Place:   Courtroom 20<br><br>[No discovery cut-off, pretrial conference, or trial dates set] |

# **TABLE OF CONTENTS**

**Page**

I.    PLAINTIFFS' INTRODUCTORY STATEMENT ........................................ 1

II.   DEFENDANTS' INTRODUCTORY STATEMENT ................................... 4

III.  THE DISPUTED SPECIAL INTERROGATORIES AND THE
      PARTIES' CONTENTIONS AND POINTS AND AUTHORITIES ............. 6

      A.   Defendant Stephen Carbone's Responses To NZK Productions
           Inc.'s First Set Of Special Interrogatories ............................................. 6

           1.   SPECIAL INTERROGATORY NOS. 1-8, 12, & 13 ................. 6

                (a)   Plaintiffs' Contentions Re: Special Interrogatory
                      Nos. 1-8, 12, & 13 ...................................................... 15

                      (i)    Communications With California May
                             Subject A Defendant To Personal Jurisdiction
                             Here ................................................................. 17

                      (ii)   Carbone May Not Unilaterally Limit His
                             Responses To These Special Interrogatories
                             To "Non-Public" Information About The
                             Bachelor Series ............................................... 17

                      (iii)  Defendants' Argument That Carbone Did Not
                             "Direct" Any Communications Toward
                             California Is Flawed ........................................ 18

                      (iv)   The Reporter's Privilege Does Not Apply
                             Here ................................................................. 19

                (b)   Defendants' Contentions Re: Special Interrogatory
                      Nos. 1-8, 12, & 13 ...................................................... 21

                (i)   Plaintiffs' Purported Jurisdictional Discovery is Grossly
                      Overbroad ...................................................................... 21

           2.   SPECIAL INTERROGATORY NO. 18 ................................... 26

                (a)   Plaintiffs' Contentions Re: Special Interrogatory
                      No. 18 .......................................................................... 27

                (b)   Defendants' Contentions Re: Special Interrogatory
                      No. 18 .......................................................................... 29

      B.   Defendant Reality Steve, LLC's Responses To NZK Productions
           Inc.'s First Set Of Special Interrogatories ........................................ 30

1.    SPECIAL INTERROGATORY NO. 5 ........................................ 30

     (a)    Plaintiffs' Contentions Re: Special Interrogatory No. 5........................................................................... 31

     (b)    Defendants' Contentions Re: Special Interrogatory No. 5........................................................................... 32

2.    SPECIAL INTERROGATORY NO. 6 ........................................ 33

     (a)    Plaintiffs' Contentions Re: Special Interrogatory No. 6........................................................................... 33

     (b)    Defendants' Contentions Re: Special Interrogatory No. 6........................................................................... 34

3.    SPECIAL INTERROGATORY NOS. 14 & 15 .......................... 35

     (a)    Plaintiffs' Contentions Re: Special Interrogatory Nos. 14 & 15 ...................................................... 35

     (b)    Defendants' Contentions Re: Special Interrogatory Nos. 14 & 15 ...................................................... 37

4.    SPECIAL INTERROGATORY NOS. 21 & 22 .......................... 37

     (a)    Plaintiffs' Contentions Re: Special Interrogatory Nos. 21 & 22 ...................................................... 39

     (b)    Defendants' Contentions Re: Special Interrogatory Nos. 21 & 22 ...................................................... 39

1    Pursuant to Local Rule 37-2, Plaintiffs NZK Productions Inc. and Horizon

2 Alternative Television Inc. (collectively, "Plaintiffs") and Defendants Stephen

3 Carbone ("Carbone") and Reality Steve, LLC (collectively, "Defendants"), by and

4 through their respective counsel, hereby submit this Joint Stipulation regarding

5 Plaintiffs' motion to compel supplemental responses to the First Sets of Special

6 Interrogatories on Carbone and Reality Steve, LLC.

7                                         **I.**

8                    **PLAINTIFFS' INTRODUCTORY STATEMENT**

9    The responses that Plaintiffs seek are highly relevant to Defendants' motion

10 to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal

11 jurisdiction – which is currently set to be heard on July 23, 2012 – and Defendants'

12 objections afford them no grounds upon which to avoid providing full and complete

13 responses.  Plaintiffs filed the Complaint in this action on December 6, 2011.

14 Declaration of Andrew W. DeFrancis in Support of Plaintiffs in Joint Stipulation

15 ("DeFrancis Decl."), Ex. A.  It alleges that Carbone and Reality Steve, LLC, who

16 operate the for-profit website realitysteve.com, intentionally interfered with

17 contracts between Plaintiffs and participants and/or crew members of "The

18 Bachelor" television series.  *Id.* at ¶¶ 11-14.

19    On January 20, 2012, Defendants filed a motion to dismiss for lack of

20 personal jurisdiction, arguing that they have no ties to the state of California.  When

21 a party challenges personal jurisdiction, courts have the discretion to authorize

22 jurisdictional discovery upon a "colorable showing" that personal jurisdiction exists.

23 *See Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007).  Accordingly,

24 Plaintiffs applied *ex parte* for an order permitting jurisdictional discovery and the

25 Court, finding Plaintiffs made such a "colorable showing" that personal jurisdiction

26 exists, granted Plaintiffs' *ex parte* application on January 31, 2012.  DeFrancis

27 Decl., Ex. B.  The Court also continued the hearing on Defendants' motion to

28 dismiss from March 12, 2012 to May 20, 2012.  *Id.*

1   Plaintiffs immediately began propounding discovery so that they would
2   receive Defendants' responses well in advance of Plaintiffs' deadline to oppose the
3   motion to dismiss.  On February 7, 2012, Plaintiffs served First Sets of Special
4   Interrogatories on Defendants. *Id.*., Exs. C and D.

5   On March 12, 2012, Plaintiffs received the Defendants' responses to the First
6   Sets of Special Interrogatories. *Id.*, Exs. E and F.  It quickly became apparent that
7   Defendants' responses were inadequate in a number of respects, including that
8   Defendants imposed artificial and unfounded limitations to many of their responses
9   and provided vague or otherwise incomplete responses to other interrogatories. *See*
10  *id.*, Ex. G.  For example, Special Interrogatory No. 15 to Carbone requested that he
11  "identify all communications that [he] initiated with any person who is or was a
12  resident of California concerning www.realitysteve.com." *Id.*, Ex. C at p. 3.  Not
13  only did Carbone place an extremely narrow time limitation on his response, but he
14  also (a) claimed that he "d[id] not believe" that he made or received any
15  communications, prohibiting Plaintiffs from investigating whether Carbone *actually*
16  did so and (b) limited his response to "non-public information concerning the
17  Bachelor series," despite the fact that any communications concerning the Bachelor
18  series (*i.e.*, the primary topic discussed on www.realitysteve.com) could impact
19  personal jurisdiction. *See id.*, Ex. E at p. 14.  Thus, on March 15, 2012, counsel for
20  Plaintiffs sent counsel for Defendants a letter detailing the deficient responses and
21  requested a conference to discuss the responses. *Id.*, Ex. G.

22  Counsel for Plaintiffs and Defendants conferred about the First Sets of
23  Special Interrogatories the following week, on March 21, 2012. *Id.* at ¶ 9.  During
24  the telephone call, counsel for Defendants indicated that Defendants would
25  supplement some of their responses, but he did not indicate which. *Id.*  With
26  Defendants' noticed depositions fast approaching – just two weeks from that date –
27  Plaintiffs immediately began preparing a motion to compel, given that they wanted
28  full and complete discovery responses before those depositions.  However, Local

300280.3.doc                                     2                    CV11-10118 GHK (Ex)

1  Rule 37 mandates that all discovery disputes shall be resolved by joint stipulations,

2  and it further mandates at least 28 days' notice before such a dispute could be heard

3  by the magistrate judge.  Accordingly, on March 26, 2012, Plaintiffs again applied

4  to the Court *ex parte*, requesting that the Court continue the hearing on Defendants'

5  motion to dismiss by 60 days so that they may move to compel (and receive)

6  supplemental responses to the discovery.

7        Unlike Plaintiffs' prior *ex parte* application – which went unopposed –

8  Defendants opposed this application, arguing that Plaintiffs' Special Interrogatories

9  (and Requests for Production) were inappropriate.  However, the Court found

10 Plaintiffs' showed good cause and granted the application on March 30, 2012,

11 continuing the hearing on Defendants' motion to July 23, 2012.  *Id.*, Ex. H.  The

12 next day, counsel for Plaintiffs and counsel for Defendants agreed to take the

13 upcoming April 4, 2012 depositions of Carbone and Reality Steve, LLC off calendar

14 so Plaintiffs could pursue the indicated motions to compel.

15       Shortly thereafter, Defendants provided supplemental responses to the First

16 Sets of Special Interrogatories (*id.*, Exs. I and J); however, Defendants only

17 supplemented 17 of the 25 contested Special Interrogatories, and several of the

18 responses remain inadequate.  *Compare id.*, Ex. G *with id.*, Exs. I and J.

19       Plaintiffs anticipate that Defendants will refuse to provide supplemental

20 responses to a number of the interrogatories on the grounds of the reporter's

21 privilege.  However, as will be detailed in Plaintiffs' contentions regarding specific

22 Special Interrogatories, Carbone is a party to this action and his communications

23 with California residents will go "to the heart of the plaintiffs' claim," rendering the

24 privilege inapplicable here.  *Mitchell v. Superior Court*, 27 Cal. 3d 268, 279-83

25 (1984).

26       Plaintiffs respectfully request that the Court grant their motion to compel and

27 (1) order Carbone to provide supplemental responses to Special Interrogatory Nos.

28 1-8, 12, 13, and 18 and (2) order Reality Steve, LLC to provide supplemental

1   responses to Special Interrogatory Nos. 5, 6, 14, 15, 21, and 22.  These Special

2   Interrogatories are critical to Plaintiffs to contest Defendants' motion to dismiss, and

3   Plaintiffs are entitled to full and complete responses thereto.

## II.

## DEFENDANTS' INTRODUCTORY STATEMENT

6        Plaintiffs' Special Interrogatories and now Plaintiffs' Motion to Compel seek

7   vast amounts of information irrelevant to Defendants' pending Motion to Dismiss

8   for Lack of Personal Jurisdiction. Plaintiffs are not entitled to this information, and

9   their Motion should be denied.

10       On January 20, 2012, Defendants filed a Motion to Dismiss for Lack of

11  Personal Jurisdiction based on Defendants' lack of sufficient minimum contacts

12  with California and this Court's lack of jurisdiction over them. In response,

13  Plaintiffs requested that the Court defer a ruling on Defendants' Motion and permit

14  Plaintiffs to conduct jurisdictional discovery specifically limited to the issue of

15  whether the Court may properly exercise personal jurisdiction over each Defendant.

16  Defendants did not oppose Plaintiff's request.

17       Exercising its discretion, this Court issued an Order on January 31, 2012

18  permitting Plaintiffs to conduct some limited discovery before responding to

19  Defendants' Motion to Dismiss. The scope of that discovery was to be narrowly

20  targeted to obtaining the facts that enable the Court to address the issues raised in

21  Defendants' Motion. Unfortunately, Plaintiffs essentially disregarded such Order by

22  serving written discovery which seeks information far beyond Defendants' contacts

23  with California. Although Plaintiffs claim to have a broad right to discovery

24  regarding Defendants' contacts with California, the discovery they actually served

25  far exceeds that scope. For example, under the guise that they are seeking broad

26  jurisdictional discovery, Plaintiffs are impermissibly conducting merits discovery

27  concerning the identity of Defendants' confidential sources.  Plaintiffs' limited

28  jurisdictional discovery may not be used as an excuse to conduct a fishing

1   expedition that bears no relation to the Court's decision on Defendants' Motion to

2   dismiss.

3       As demonstrated below, Plaintiffs propounded discovery to the Defendants

4   requesting information not relevant at all to the Court's decision on Defendants'

5   Motion to Dismiss. Throughout this Stipulation, Plaintiffs make and rely upon

6   sweeping statements that they are entitled to discovery, and rest on general

7   assertions that the Federal Rules permit broad discovery into every aspect of an

8   opposing party's case. Such statements about general merits discovery have no

9   bearing on the discovery at issue here, which the Court has ordered must be

10  narrowly limited to ascertaining the facts necessary for the Court to decide

11  Defendants' pending Motion to Dismiss. Contrary to Plaintiffs' repeated assertions,

12  it is not currently the task of the Court to evaluate the merits of Plaintiffs' claims

13  and assertions. Indeed, this case is not currently about the legitimacy of Plaintiffs'

14  liability allegations – it is about whether Plaintiffs have shown that Defendants have

15  minimum contacts with the State of California such that the exercise of jurisdiction

16  over them will not offend traditional notions of fair play and substantial justice.

17      Furthermore, many of Plaintiffs' discovery requests are facially overbroad

18  and improper. By way of example, Plaintiffs cite Special Interrogatory No. 15 to

19  Carbone, which requested Carbone to identify "all communications" with residents

20  of California with no reasonable limitations on the type of communication, subject

21  matter, or time frame. (*See* Plaintiffs' Introductory Statement at p. 2, ¶ 2 above.)

22  Plaintiffs do not even limit the request to business communications. It is patently

23  unreasonable for anyone to be required to recall and identify "all communications"

24  of any kind about anything with anyone from any particular state, even California.

25  This is particularly true in today's broadly communicative and connected society.

26  Therefore, it is not surprising that Plaintiffs have not actually requested this Court to

27  compel Defendant Carbone to further supplement his response to Special

28  Interrogatory No. 15. (*See* Section III(A)(1) below.)

1    Relying on general assertions of alleged entitlement, Plaintiffs fail to

2  demonstrate how the additional information they seek is in any way related to

3  enabling the parties and the Court to assess Defendants' pending Motion to Dismiss.

4  Accordingly, this Court should deny Plaintiffs' Motion to Compel further responses

5  and order Plaintiffs to respond to Defendants' Motion to Dismiss.

6                              **III.**

7        **THE DISPUTED SPECIAL INTERROGATORIES AND**

8    **THE PARTIES' CONTENTIONS AND POINTS AND AUTHORITIES**

9  **A.    Defendant Stephen Carbone's Responses To NZK Productions Inc.'s**

10       **First Set Of Special Interrogatories**

11       **1.    SPECIAL INTERROGATORY NOS. 1-8, 12, & 13**

12              **Special Interrogatory No. 1**

13                     IDENTIFY all PERSONS who contacted YOU at

14              steve@realitysteve.com concerning THE BACHELOR SERIES

15              between January 1, 2004, and the present.

16              **Response to Special Interrogatory No. 1**

17                     Defendant objects to this Special Interrogatory because it is

18              overbroad, unduly burdensome, and not reasonably limited in scope to

19              information that is relevant to Defendant's objection to jurisdiction in

20              California. Defendant further objects because as stated, the

21              interrogatory seeks irrelevant information not reasonably calculated to

22              lead to admissible evidence and information that is proprietary and

23              subject to the journalistic privilege. Subject to these objections and

24              without waiving same, I do not recall any names, dates or details of

25              possible communications with California residents years go, but I do

26              not believe I have made or received any communications with residents

27              of California about nonpublic information concerning the Bachelor

28              series since January 1, 2011. However, on or about October 24, 2011,

November 16, 2011 and November 18, 2011, Defendant sent three electronic communications to the following persons who do NOT live in California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer. However, no responsive information was received.

**Supplemental Response to Supplemental Interrogatory No. 1**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, and in addition to the information previously provided: I do not recall any names, dates or details of possible communications with California residents years ago, but I do not believe I have made or received any communications with residents of California under contract of confidentiality with Plaintiff about non-public information concerning the Bachelor series since January 1, 2009.

**Special Interrogatory No. 2**

State the date(s) that each PERSON identified in response to Special Interrogatory No. 1 contacted YOU.

**Response to Special Interrogatory No. 2**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the

1    interrogatory seeks irrelevant information not reasonably calculated to

2    lead to admissible evidence and information that is proprietary and

3    subject to the journalistic privilege. Subject to these objections and

4    without waiving same, on or about October 24, 2011, November 16,

5    2011 and November 18, 2011, Defendant sent three electronic

6    communications to the following persons who do NOT live in

7    California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer.

8    However, no responsive information was received.

9

10   **Special Interrogatory No. 3**

11        IDENTIFY all PERSONS who YOU contacted from

12   steve@realitysteve.com concerning THE BACHELOR SERIES

13   between January 1, 2004, and the present.

14   **Response to Special Interrogatory No. 3**

15        Defendant objects to this Special Interrogatory because it is

16   overbroad, unduly burdensome, and not reasonably limited in scope to

17   information that is relevant to Defendant's objection to jurisdiction in

18   California. Defendant further objects because as stated, the

19   interrogatory seeks irrelevant information not reasonably calculated to

20   lead to admissible evidence and information that is proprietary and

21   subject to the journalistic privilege. Subject to these objections and

22   without waiving same, I do not recall any names, dates or details of

23   possible communications with California residents years go, but I do

24   not believe I have made or received any communications with residents

25   of California about nonpublic information concerning the Bachelor

26   series since January 1, 2011. However, on or about October 24, 2011,

27   November 16, 2011 and November 18, 2011, Defendant sent three

28   electronic communications to the following persons who do NOT live

in California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer. However, no responsive information was received.

**Supplemental Response to Supplemental Interrogatory No. 3**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, and in addition to the information previously provided: I do not recall any names, dates or details of possible communications with California residents years ago, but I do not believe I have made or received any communications with residents of California under contract of confidentiality with Plaintiff about non-public information concerning the Bachelor series since January 1, 2009.

**Special Interrogatory No. 4**

State the date(s) that YOU contacted each PERSON identified in response to Special Interrogatory No. 3.

**Response to Special Interrogatory No. 4**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to

1   lead to admissible evidence and information that is proprietary and

2   subject to the journalistic privilege. Subject to these objections and

3   without waiving same, on or about October 24, 2011, November 16,

4   2011 and November 18, 2011, Defendant sent three electronic

5   communications to the following persons who do NOT live in

6   California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer.

7   However, no responsive information was received.

8

9   **Special Interrogatory No. 5**

10        IDENTIFY all PERSONS who contacted YOU at

11   twitter.com/realitysteve concerning THE BACHELOR SERIES

12   between January 1, 2004, and the present.

13   **Response to Special Interrogatory No. 5**

14        Defendant objects to this Special Interrogatory because it is

15   overbroad, unduly burdensome, and not reasonably limited in scope to

16   information that is relevant to Defendant's objection to jurisdiction in

17   California. Defendant further objects because as stated, the

18   interrogatory seeks irrelevant information not reasonably calculated to

19   lead to admissible evidence and information that is proprietary and

20   subject to the journalistic privilege. Subject to these objections and

21   without waiving same, I do not recall any names, dates or details of

22   possible communications with California residents years go, but I do

23   not believe I have made or received any communications with residents

24   of California about nonpublic information concerning the Bachelor

25   series since January 1, 2011. However, on or about October 24, 2011,

26   November 16, 2011 and November 18, 2011, Defendant sent three

27   electronic communications to the following persons who do NOT live

28

1    in California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer.

2    However, no responsive information was received.

3    **Supplemental Response to Supplemental Interrogatory No. 5**

4    Defendant objects to this Special Interrogatory because it is

5    overbroad, unduly burdensome, and not reasonably limited in scope to

6    information that is relevant to Defendant's objection to jurisdiction in

7    California. Defendant further objects because as stated, the

8    interrogatory seeks irrelevant information not reasonably calculated to

9    lead to admissible evidence and information that is proprietary and

10   subject to the journalistic privilege. Subject to these objections and

11   without waiving same, and in addition to the information previously

12   provided: I do not recall any names, dates or details of possible

13   communications with California residents years ago, but I do not

14   believe I have made or received any twitter communications with

15   residents of California about non-public information concerning the

16   Bachelor series since January 1, 2009.

17

18   **Special Interrogatory No. 6**

19   State the date(s) that each PERSON identified in response to

20   Special Interrogatory No. 5 contacted YOU.

21   **Response to Special Interrogatory No. 6**

22   Defendant objects to this Special Interrogatory because it is

23   overbroad, unduly burdensome, and not reasonably limited in scope to

24   information that is relevant to Defendant's objection to jurisdiction in

25   California. Defendant further objects because as stated, the

26   interrogatory seeks irrelevant information not reasonably calculated to

27   lead to admissible evidence and information that is proprietary and

28   subject to the journalistic privilege. Subject to these objections and

300280.3.doc

1   without waiving same, on or about October 24, 2011, November 16,
2   2011 and November 18, 2011, Defendant sent three electronic
3   communications to the following persons who do NOT live in
4   California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer.
5   However, no responsive information was received.

6

7   **Special Interrogatory No. 7**
8       IDENTIFY all PERSONS who YOU contacted from
9   twitter.com/realitysteve concerning THE BACHELOR SERIES
10  between January 1, 2004, and the present.
11  **Response to Special Interrogatory No. 7**
12      Defendant objects to this Special Interrogatory because it is
13  overbroad, unduly burdensome, and not reasonably limited in scope to
14  information that is relevant to Defendant's objection to jurisdiction in
15  California. Defendant further objects because as stated, the
16  interrogatory seeks irrelevant information not reasonably calculated to
17  lead to admissible evidence and information that is proprietary and
18  subject to the journalistic privilege. Subject to these objections and
19  without waiving same, I do not recall any names, dates or details of
20  possible communications with California residents years go, but I do
21  not believe I have made or received any communications with residents
22  of California about non-public information concerning the Bachelor
23  series since January 1, 2011. However, on or about October 24, 2011,
24  November 16, 2011 and November 18, 2011, Defendant sent three
25  electronic communications to the following persons who do NOT live
26  in California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer.
27  However, no responsive information was received.
28  / / /

300280.3.doc

12                                          CV11-10118 GHK (Ex)

**Supplemental Response to Supplemental Interrogatory No. 7**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, and in addition to the information previously provided: I do not recall any names, dates or details of possible communications with California residents years ago, but I do not believe I have made or received any twitter communications with residents of California about non-public information concerning the Bachelor series since January 1, 2009.

**Special Interrogatory No. 8**

State the date(s) that YOU contacted each PERSON identified in response to Special Interrogatory No. 7.

**Response to Special Interrogatory No. 8**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, on or about October 24, 2011, November 16, 2011 and November 18, 2011, Defendant sent three electronic

JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL
SUPPLEMENTAL RESPONSES TO FIRST SETS SPECIAL INTERROGATORIES

communications to the following persons who do NOT live in California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer. However, no responsive information was received.

**Special Interrogatory No. 12**

IDENTIFY each PERSON from whom YOU received any information concerning THE BACHELOR SERIES between January 1, 2004, and the present.

**Response to Special Interrogatory No. 12**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, I do not recall any names, dates or details of possible communications with California residents years go, but I do not believe I have made or received any communications with residents of California about nonpublic information concerning the Bachelor series since January 1, 2011.

**Supplemental Response to Supplemental Interrogatory No. 12**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to

1  lead to admissible evidence and information that is proprietary and
2  subject to the journalistic privilege. Subject to these objections and
3  without waiving same, and in addition to the information previously
4  provided: I do not recall any names, dates or details of possible
5  communications with California residents years ago, but I do not
6  believe I have made or received any communications with residents of
7  California under contract of confidentiality with Plaintiff about non-
8  public information concerning the Bachelor series since January 1,
9  2009.

10

11  **Special Interrogatory No. 13**

12     For each of the PERSONS identified in response to Special
13  Interrogatory No. 12, state the date(s) each PERSON provided YOU
14  with information about THE BACHELOR SERIES.

15  **Response to Special Interrogatory No. 13**

16     Defendant objects to this Special Interrogatory because it is
17  overbroad, unduly burdensome, and not reasonably limited in scope to
18  information that is relevant to Defendant's objection to jurisdiction in
19  California. Defendant further objects because as stated, the
20  interrogatory seeks irrelevant information not reasonably calculated to
21  lead to admissible evidence and information that is proprietary and
22  subject to the journalistic privilege. Subject to these objections and
23  without waiving same, see Answer to Special Interrogatory No. 12.

24

25  (a)   **Plaintiffs' Contentions Re: Special Interrogatory Nos. 1-8,**
26        **12, & 13**

27  Each of the above Special Interrogatories requests information about
28  Defendant Carbone's communications concerning the Bachelor television series and

300280.3.doc                              15                      CV11-10118 GHK (Ex)

1   its spin-offs, the Bachelorette and Bachelor Pad (the "Bachelor Series"). As detailed

2   above and in the Complaint, Defendants Carbone and Reality Steve, LLC operate

3   the for-profit website www.realitysteve.com, which carries the tagline, "my slanted,

4   sophomoric, and skewed view on the world of reality television." Over the past

5   several years, www.realitysteve.com's primary attraction to visitors has been its

6   "spoilers" of the Bachelor Series – *i.e.*, revealing the participants in the Bachelor

7   Series and the final results for the programs before those participants or the results

8   of the programs are broadcast. Defendants allegedly obtain spoilers from various

9   individuals who contact Carbone or from individuals whom Carbone contacts.

10   Among the individuals Carbone contacted last fall were participants in the most

11   recent season of the Bachelor, who had signed nondisclosure agreements with

12   Plaintiffs concerning their participation in the program. *E.g.*, DeFrancis Decl., Ex.

13   A at ¶¶ 15-18. Carbone promised them "the easiest money [they]'d ever make" in

14   exchange for non-public information (and in exchange for those participants

15   breaching their nondisclosure agreements with Plaintiffs), assuring them that while

16   he was "very well aware of [their] contract[s]," the liquidated damages provision

17   contained therein was "just a scare tactic" and that Carbone was really "[t]here to

18   help [them]." *See id.*

19         Carbone clearly employs email, Facebook, Twitter, and other

20   communications to obtain information for www.realitysteve.com. Accordingly,

21   when facing Defendants' motion to dismiss, Plaintiffs directed several

22   interrogatories to discover whether Carbone had obtained this information from

23   individuals located in California. However, as demonstrated above, Carbone

24   refused to provide any response other than repeatedly claiming that he "d[oes] not

25   believe that [he] ha[s] made or received any communications with residents of

26   California about non-public information concerning the Bachelor series since

27   January 1, 2009." These responses are inadequate.

28   / / /

         **(i)**     **Communications With California May Subject A**
                  **Defendant To Personal Jurisdiction Here**

For purposes of personal jurisdiction, a nonresident defendant need not have been physically present in the forum state, so long as he otherwise made sufficient contacts in that state, such as by mail, telephone, or electronic communication. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) ("[I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted.").  While evidence of communications with California residents may be insufficient by itself to subject a defendant to personal jurisdiction in California, when evidence of such communications is combined with other evidence – *e.g.*, evidence that Carbone was raised and spent most of his life in California, that www.realitysteve.com was founded in and initially run from California, that www.realitysteve.com was hosted by a California-based company and registered to a California address until just a few months ago, that Defendants employ a California resident as their webmaster, that Defendants are paid advertising revenue from California companies based on ads that target California residents (among others), that Carbone frequently visits California and updates www.realitysteve.com from the state, that Defendants advertise California events and give away tickets to those events, that Defendants are currently soliciting (and receiving) donations from California residents, etc. – those communications are certainly another piece of evidence that would tend to show Carbone's activities subject him to personal jurisdiction in California.

         **(ii)**    **Carbone May Not Unilaterally Limit His Responses To**
                  **These Special Interrogatories To "Non-Public"**
                  **Information About The Bachelor Series**

For each of the Special Interrogatories listed above, Carbone his limited his responses to communications about "non-public" information concerning the

1 | Bachelor Series. This limitation is unacceptable. *Any* communications with
2 | California about the Bachelor Series could subject Carbone to jurisdiction here. For
3 | example, if Carbone repeatedly communicates with California residents about
4 | advertising on www.realitysteve.com or about public information concerning the
5 | Bachelor Series that drives traffic to www.realitysteve.com, those communications
6 | would certainly support Plaintiffs' argument that Carbone was properly sued in
7 | California.

8 |       **(iii)**    **Defendants' Argument That Carbone Did Not "Direct"**
9 |             **Any Communications Toward California Is Flawed**

10 |     Plaintiffs expect that Defendants will argue that Carbone's responses are
11 | sufficient and that he need not provide a list of all the individuals with whom he
12 | spoke about the Bachelor Series, given that even if the individuals are California
13 | residents, he did not *know* that they were California residents and therefore did not
14 | direct his activities at California when communicating with them. This argument is
15 | a mere red herring.

16 |     First, Carbone does not represent that he was communicating with only two
17 | types of individuals: (1) individuals that he affirmatively knew were *not* California
18 | residents and (2) individuals for whom he had no knowledge about where they were
19 | residents. Rather, Carbone's responses are that he "do[es] not recall any names,
20 | dates or details of possible communications with California residents years ago, but
21 | [he] *do[es] not believe* that [he] ha[s] made or received any communications with
22 | residents of California . . . ." In other words, there could be a third category of
23 | individuals with whom Carbone communicated about the Bachelor series, and that
24 | is: (3) individuals Carbone knew lived in California when he communicated with
25 | them but (a) no longer recalls communicating with or (b) no longer recalls that they
26 | live in California. Defendants cannot expect Plaintiffs to accept Carbone's
27 | unsupported statement that he does not "believe" he communicated with any
28 | California residents – especially after Carbone indicates that he does not recall any

1 | names of possible communications with California residents years ago. Plaintiffs
2 | are entitled to test Defendants statements (and his memory).

3 | Second, even if Carbone was unaware of where the individuals with whom he
4 | communicated resided, those communications could still subject him to personal
5 | jurisdiction in California. Carbone – who was "very well aware" of the Bachelor'
6 | Series' participants nondisclosure agreements – was for that reason certainly aware
7 | that Plaintiffs are located in California and that those nondisclosure agreements
8 | were governed by California law. Accordingly, Carbone was also aware that the
9 | harm stemming from his attempts interfere with those contracts would be felt in
10 | California, which fact is sufficient to demonstrate personal jurisdiction. *See, e.g.,*
11 | *Brainerd v. Governors of the Univ. of Alberta,* 873 F.2d 1257, 1259 (9th Cir.
12 | 1989) (holding that there was personal jurisdiction over a defendant who "knew the
13 | injury and harm stemming from his communications would occur in Arizona, where
14 | [plaintiff] planned to live and work").

15 | **(iv)** **The Reporter's Privilege Does Not Apply Here**

16 | Finally, for each of these Special Interrogatories, Carbone objected that the
17 | information sought by the interrogatories was protected by the journalistic privilege,
18 | also known as the reporter's privilege. Plaintiffs disagree with Carbone's claim.

19 | As an initial matter, California law controls whether the identity of Carbone's
20 | sources is protected by the reporter's privilege. Federal Rule of Evidence 501 states
21 | that in a civil action in federal court in which state law provides the rule of decision,
22 | "the privilege of a witness . . . shall be determined in accordance with State law."
23 | Fed. R. Evid. 501; *see Star Editorial, Inc. v. United States Dist. Court,* 7 F.3d 856,
24 | 859 (9th Cir. 1993).

25 | The seminal California case addressing the reporter's privilege is *Mitchell v.*
26 | *Superior Court,* 37 Cal. 3d 268 (1984). The *Mitchell* Court held that there is only a
27 | *qualified* reporter's privilege in a civil action to refuse to reveal confidential sources
28 | (or information obtained from those sources), and it explained that the scope of the

1   privilege depends upon a weighing of five factors. *Id.* at 279. The first factor is the

2   nature of the litigation and whether the reporter is a party: "[i]n general, disclosure

3   is appropriate in civil cases, *especially when the reporter is a party to the litigation.*"

4   *Id.* (emphasis added). "A second consideration is the relevance of the information

5   sought to plaintiffs' cause of action . . . . [M]ere relevance is insufficient to compel

6   discovery; disclosure should be denied unless the information goes 'to the heart of

7   the plaintiffs claim.'" *Id.* at 280 (citations omitted). Third, "discovery should be

8   denied unless the plaintiff has exhausted all alternative sources of obtaining the

9   needed information." *Id.* at 282. "Fourth, the court should consider the importance

10  of protecting confidentiality in the case at hand." *Id.* "Finally, the court may

11  require the plaintiff to make a *prima facie* showing that the alleged defamatory

12  statements are false before requiring disclosure." *Id.* at 283.

13      Here, a weighing of the factors certainly favors compelling Carbone to

14  provide supplemental responses to these Special Interrogatories. After all, not only

15  is Carbone a party to the litigation, but the information is entirely relevant to show

16  whether Carbone knowingly interfered with Plaintiffs' contracts. And even if it

17  does not go "to the heart of" the personal jurisdiction issue, it will go "to the heart

18  of" this lawsuit as a whole. Moreover, as revealed by the fifth *Mitchell* factor, the

19  reporter's privilege is generally used to shield claims of *libel*, not *tortious*

20  *interference.* There is no justification to use it here.

21      During the parties' meet and confer, counsel for Plaintiffs offered a date

22  limitation – to January 1, 2006 – so long as Carbone would answer the Special

23  Interrogatories, but Carbone has not answered them properly.

24      For these reasons, the Court should order Carbone to supplement his

25  responses to Supplemental Interrogatory Nos. 1-8, 12, and 13.

26  / / /

27  / / /

28  / / /

300280.3.doc

1       (b)    **Defendants' Contentions Re: Special Interrogatory Nos. 1-8,**

2              **12, & 13**

3       The Court's Order permitting Plaintiffs to conduct personal jurisdiction

4 discovery is limited to discovery with respect to whether this Court should exercise

5 personal jurisdiction over Defendant Stephen Carbone and Defendant Reality Steve,

6 LLC. Federal Rule of Civil Procedure 26(b)(1) limits permissible discovery to that

7 which "is relevant to the subject matter involved in the action." Fed. R. Civ. P.

8 26(b)(1). Therefore, the only discovery which should be relevant to Plaintiffs'

9 current discovery requests concerns the connection, if any, between the Defendants

10 and the State of California. Nevertheless, the discovery requests to which Plaintiffs

11 now seek to compel supplemental responses involve subjects which go well beyond

12 the connection between the Defendants and the State of California.

13       (i)    **Plaintiffs' Purported Jurisdictional Discovery is**

14              **Grossly Overbroad**

15       Plaintiffs currently seek discovery regarding Defendants' entire potential fan

16 base, as well as every communication or correspondence that has occurred in the last

17 eight years (since 01/01/2004) that is related thereto. For the limited purposes of

18 jurisdictional discovery, which pertains solely to the personal jurisdiction issue,

19 Defendants' readers, viewers and/or followers (his fans) and persons with whom

20 Defendants correspond, beyond the State of California, are simply not relevant at

21 this stage of the proceeding, if ever.

22       Specifically, Special Interrogatory Nos. 1, 3, 5, and 7 seek the disclosure of

23 every single person with whom Mr. Carbone has corresponded about anything

24 related to the Bachelor or any of its spin-offs, regardless of where the person is

25 located or where the correspondence occurred. As an initial matter, these

26 Interrogatories are patently overbroad and burdensome, and demand that Defendant

27 provide information that is completely irrelevant, as the identity of those with whom

28 Defendant spoke who are not or were not residents of California is meaningless for

1  purposes of analyzing personal jurisdiction. Narrowly-drafted jurisdictional

2  discovery would ask questions specifically about Defendants' contacts with

3  California and what witnesses and documents could be found there. These

4  Interrogatories do not ask such narrow questions.

5      While Plaintiffs claim in this Stipulation that they are trying to discover

6  "whether Carbone had obtained this information from individuals located in

7  California", Plaintiffs' Interrogatories were not drafted accordingly. If Plaintiffs are

8  truly seeking information solely related to Defendants' correspondence or contacts

9  with California, they could have, and certainly should have, limited the

10  Interrogatories in that way. By not limiting their Interrogatories to contacts and

11  correspondence in California, Plaintiffs are improperly seeking to conduct merits

12  discovery where only jurisdictional discovery is permitted.  Similarly, Special

13  Interrogatory Nos. 2, 4, 6, and 8 seek the dates that correspond with the

14  communications to be identified in Special Interrogatory Nos. 1, 3, 5, and 7. As set

15  forth herein, Plaintiffs' unwillingness to limit the scope of such questions to those

16  facts which relate to personal jurisdiction over the Defendants in California places

17  such questions beyond the scope of permissible discovery.

18      The same problems plague Special Interrogatory Nos. 12 and 13. Rather than

19  merely seeking the identities of persons from whom Defendant received information

20  who are or were located in California, Plaintiffs seek the identity of ALL persons,

21  regardless of location and regardless of whether or not such persons are or were

22  located in California. The identity of persons outside of California who provided

23  Defendant with information are not relevant at this stage of the litigation, as that

24  information is entirely unrelated to Defendant's contacts with the State of

25  California.

26      Based upon the facts that the Special Interrogatories at issue are (1) facially

27  overbroad and (2) exceed the scope of discovery allowed by this Court's Order of

28  January 31, 2012 (limiting discovery to the issue of personal jurisdiction),

1    Defendant Carbone was entitled to object and refuse to answer the Interrogatories all

2    together; but he did not. Subject to the objections and without waiving same,

3    Defendant Carbone attempted in good faith to provide responsive information

4    within reasonable limitations in scope, such as communications since January 1,

5    2009, because it is undisputed that Defendants published no "spoilers" at all before

6    2009.

7          Furthermore, Plaintiffs err when they allege that all of Defendant Carbone's

8    responses to the Special Interrogatories at issue were limited to communications

9    about "non-public" information concerning the Bachelor Series. (*See* Section

10   III(A)(1)(a)(ii) at p. 17 above.) IN truth, Defendant Carbone's answers to Special

11   Interrogatory Nos. 2, 4, 6, and 8 contain no such limitation.

12         Plaintiffs apparently seek to distract the Court from the focus on jurisdictional

13   discovery by referring to three previous contracts with former contestants (*see* pp.

14   15 & 16 above) even though there is no evidence that such contracts resulted in

15   disclosure of confidential information and, moreover, it is undisputed that those

16   former contestants were not from California – a key fact not mentioned by Plaintiffs

17   in their argument for compelling more discovery. Further, Plaintiffs make the bare

18   allegations that Defendant Carbone supposedly was "well aware" that Plaintiffs are

19   "located in California" and that their nondisclosure agreements "were governed by

20   California law" without any evidence to support the claims. It is just as likely, if not

21   more likely, that Defendant Carbone was not knowledgeable about the corporate

22   Plaintiffs or choice of law issues.

23         Plaintiffs claim dissatisfaction with Defendant Carbone's lack of recall of "all

24   communications" with any and everyone about anything since January 1, 2004, and

25   ask the Court to compel Defendant Carbone to nevertheless seek, find, provide, and

26   swear to information that is beyond his recollection so they can "test" his memory.

27   (*See* Section III(A)(1)(a)(iii) at p. 18 above.) This Court should do no such thing.

28   Plaintiffs can try to further "test" Carbone's memory during his deposition should

1    they choose, but fishing by interrogatory should not be encouraged.

2        Accordingly, Defendants' objections to Special Interrogatory Nos. 1-8, 12 &

3    13 are justified. The Interrogatories go beyond the Court's January 31, 2012 Order

4    calling for only jurisdictional discovery. These Interrogatories have no limit as to

5    time or subject matter and reach documents that go beyond Defendants' lack of

6    California contacts. Such interrogatories are in no way calculated to lead to the

7    discovery of admissible evidence regarding the existence of any minimum contacts

8    between Defendants and the State of California. Indeed, this discovery has nothing

9    to do with jurisdiction in California. However, rather than providing a blanket

10   objection to the impermissible scope of Plaintiffs' Interrogatories, Defendant

11   provided responses to the Interrogatories that were related to the jurisdictional issue

12   and within the scope of permissible jurisdictional discovery. Then, after Plaintiffs

13   articulated that they deemed further responses necessary, Defendants worked with

14   Plaintiffs' counsel to provide supplemental responses to the disputed Interrogatory

15   responses.

16       As such, Defendants have been, and continue to be, willing to respond to all

17   discovery requests within the proper scope of this Court's Order. What Defendants

18   object to is being forced to submit harassing and overbroad discovery that the Court

19   did not authorize.

20       **(ii)    Plaintiffs Exaggerate Defendants' Contacts With**

21       **California**

22       Plaintiffs attempt to show that they are entitled to information regarding all of

23   Defendants' communications (with residents of California AND everywhere else)

24   because those communications, when coupled with "other evidence" may subject

25   Defendants to jurisdiction in California. However, Plaintiffs' broad assertions and

26   statements related thereto grossly exaggerate the "other evidence" stated therein.

27       For example, Plaintiffs point to the fact that Defendants receive advertising

28   revenue based on ads that allegedly target California residents. Initially, it must be

300280.3.doc                                24                          CV11-10118 GHK (Ex)

1  noted that the advertisements that run on www.realitysteve.com are not directed at

2  California residents, but are instead directed at a more general audience. Website

3  advertisements that target a general audience are not sufficient to subject the owner

4  of the website to jurisdiction in California. *See Mavrix Photo, Inc. v. Moguldom*

5  *Media Group LLC*, No. CV 10-9351 RSWL, 2011 WL 1134187, at *2 (C.D. Cal.

6  March 28, 2011). However, even assuming, *arguendo*, that a handful of the

7  website's advertisements relate to California residents, that fact remains insufficient

8  to confer personal jurisdiction over the Defendants. *Id.* Additionally, any advertising

9  conducted on www.realitysteve.com is created and controlled by third-party entities,

10  not the Defendants. Thus, any advertisement that purportedly targets residents of

11  California is again insufficient to subject Defendants to personal jurisdiction in this

12  State. *See Spacey v. Burgar*, 207 F. Supp. 2d 1037, 1044 (C.D. Cal. 2001).

13  **(iii)    The Reporter's Privilege Does Apply**

14  Plaintiffs seek information regarding the identity of Defendants' confidential

15  sources. Not only is this information completely unrelated to the issue of personal

16  jurisdiction and Defendants' contacts with the State of California, but the

17  information is also covered and protected by the Reporter's Privilege.

18  A reporter's confidential source is afforded vigorous protections by the First

19  Amendment, and these protections shall only be abrogated in "the most exceptional

20  cases." *Zerilti v. Smith*, 656 F.2d 705, 712 (D.C. Cir. 1981). In an ordinary civil

21  action like the instant case, where a litigant pits its monetary interest against the

22  First Amendment's guarantee of a free press, the balance tips sharply against

23  compelled disclosure of a reporter's confidential source. *See Zerilli*, 656 F.2d at 712

24  (in civil litigation, compelled disclosure of a confidential source is permitted only in

25  "the most exceptional cases").

26  This is not a "most exceptional case" that justifies compelled disclosure of a

27  reporter's confidential source. To meet this standard, Plaintiffs must establish that

28  the information is: (1) "'highly material and relevant, necessary or critical to the

maintenance of [its] claim;'" and (2) "'not obtainable from other available sources.'" *See, e.g., Shoen v. Shoen*, 48 F.3d 412, 416 (9th Cir. 1995) (quoting *In re Petroleum Prods. Antitrust Litig.*, 680 F.2d 5, 7 (2d. Cir. 1982)); *see also Zerilli*, 656 F.2d at 713 (providing that the journalist's privilege should be overridden only where the information sought goes to "the heart of the matter" of the plaintiff's claim) (quotation marks & citation omitted). Plaintiffs' portion of the Joint Stipulation makes clear that Plaintiffs cannot satisfy any of these criteria for their claim for relief-- let alone all of these criteria, as the law requires. *See Shoen*, 48 F.3d at 416 (noting that the test for compelled disclosure of a confidential source in a civil case is "conjunctive"). Even Plaintiffs admit that their request for Defendants' confidential sources goes to the heart of the merits of this case, rather than to the issue of whether there is personal jurisdiction over the Defendants in California. Indeed, the *Mitchell* case cited by Plaintiffs did not involve a dispute about personal jurisdiction at all.

Because Plaintiffs cannot establish that this is the "exceptional case" that warrants intrusion into the important First Amendment values that underlie the Reporters' Privilege, *see Zerilli*, 656 F.2d at 712 (emphasizing "the preferred position of the First Amendment and the importance of a vigorous press"), Defendants should not be compelled to disclose the identities of their confidential sources, especially not at this stage of the litigation.

**2.     SPECIAL INTERROGATORY NO. 18**

**Special Interrogatory No. 18**

IDENTIFY all trips that YOU made to California between January 1, 2004, and the present.

**Response to Special Interrogatory No. 18**

Defendant objects to this Special Interrogatory because it is overbroad and unduly burdensome. Subject to these objections and

1   without waiving same, Defendant visited California approximately five

2   (5) — six (6) times per year from January 1, 2006 through the present.

3   **Supplemental Response to Supplemental Interrogatory No. 18**

4   Defendant objects to this Special Interrogatory because it is

5   overbroad and unduly burdensome. Subject to these objections and

6   without waiving same, and in addition to the information previously

7   provided: Defendant usually stays with his sister in Huntington Beach.

8   On one occasion in April, 2011, Defendant stayed at the Standard Hotel

9   in Los Angeles for one night.

10

11   (a)   **Plaintiffs' Contentions Re: Special Interrogatory No. 18**

12   "Identify" is defined in the Special Interrogatories for events and occurrences

13   to require stating the event or occurrence's date, among other things. In response to

14   Special Interrogatory No. 18, which requests that Carbone identify all trips he made

15   to California between January 1, 2004 and the present, however, Carbone initially

16   responded only that he "visited California approximately five (5) – six (6) times per

17   year from January 1, 2006 through the present." In other words, Carbone failed to

18   provide specific dates of each visit.

19   Counsel for Plaintiffs indicated this deficiency in his March 15, 2012 meet

20   and confer letter to counsel for Defendants, and counsel for Plaintiffs and counsel

21   for Defendants discussed this issue during their meet and confer telephone call on

22   March 21, 2012. This was among the responses that Carbone supplemented on

23   April 9, 2012; however, in his supplemental response, Carbone does not add any

24   specific dates; instead, he supplements to add only that he "usually stays with his

25   sister in Huntington Beach" when visiting California and "[o]n one occasion in

26   April, 2011, Defendant stayed at the Standard Hotel in Los Angeles for one night."

27   Plaintiffs respectfully request that the Court order Carbone to further

28   supplement his response to Special Interrogatory No. 18 to indicate the dates he was

1  in California between January 1, 2006 and the present.  During the Parties' meet and

2  confer call, counsel for Defendants claimed that this information was irrelevant

3  given that Carbone's trips to California were personal in nature.  In fact, in response

4  to Special Interrogatory No. 20, Carbone says as much, alleging that "the trips to

5  California were personal and not for business."  However, Carbone's use of the

6  word "personal" is disingenuous, and although some of the trips may have been

7  personal in nature, Carbone used many of the trips to promote

8  www.realitysteve.com and otherwise drive traffic to the site.

9       Among other things, on March 31, 2011, Carbone posted a video in which he

10  discussed the then-upcoming Reality Rocks Expo at the Los Angeles Convention

11  Center on April 9 and 10, 2011, and he then proceeded to give away ten (10) free

12  passes to the exposition.  DeFrancis Decl., Ex. K.  During that video, Carbone also

13  indicated that he would be attending the exposition himself.  *Id.*  Attending the

14  Reality Rocks Expo (and giving away tickets to it) cannot be considered personal in

15  nature.

16       Similarly, on March 31, 2012 – one year after posting the video advertising

17  the Reality Rocks Expo – Carbone attended the Chris4Life Dream Date Benefit at

18  the SLS Hotel in Beverly Hills, California.  *See id.*, Ex. L.  At the Chris4Life benefit,

19  dates with a number former Bachelor and Bachelorette participants were auctioned

20  off for charity.  Carbone promoted this event on www.realitysteve.com on several

21  occasions before the event, and he mentioned it several times after the event, as

22  well.  In fact, during his April 11, 2012 webcast, Carbone's readers asked him about

23  the Chris4Life benefit.  *Id.*, Ex. M. Clearly, this event also drove visitors to his site

24  and cannot be considered solely personal in nature.

25       Finally, Carbone apparently updates www.realitysteve.com from California,

26  even recording video blogs while in the state.  *See, e.g., id.*, Ex. N. These posts and

27  video blogs are the very nature of Carbone's business, generating business to his

28  website so that he increases page views and advertising clicks.  Without specific

1  dates of Carbone's trips to California, Plaintiffs are unable to fully investigate what

2  other updates Carbone made to www.realitysteve.com and what other activities he

3  participated in while in California.

4      During the parties' meet and confer, counsel for Plaintiffs indicated that it did

5  not need additional details concerning Carbone's trips to California other than the

6  dates that he was in the state.  However, Carbone has not provided such a listing.

7      For these reasons, the Court should order Carbone to supplement his response

8  to Supplemental Interrogatory No. 18 and provide specific dates for each of his trips

9  to California from January 1, 2004, through the present.

10         **(b)    Defendants' Contentions Re: Special Interrogatory No. 18**

11      Plaintiffs have spent the majority of this Stipulation arguing that they are

12  entitled to information about every contact the Defendants have had with California.

13  In response to Special Interrogatory No. 18, Defendant Carbone provided Plaintiffs

14  with information about the frequency with which Defendant has travelled to

15  California over the last few years. This is precisely the information that Plaintiffs

16  desire. The fact that Defendant cannot remember precise dates on which such trips

17  occurred does not render the response insufficient or nonresponsive in any way.  If

18  the information that is sought by interrogatory is not in the possession of the party

19  served or of its agent, it is sufficient to answer with an indication that the

20  information is unavailable. *See Bunnell v. Sup. Ct.*, Cal.App.2d 720, 724 (1967).

21      Defendant has provided Plaintiffs with the full extent of the information in his

22  possession, and despite any belief Plaintiffs may have regarding the existence of

23  additional information, no such information is available. If Plaintiffs are truly

24  dissatisfied with Defendant Carbone's lack of additional recollection about his trips

25  to California over the years to visit family members or otherwise, they can attempt

26  to probe further during his deposition father than request this Court to compel

27  further details in interrogatory answers that Defendant Carbone simply cannot

28  recall.

300280.3.doc

29

CV11-10118 GHK (Ex)

1  **B.**      **Defendant Reality Steve, LLC's Responses To NZK Productions Inc.'s**

2         **First Set Of Special Interrogatories**

3         1.      **SPECIAL INTERROGATORY NO. 5**

4                 **Special Interrogatory No. 5**

5                      IDENTIFY all agreements of any kind entered into between

6         January 1, 2004, and the present concerning advertising on

7         www.realitysteve.com.

8                 **Response to Special Interrogatory No. 5**

9                      Defendant objects to this Special Interrogatory on the grounds

10        that it is overly broad, vague and unduly burdensome. Subject to the

11        foregoing objections and without waiving same, Reality Steve has

12        entered into agreements with the following companies concerning

13        advertising on the website: Google Adsense, Value Click, Lijit,

14        CPMonly, Underground Media, Adtegrity, Vibrant, and

15        Gunggo.

16                **Supplemental Response to Supplemental Interrogatory No. 5**

17                     Defendant objects to this Special Interrogatory on the grounds

18        that it is overly broad, vague and unduly burdensome. Subject to the

19        foregoing objections and without waiving same, and in addition to the

20        information previously provided:

21        Google Adsense
          www.google.com/adsense
22

23        Value Click
          www.valueclick.com
24        David Kruszenski
25        dkruszenski@valueclick.com

26        Lijit
27        www.lijit.com

28   ///

1   Brady Crandall
2   bcrandall@lijit.com

3   CPM Only
4   cpmonly.com
    Robert Brown
5   Robert@cpmonly.com

6
7   Adtegrity
    www.adtegrity.com
8   Liz Welch
    Liz.welch@adtegrity.com
9

10  Vibrant
    www.vibrantmedia.com
11

12  Gunggo
    www.gunggo.com
13  Daniel Yuwn
    dan@gunggo.com
14

15  Suite66
    www.suite66.com
16  Megan Sun
17  msun@suite66.com

18
19  Underdog Media
    www.underdogmedia.com
20  Lizzy Morrison
    lizzy@underdogmedia.com
21

22  Adstract
    www.adstrct.com
23  Rachel Langrock
    Rachel@adstract.com
24

25      **(a)**    **Plaintiffs' Contentions Re: Special Interrogatory No. 5**

26      "Identify" is defined in the Special Interrogatories for documents and

27  transactions to require stating the document or transaction's date, among other

28

1  things.  As demonstrated above, in its original response to Special Interrogatory No.

2  5 – which asked Reality Steve, LLC to identify all agreements concerning

3  advertising on www.realitysteve.com – it provided a list of eight companies with

4  whom it had such agreements.  However, it did not provide the contact information

5  for those companies or the dates that it entered into those agreements.  In its

6  supplemental response, Reality Steve, LLC provided contact information, but it has

7  still yet to provide dates.

8       Several of the companies with whom Reality Steve, LLC entered into

9  advertising agreements are California companies – and at least one of the companies

10  runs advertising targeted at California visitors to www.realitysteve.com.

11  Accordingly, this information will be highly relevant on Defendants' motion to

12  dismiss.  Plaintiffs are entitled to know when these agreements were made, and the

13  Court should order Reality Steve, LLC to supplement its response to Supplemental

14  Interrogatory No. 5 to include the dates that Reality Steve, LLC entered into

15  agreements with each of the companies identified in its supplemental response.

16       **(b)    Defendants' Contentions Re: Special Interrogatory No. 5**

17       Defendants have provided Plaintiffs with the full extent of the information in

18  their possession. As noted above, if the information that is sought by interrogatory is

19  not in the possession of the party served or of its agent, it is sufficient to answer with

20  an indication that the information is unavailable. *See Bunnell v. Sup. Ct.*, Cal.App.2d

21  720, 724 (1967). Defendant has provided Plaintiffs with the full extent of the

22  information in his possession. Defendant does not know the precise dates on which

23  the eight identified agreements were entered into, and despite any belief Plaintiffs

24  may have regarding the existence of additional information, no such information is

25  available.

26       However, if the Court is of the view that the approximate dates on which the

27  eight identified agreements were entered into is relevant to the jurisdictional issue

28  / / /

1 | before the Court, Defendant will further supplement his response to the
2 | Interrogatory with such approximate dates to the best of his recollection.

3 | **2.**   **SPECIAL INTERROGATORY NO. 6**

4 | **Special Interrogatory No. 6**

5 | IDENTIFY all PERSONS who have purchased advertising on
6 | www.realityseteve.com between January 1, 2004, and the present.

7 | **Response to Special Interrogatory No. 6**

8 | There have been a small number of independent advertisers that
9 | have purchased advertising on the website. The advertising purchased
10 | was only for a two-week period, and none of the advertisers were in
11 | California.

12 | **Supplemental Response to Supplemental Interrogatory No. 6**

13 | In addition to the information previously provided: see Answer
14 | to Special Interrogatory No. 5.

15 | **(a)**   **Plaintiffs' Contentions Re: Special Interrogatory No. 6**

16 | In addition to agreements concerning advertising, Plaintiffs also endeavored
17 | to learn about which individuals and companies had purchased advertising on
18 | www.realitysteve.com.  In its original response to Special Interrogatory No. 6,
19 | Reality Steve, LLC merely responded that "[t]here have been a small number of
20 | independent advertisers that have purchased advertising on the website.  The
21 | advertising purchased was only for a two-week period, and none of the advertisers
22 | were in California."  After meeting and conferring on the issue, Reality Steve, LLC
23 | supplemented its response as follows: "[i]n addition to the information previously
24 | provided: see Answer to Special Interrogatory No. 5."

25 | That said, none of the companies listed in Reality Steve, LLC's response to
26 | Special Interrogatory No. 5 could be characterized as "independent advertisers that
27 | have purchased advertising," so this supplemental response adds nothing to Special
28 | Interrogatory No. 6.  Regardless, as with other responses, Plaintiffs are entitled to

300280.3.doc                                          33                        CV11-10118 GHK (Ex)

1  full and complete responses, and it is not for the defendant in a lawsuit to determine

2  whether the information that is sought is relevant. The Federal Rules provide for

3  broad discovery, and according to Rule 26(b)(1), "[p]arties may obtain discovery

4  regarding any nonprivileged matter that is relevant to any party's claim or defense."

5  Even on the limited scope of jurisdictional discovery, the identity of advertisers is

6  certainly relevant: after all, even if those advertisers are not "in California" (per

7  Reality Steve, LLC's original response, which is vague in and of itself), Plaintiffs

8  are entitled to investigate whether those companies target California residents, have

9  presences in California, or any myriad of other questions.

10      Accordingly, the Court should order Reality Steve, LLC to supplement its

11  response to Supplemental Interrogatory No. 6 to include the names and contact

12  information for each of the parties that purchased advertising on Reality Steve, LLC.

13          **(b)   Defendants' Contentions Re: Special Interrogatory No. 6**

14      Plaintiffs seek information related to ALL purchasers of advertising on

15  www.realitysteve.com, not just those purchasers located in California. As set forth

16  more fully in Section III(A)(b) above, the information sought in Special

17  Interrogatory No. 6 far exceeds that which is permitted by the Court's Order for

18  limited jurisdictional discovery. By stating that Defendants had not sold advertising

19  to persons located in California, Defendants answered the portion of the

20  Interrogatory that was within the scope of the permitted jurisdictional discovery.

21  Any advertising purchased by persons located outside of California is not relevant at

22  this stage of the litigation.

23      Additionally, assuming, *arguendo*, that advertising was purchased by

24  California residents, that fact would still be insufficient to subject the Defendants to

25  jurisdiction in California. *See Spacey*, 207 F. Supp. 2d at 1044.

26  / / /

27  / / /

28  / / /

3.    **SPECIAL INTERROGATORY NOS. 14 & 15**

**Special Interrogatory No. 14:**

State the monthly number of visits to www.realitysteve.com by PERSONS located in California between January 1, 2004, and the present.

**Response to Special Interrogatory No. 14**

Defendant objects to this Special Interrogatory on the grounds that it is unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to the foregoing and without waiving same, I do not know. The website has approximately 2,000,000 visitors per month, and the email addresses of the visitors do not indicate where the visitors live.

**Special Interrogatory No. 15:**

State the monthly number of visits to www.realitysteve.com by computers located in California between January 1, 2004, and the present.

**Response to Special Interrogatory No. 15**

Defendant objects to this Special Interrogatory on the grounds that it is unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to the foregoing and without waiving same, I do not know. The email address of each person who visits the website does not indicate the location of each person's computer.

(a)    **Plaintiffs' Contentions Re: Special Interrogatory Nos. 14 & 15**

Among all of the Special Interrogatories propounded on both Carbone and Reality Steve, LLC, Special Interrogatory Nos. 14 and 15 are among the most highly

1   relevant.  These interrogatories request traffic to www.realitysteve.com by

2   California residents.  Reality Steve, LLC responded to Special Interrogatory No. 14

3   by stating that "[t]he website has approximately 2,000,000 visitors per month, and

4   the email addresses of the visitors do not indicate where the visitors live."  It

5   responded to Special Interrogatory No. 15 by stating that "[t]he email address of

6   each person who visits the website does not indicate the location of each person's

7   computer."  Reality Steve, LLC provided no supplemental response to either of

8   these interrogatories after the parties' meet and confer.

9        That said, in response to Plaintiffs' Request for Production – which may be

10   subject to their own joint stipulation concerning a motion to compel – Reality Steve,

11   LLC provided a single-page printout from Google Analytics.  *Id.*, Ex. O.  That

12   printout shows links to a number of other statistics in the left sidebar, including

13   demographics and behavior.  *See id.*  However, Reality Steve, LLC neither produced

14   any of this information, nor did it consult this information when responding to the

15   First Set of Special Interrogatories.  According to Google's Analytics help page,

16   websites that employ the Google Analytics program are able to determine not only

17   the number of monthly visitors to their website (which Reality Steve, LLC

18   estimated), but also the city from which each of those visitors accessed the site

19   (which Reality Steve, LLC indicated it could not determine).  *Id.*, Ex. P.  Counsel

20   for Plaintiffs explained this to counsel for Defendants during the Parties' meet and

21   confer call regarding the Requests for Production, but counsel for Plaintiffs has yet

22   to hear a response on the issue.

23        For this reason, the Court should order Reality Steve, LLC to supplement its

24   response to Supplemental Interrogatory Nos. 14 and 15 to include specific

25   information concerning visitors to www.realitysteve.com from California.

26   / / /

27   / / /

28   / / /

300280.3.doc

CV11-10118 GHK (Ex)

1     (b)    **Defendants' Contentions Re: Special Interrogatory Nos. 14 &**
2            **15**

3        Although Plaintiffs claim confidence in their technological ability to

4   determine the physical location from which people visit www.realityseve.com,

5   Defendants are not aware of any way in which to accomplish same. Defendants have

6   provided Plaintiffs will all of the information regarding the website's visitors that is

7   known to them. Even assuming, *arguendo*, that Defendants were able to locate such

8   information, the fact that the website's visitors were located in California at the time

9   they visited the website would not subject Defendants to jurisdiction in this State.

10  *See Autogenomics, Inc. v. Oxford Gene Technology, Ltd.*, No. SACV 07-846-MRP,

11  2008 WL 7071464, at *6 (C.D. Cal Jan. 17, 2008).

12     4.    **SPECIAL INTERROGATORY NOS. 21 & 22**

13        **Special Interrogatory No. 21:**

14        IDENTIFY each PERSON from whom YOU received any

15  information concerning THE BACHELOR SERIES between January 1,

16  2004, and the present.

17        **Response to Special Interrogatory No. 21**

18        Defendant objects to this Special Interrogatory because it is

19  overbroad, unduly burdensome, and not reasonably limited in scope to

20  information that is relevant to Defendant's objection to jurisdiction in

21  California. Defendant further objects because as stated, the

22  interrogatory seeks irrelevant information not reasonably calculated to

23  lead to admissible evidence and information that is proprietary and

24  subject to the journalistic privilege. Subject to these objections and

25  without waiving same, I do not recall any names, dates or details of

26  possible communications with California residents years go, but I do

27  not believe I have made or received any communications with residents

28

300280.3.doc

of California about nonpublic information concerning the Bachelor series since January 1, 2011.

**Supplemental Response to Supplemental Interrogatory No. 21**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, and in addition to the information previously provided: I do not recall any names, dates or details of possible communications with California residents years ago, but I do not believe I have made or received any communications with residents of California under contract of confidentiality with Plaintiff about non-public information concerning the Bachelor series since January 1, 2009.

**Special Interrogatory No. 22:**

For each of the PERSONS identified in response to Special Interrogatory No. 21, state the date(s) that each PERSON provided YOU with information about THE BACHELOR SERIES.

**Response to Special Interrogatory No. 22**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to

1   lead to admissible evidence and information that is proprietary and

2   subject to the journalistic privilege. Subject to these objections and

3   without waiving same, see Answer to Special Interrogatory No. 21.

4

5       **(a)    Plaintiffs' Contentions Re: Special Interrogatory Nos. 21 &**

6            **22**

7   Special Interrogatory Nos. 21 and 22 request that Reality Steve, LLC identify

8   each individual from whom it received information about the Bachelor television

9   series and its spin-offs, as well as the date that it received that information.  For each

10  of the reasons discussed with respect to Defendant Carbone's inadequate responses

11  to Special Interrogatory Nos. 1-8, 12, and 13 (*see supra* at Section III.A.1.a),

12  Defendant Reality Steve, LLC should be compelled to provide supplemental

13  responses to Special Interrogatory Nos. 21 and 22, as well.

14      **(b)    Defendants' Contentions Re: Special Interrogatory Nos. 21 &**

15           **22**

16  As noted in Section III(A)(1)(b) above, these Interrogatories seek information

17  that is beyond the scope of the Court's Order permitting limited jurisdictional

18  discovery, and thus go beyond the discovery permitted at this stage of the litigation.

19  Furthermore, the reporter's privilege protects the information being sought by

20  Interrogatory Nos. 21 and 22.

21  Plaintiffs' Special Interrogatory Nos. 21 and 22 each show on its face that it is

22  not reasonably limited in scope. For instance, it is undisputed that the time frame

23  beginning January 1, 2004 precedes the publication of the first "spoiler" on

24  Defendants' website by five years, and therefore is irrelevant even to the merits of

25  this case. Additionally, the Interrogatories seek identities of persons who are not

26  California residents and therefore the information sought is not relevant to the

27  pending dispute regarding Defendants' objection to jurisdiction in California.

28  Finally, Plaintiffs have made no effort to avoid invading the reporter's privilege

1  applicable to Defendants' confidential sources. Accordingly, Special Interrogatory

2  Nos. 21 and 22 constitute an overbroad, irrelevant, and objectionable fishing

3  expedition that seek to violate Defendants' constitutional rights and should be

4  disallowed, particularly while Defendants' Motion to Dismiss remains pending.

5      *See* Section III(A)(1)(b), *supra*, for a full discussion of the issues and

6  arguments relevant hereto.

7

8  DATED: April 25, 2012

   KELLEY DRYE & WARREN LLP
   Michael J. O'Connor
9  Andrew W. DeFrancis

10 By _____

11      Andrew W. DeFrancis
   Attorneys for Plaintiffs NZK Productions Inc.
12 and Horizon Alternative Television Inc.

13

14

15 DATED: April 26, 2012

   BROWN FOX KIZZIA & JOHNSON PLLC
   D. Bradley Kizzia
16

17 By _____
        D. Bradley Kizzia
18 Attorneys for Defendants Stephen Carbone
   and Reality Steve, LLC
19

20

21 DATED: April 26, 2012

   LAW OFFICES OF GREGG A. FARLEY
   Gregg A. Farley
22

23 By _____
        Gregg A. Farley
24 Attorneys for Defendants Stephen Carbone
   and Reality Steve, LLC
25

26

27

28

300280.3.doc                    40                    CV11-10118 GHK (Ex)