EXHIBIT A TO
DECLARATION OF ANDREW W. DEFRANCIS

EXHIBIT A TO
DECLARATION OF ANDREW W. DEFRANCIS

FILED

2011 DEC -6  PM 3: 39

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY _____

CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW, State Bar No. 194668
*burrow@caldwell-leslie.com*
TINA WONG, State Bar No. 250214
*wong@caldwell-leslie.com*
1000 Wilshire Boulevard, Suite 600
Los Angeles, California 90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Plaintiffs NZK
PRODUCTIONS INC., and HORIZON
ALTERNATIVE TELEVISION INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NZK PRODUCTIONS INC., a California corporation, and HORIZON ALTERNATIVE TELEVISION INC., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>           v.<br><br>STEPHEN CARBONE, an individual, REALITY STEVE, LLC, a Texas limited liability corporation, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case **CV11  10118** –GHK (Ex)<br><br>**COMPLAINT FOR:**<br><br>(1)   INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS; AND<br><br>(2)   UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200 *et seq.*.<br><br>**DEMAND FOR JURY TRIAL** |

CALDWELL
LESLIE &
PROCTOR

**COMPLAINT**

1   Plaintiffs NZK Productions Inc. and Horizon Alternative Television Inc.
2   (collectively "Plaintiffs") hereby bring this Complaint against Defendants Stephen
3   Carbone, Reality Steve, LLC, and Does 1 through 10, inclusive, alleging as follows:

**PARTIES**

4
5   1.    NZK Productions Inc. ("NZK") is a California corporation with its
6   principal place of business in Burbank, California.

7   2.    Horizon Alternative Television Inc. ("Horizon") is a Delaware
8   corporation with its principal place of business in Burbank, California.

9   3.    Plaintiffs are informed and believe, and on that basis allege, that
10  Reality Steve, LLC is a Texas limited liability corporation that owns and operates a
11  website at www.realitysteve.com that is accessible from California and, with respect
12  to certain of its content, expressly directed to California residents.

13  4.    Plaintiffs are informed and believe, and on that basis allege, that
14  Defendant Stephen Carbone is an individual residing in the state of Texas.  Plaintiffs
15  are further informed and believe, and on that basis allege that, at all times relevant,
16  Carbone is and was a member and an agent of Reality Steve, LLC and that, in doing
17  the things alleged herein, Carbone was acting within the course and scope of his
18  agency and with the knowledge, permission and consent of Reality Steve, LLC.
19  Carbone and Reality Steve, LLC are collectively referred to herein as "Defendants".

20  5.    The true names and capacities, whether individual, corporate,
21  partnership, associate, or otherwise, of the Defendants named herein as Does 1-10,
22  inclusive, are presently unknown to Plaintiffs, who therefore are suing these
23  Defendants by fictitious names.  Plaintiffs will amend this Complaint to show their
24  true names and capacities when the same have been ascertained.  Plaintiffs allege on
25  information and belief that each of these fictitiously named Defendants is
26  responsible in some manner for the facts alleged herein.  Plaintiffs allege on
27  information and belief that each of the Defendants named herein, including the Doe
28  Defendants, acted jointly, in concert, and with knowledge of the actions of each of

CALDWELL
LESLIE &
PROCTOR

-1-

COMPLAINT

1  the other Defendants; acted as the agent and servant of each and every one of the

2  other Defendants with respect to the actions complained of herein; acted at all times

3  within the course and scope of said agency; and that each is equally liable for the

4  acts alleged below.

## JURISDICTION AND VENUE

5

6  6.  Diversity of citizenship exists between Plaintiffs and Defendants

7  pursuant to 28 U.S.C. § 1332 and the matter in controversy exceeds, exclusive of

8  interest, costs and attorneys' fees, $75,000.

9  7.  Venue in this district is appropriate pursuant to 28 U.S.C. § 1391 in that

10  Defendants purposefully directed their wrongful conduct at Plaintiffs, whom

11  Defendants know to be residents of this state, and because a substantial part of the

12  events giving rise to the causes of action alleged herein arose in this district.

## GENERAL ALLEGATIONS

13

14  8.  NZK and Horizon are the producer and distributor, respectively, of the

15  highly successful elimination-style reality television shows entitled, "The Bachelor,"

16  "The Bachelorette," and "Bachelor Pad" (collectively the "Bachelor Series"). All

17  three shows air on the ABC network.

18  9.  "The Bachelor" debuted in 2002. Each season of The Bachelor

19  revolves around a single bachelor and a group of approximately 25 women vying for

20  his affections, all of whom live together in the same house. Over the course of the

21  season, the women are eliminated in a "rose ceremony." At the end of each season,

22  the bachelor selects a winner who receives the final rose, and in many cases, the

23  bachelor proposes marriage to the winning woman.

24  10.  "The Bachelorette" and "Bachelor Pad" are spin-offs of "The

25  Bachelor," and operate on a similar, elimination-style premise.

26  11.  All past, current and future participants in the Bachelor Series sign

27  contracts with Plaintiffs that require them to maintain the confidentiality of all

28  events that transpire on the Bachelor Series episodes prior their broadcast. Each

CALDWELL
LESLIE &
PROCTOR

-2-

COMPLAINT

1  member of the Bachelor Series' cast and crew, as well as certain other employees,

2  also sign contracts with confidentiality clauses that prevent them from divulging

3  non-public information about any aspect of the episodes prior to their broadcast.

4      12.    Plaintiffs are informed and believe, and on that basis allege, that

5  Defendant Reality Steve, LLC owns and operates the for-profit website at

6  www.realitysteve.com.  This website, entitled RealitySteve, regularly publishes

7  updates and spoilers regarding several reality television shows, including primarily,

8  the Bachelor Series.  These updates and spoilers include non-public information

9  regarding events that transpired on the Bachelor Series episodes prior to their

10  broadcast.

11      13.    Plaintiffs are informed and believe, and on that basis allege, that

12  Defendants obtain confidential information about the Bachelor Series by contacting

13  and soliciting information from participants, cast, crew and/or other employees of

14  the Bachelor Series and by inducing them to breach their confidentiality obligations

15  to Plaintiffs.  Defendants engaged in this conduct with full knowledge that Plaintiffs

16  are located in California and that the effects of Plaintiffs' actions would be felt

17  primarily within California.

18      14.    Plaintiffs are further informed and believe, and on that basis allege, that

19  Defendants were fully aware of the confidentiality obligations binding the

20  participants, cast, and crew members of the Bachelor Series when they sought to

21  induced them to divulge non-public information about the show in breach of their

22  contracts.

23      15.    By way of example, in a November 17, 2011 email sent from

24  steve@realitysteve.com to a participant in the Bachelor Series, Carbone wrote, "Let

25  me just say, I'm very well aware of your contract.  I also know that over 500

26  contestants have been on this show and not one of them has ever been sued for the

27  $5 million.  It's just a scare tactic.  Trust me.  Just like they had no idea you sent me

28  that last email, they'll have no idea about any correspondence either.  I know you're

CALDWELL
LESLIE &
PROCTOR

-3-

Exhibit A

Page 9

COMPLAINT

1  scared and a little paranoid by it, but don't be.  Unless they are hacking your email

2  or tapping your phone, there's absolutely no way for them to find out."

3      16.    In the same email, Carbone went on to offer the participant monetary

4  incentive to induce her to breach her contract with Plaintiffs.  He wrote, "Since you

5  are a student, and I know you have loans up the ying-yang, I'd be willing to

6  compensate you. . . . I swear, this is the easiest money you'd ever make and you and

7  I are the only two people that would know."  A day later, Carbone emailed the

8  participant and wrote:  "$2500 to help me out.  Not joking.  Some of this stuff is

9  driving me nuts ha ha."

10     17.    In another email dated November 2, 2011 to a former contestant on the

11 Bachelor Series, Carbone wrote, "I'm aware you were eliminated at the SF rose

12 ceremony, so I probably actually know more about what's happened since you left

13 than you do, however, I do have some blanks that need to be filled in during the

14 early episodes.  I'm aware of your contract, but absolutely no one would know of

15 our conversing."

16     18.    In a message sent via Facebook, Carbone reached out to yet another

17 contestant, and wrote, "I'm well aware of your contract and the producers have

18 probably struck the fear of God into you to never speak w me, but I'm here to help

19 you.  Just looking for a couple details filled in, since I'm sure you're aware, plenty

20 of info is already out there that I've spilled.  Could really use your help, and I'd be

21 willing to compensate you for it."

22     19.    Plaintiffs have demanded that Carbone cease his efforts to induce

23 Bachelor Series participants and employees to breach their contracts with Plaintiffs.

24 On August 12, 2011, Plaintiffs' counsel sent a letter to Carbone, formally notifying

25 him that all participants, cast, crew and employees of the Bachelor Series are subject

26 to contractual prohibitions against disclosing confidential information acquired in

27 the course of their participation or employment.  On November 22, 2011, Plaintiffs'

28 counsel wrote again to Carbone, informing him that Plaintiffs have become aware of

CALDWELL
LESLIE &
PROCTOR

-4-

COMPLAINT

1  his intent to post additional confidential information on RealitySteve.com and
2  advising him that Plaintiffs would pursue legal action against him to protect their
3  sizeable financial investment in the Bachelor Series and to satisfy their obligation to
4  ABC to provide quality television programming which depends, in large part, on the
5  pre-broadcast confidentiality of the contents of each episode.

6      20.    Plaintiffs are informed and believe, and on that basis allege, that
7  Defendants continue to seek confidential information from participants, cast, crew
8  and other employees of the Bachelor Series and, in the course of doing so, continue
9  to solicit and induce participants and employees of the Bachelor Series to breach
10  their contractual obligations to Plaintiffs.

11      21.    Plaintiffs are further informed and believe, and on that basis allege, that
12  Defendants have publicly disclosed and posted confidential, non-public information
13  that they obtained from participants, cast, crew and/or other employees of the
14  Bachelor Series in violation of their contracts.

15                        **FIRST CAUSE OF ACTION**
16            **(Intentional Interference with Contractual Relations)**
17                        **(Against All Defendants)**

18      22.    Plaintiffs restate and incorporate by reference their allegations
19  contained in the preceding paragraphs of this Complaint as if fully set forth herein.

20      23.    All former and current participants, cast, crew and employees of the
21  Bachelor Series execute written contracts with Plaintiffs that include confidentiality
22  provisions prohibiting the disclosure of non-public information about events that
23  transpire in episodes of the Bachelor Series prior to their broadcast.

24      24.    Plaintiffs are informed and believe, and on that basis allege, that at all
25  relevant times, Defendants were aware that all participants, cast, crew and
26  employees of the Bachelor Series execute contracts with Plaintiffs that include
27  confidentiality provisions.

28

CALDWELL
LESLIE &
PROCTOR

-5-

COMPLAINT

25.     Nonetheless, Defendants have contacted current and former participants, cast, crew and employees and of the Bachelor Series and asked them to provide confidential, non-public information regarding events that transpired in episodes of the Bachelor Series prior to their broadcasts, by, among other things, sending emails and Facebook messages to current and former Bachelor Series participants, assuring participants that they need not be concerned about violating their contracts with Plaintiffs as "absolutely no one would know" of their conversations and offering monetary compensation as inducement for participants to provide confidential information in breach of their contracts with Plaintiffs.

26.     Despite Plaintiffs' repeated requests, Defendants have continued to induce participants, cast, crew members and/or other employees of the Bachelor Series to breach their confidentiality obligations to Plaintiffs.

27.     As a proximate result of Defendants' conduct, various participant, cast, crew members and/or other employees have breached their confidentiality obligations to Plaintiffs by providing Defendants with confidential, non-public information regarding the Bachelor Series episodes, which Defendants have publicly disclosed and posted on the website at www.realitysteve.com.  As a result of this conduct, Plaintiffs have suffered damages in an amount greater than $75,000.

28.     The aforementioned acts of Defendants, and each of them, were willful, oppressive, fraudulent, and malicious.  Plaintiffs are therefore entitled to punitive damages.

29.     Plaintiffs are informed and believe, and on that basis allege, that Defendants intend to continue interfering with Plaintiffs' contracts with participants, cast, crew members and other employees of the Bachelor Series in order to obtain and publicly disclose confidential information regarding events that transpire on the Bachelor Series episodes prior to their broadcast.  Defendants' continuing interference with Plaintiffs' contracts with participants, cast, crew and other employees of the Bachelor Series would cause Plaintiffs great and irreparable injury,

CALDWELL
LESLIE &
PROCTOR

-6-

COMPLAINT

1  for which damages would not afford adequate relief, in that they would not

2  adequately compensate for the injury to Plaintiffs' reputation and goodwill,

3  including their reputation and goodwill with ABC and other television show

4  distributors who must rely on Plaintiffs to ensure that their shows' contents are not

5  "spoiled" by pre-broadcast disclosure.

## SECOND CAUSE OF ACTION

### (Unfair Competition – Cal. Bus. & Prof. Code § 17200 et seq.)

### (Against All Defendants)

9     30.    Plaintiffs restate and incorporate by reference their allegations

10  contained in the preceding paragraphs of this Complaint as if fully set forth herein.

11     31.    Plaintiffs have suffered an injury in fact as a result of the conduct of

12  each and every Defendant, as alleged herein.

13     32.    The acts of Defendants complained of in each of the preceding

14  paragraphs of this Complaint, constitute unfair and illegal business acts, practices

15  and/or omissions in violation of California Business and Professions Code § 17200.

16     33.    The acts of Defendants are unfair in violation of § 17200 in that they

17  are unscrupulous, immoral, unethical, oppressive and injurious to Plaintiffs.

18     34.    The acts of Defendants are illegal in violation of § 17200 in that they

19  violate the common laws against interference with contractual relations, and in that

20  the acts allow for unjust enrichment of Defendants.

21     35.    Plaintiffs are informed and believe, and on that basis allege, that

22  Defendants intend to continue the aforementioned unfair and illegal conduct in order

23  to obtain and publicly disclose confidential information regarding events that

24  transpire on the Bachelor Series episodes prior to their broadcast.  Defendants'

25  continuing interference with Plaintiffs' contracts with participants and employees of

26  the Bachelor Series would cause Plaintiffs great and irreparable injury, for which

27  damages would not afford adequate relief, in that they would not adequately

28  compensate for the injury to Plaintiffs' reputation and goodwill, including their

CALDWELL
LESLIE &
PROCTOR

-7-

COMPLAINT

1    reputation and goodwill with ABC and other television show distributors who must

2    rely on Plaintiffs to ensure that their shows' contents are not "spoiled" by pre-

3    broadcast disclosure.

4        WHEREFORE, Plaintiffs pray for judgment as follows:

5        1.    For damages in an amount to be proven at trial but in any case greater

6    than $75,000.

7        2.    For exemplary and punitive damages.

8        3.    For an order requiring Defendants to show cause why they should not

9    be enjoined as set forth below during the pendency of this action.

10        4.    For a preliminary injunction and a permanent injunction enjoining

11    Defendants from interfering with Plaintiffs' contracts with participants and

12    employees of the Bachelor Series episodes by soliciting non-public information

13    from participants and employees regarding events that transpire in Bachelor Series

14    episodes prior to their broadcast and by offering monetary inducements to

15    participants and employees to disclose such information.

16        5.    For an award of attorneys' fees and costs incurred as permitted by

17    applicable law.

18        6.    For any other and further relief as the Court may deem proper.

19

20    DATED: December **6**, 2011       Respectfully submitted,

21

22                           CALDWELL LESLIE & PROCTOR, PC
                              LINDA M. BURROW

23                            TINA WONG

24

25        By _____

26                     LINDA M. BURROW
                    Attorneys for Plaintiffs NZK PRODUCTIONS,

27                     INC. and HORIZON ALTERNATIVE
                    TELEVISION INC.

28

CALDWELL
LESLIE &
PROCTOR

-8-

COMPLAINT

Exhibit A

Page 14

**DEMAND FOR JURY TRIAL**

Plaintiffs NZK Productions, Inc. and Horizon Alternative Television, Inc. hereby demand trial by jury in this action.

DATED: December __V__, 2011          Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW
TINA WONG


By _____
     LINDA M. BURROW
Attorneys for Plaintiffs NZK PRODUCTIONS
INC. and HORIZON ALTERNATIVE
TELEVISION INC.

CALDWELL
LESLIE &
PROCTOR

-9-

COMPLAINT

Exhibit A
Page 15

EXHIBIT B TO
DECLARATION OF ANDREW W. DEFRANCIS

EXHIBIT B TO
DECLARATION OF ANDREW W. DEFRANCIS

1

2

3   **FILED:  1/31/12**

4

5   NOTE: CHANGES MADE BY THE COURT

6

7

8

9   **UNITED STATES DISTRICT COURT**

10   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

| | |
|---|---|
| 12   NZK PRODUCTIONS INC., a California corporation, and HORIZON<br>13   ALTERNATIVE TELEVISION INC., a Delaware corporation, | CASE NO. CV11-10118 GHK (Ex) |
| 14               Plaintiffs, | [~~PROPOSED~~] **ORDER GRANTING PLAINTIFFS'** *EX PARTE* **APPLICATION  (1) TO CONTINUE HEARING DATE ON** |
| 15   v. | **DEFENDANTS' MOTION TO DISMISS BY 60 DAYS TO PERMIT** |
| 16   STEPHEN CARBONE, an individual, | **JURISDICTIONAL DISCOVERY, AND (2) FOR AN ORDER** |
| 17   REALITY STEVE, LLC, a Texas limited liability corporation, and DOES | **PERMITTING PLAINTIFFS TO CONDUCT SUCH DISCOVERY;** |
| 18   1 through 10, inclusive, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 19               Defendants. | **THEREOF** |

20

21

22

23

24

25

26

27

28   <small>298107.1.doc</small>                                                          <small>CV11-10118 GHK (Ex)</small>

<small>[PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION
(1) TO CONTINUE HEARING DATE ON DEFENDANTS' MOTION TO DISMISS, AND
(2) FOR AN ORDER PERMITTING PLAINTIFFS TO CONDUCT SUCH DISCOVERY</small>

1        The Court has reviewed Plaintiffs NZK Productions Inc. and Horizon

2    Alternative Television Inc. (collectively, "Plaintiffs") *ex parte* application

3    ("Application") (1) to continue the hearing date on the motion to dismiss filed by

4    Defendants Stephen Carbone and Reality Steve, LLC (collectively, "Defendants")

5    by sixty (60) days so that Plaintiffs may conduct jurisdictional discovery, and (2) for

6    an order permitting Plaintiffs to conduct said jurisdictional discovery.  Defendants

7    have filed no opposition.   Having found good cause,

8        IT IS HEREBY ORDERED that Plaintiffs' Application is GRANTED.

9        The hearing date on Defendants' Motion to Dismiss for Lack of Personal

10   Jurisdiction shall be continued from March 12, 2012, at 9:30 a.m., to

11   __May 20___, 2012, at _9:30 a.m._

12       In the interim, Plaintiffs are hereby permitted leave of Court to conduct

13   written and oral jurisdictional discovery, including but not limited to, noticing

14   depositions of both Defendants, propounding interrogatories, requests for admission,

15   and requests for production, and serving subpoenas on relevant third parties for the

16   purposes of determining Defendants' connection with California.

17

18   Dated this _31ˢᵗ_ day of __Jan___, 2012.

19

20

21   By _____

22         Hon. George H. King

23

24

25

26

27

28   298107.1.doc

                                 2                          CV11-10118 GHK (Ex)

[PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION
(1) TO CONTINUE HEARING DATE ON DEFENDANTS' MOTION TO DISMISS, AND
(2) FOR AN ORDER PERMITTING PLAINTIFFS TO CONDUCT SUCH DISCOVERY

EXHIBIT C TO
DECLARATION OF ANDREW W. DEFRANCIS

EXHIBIT C TO
DECLARATION OF ANDREW W. DEFRANCIS

1  KELLEY DRYE & WARREN LLP
      Michael J. O'Connor (STATE BAR NO. 90017)
2     Andrew W. DeFrancis (STATE BAR NO. 246399)
   10100 Santa Monica Boulevard, Twenty-Third Floor
3  Los Angeles, California 90067-4008
   Telephone: (310) 712-6100
4  Facsimile: (310) 712-6199
   moconnor@kelleydrye.com
5  adefrancis@kelleydrye.com

6  Attorneys for Plaintiffs
   NZK PRODUCTIONS INC. and
7  HORIZON ALTERNATIVE
   TELEVISION INC.

8

9                    UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  NZK PRODUCTIONS INC., a           CASE NO. CV11-10118 GHK (Ex)
    California corporation, and HORIZON
13  ALTERNATIVE TELEVISION INC., a    **PLAINTIFF NZK PRODUCTIONS
14  Delaware corporation,             INC.'S FIRST SET OF SPECIAL
                                       INTERROGATORIES TO
15                     Plaintiffs,    DEFENDANT STEPHEN
                                       CARBONE**
16            v.

17  STEPHEN CARBONE, an individual,
    REALITY STEVE, LLC, a Texas
18  limited liability corporation, and DOES
    1 through 10, inclusive,
19
                       Defendants.
20

21

22

23

24  PROPOUNDING PARTY:        PLAINTIFF NZK PRODUCTIONS INC.

25  RESPONDING PARTY:         DEFENDANT STEPHEN CARBONE

26  SET NO.:                  ONE

27                                              Exhibit C

28                                              Page 18

   298408.1.doc                                 CV11-10118 GHK (Ex)
   _____
   PLAINTIFF NZK PRODUCTIONS INC.'S FIRST SET OF SPECIAL INTERROGATORIES
                    TO DEFENDANT STEPHEN CARBONE

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of

3  Civil Procedure and Local Rule 33-2 of the United States District Court for the

4  Central District of California, Defendant Stephen Carbone is directed to answer in

5  writing and under oath each of the following interrogatories propounded by Plaintiff

6  NZK Productions Inc. ("Interrogatories"), within the time provided by Rule 33.

7  **SPECIAL INTERROGATORIES**

8  **SPECIAL INTERROGATORY NO. 1:**

9      IDENTIFY all PERSONS who contacted YOU at steve@realitysteve.com

10  concerning THE BACHELOR SERIES between January 1, 2004, and the present.

11      The term "IDENTIFY," as used in these Interrogatories, shall mean: (a) as to

12  an individual, stating his or her full and customarily used names, present resident

13  address, business address, and business telephone number; (b) as to any person other

14  than an individual, stating its legal name and any other names used by it, the form or

15  manner of its organization (*e.g.*, partnership, corporation, etc.), the state of its

16  incorporation (if it is incorporated) or the state of its formation (if it is a partnership

17  or limited liability company), and the address of its principal place of business;

18  (c) as to any document, its author, recipient, sender, date(s), its subject matter, the

19  number of pages therein, and wherever possible its corresponding BATES

20  number(s); and (d) as to an event, transaction, or occurrence stating its date, the

21  location and the manner of its occurrence (*e.g.*, face-to-face meeting of participants,

22  telephone calls, etc.), the identification of all its participants and eyewitnesses to its

23  occurrence, its purpose and subject matter, a concise description of what transpired,

24  and IDENTIFY any document referring to or concerning said event, transaction, or

25  occurrence.

26      The terms "PERSON" and "PERSONS," as used in these Interrogatories,

27  shall mean all natural persons, partnerships, consortia, joint ventures, and every

28  other form of legally recognized entity, including corporations.

Exhibit C
Page 19

298408.1.doc

CV11-10118 GHK (Ex)

1    The terms "YOU" and "YOUR," as used in these Interrogatories, shall mean

2  Defendant Stephen Carbone, acting in his individual capacity or as an agent of

3  Defendant Reality Steve, LLC.

4    The term "THE BACHELOR SERIES," as used in these Interrogatories, shall

5  mean "The Bachelor," "The Bachelorette" and/or the "Bachelor Pad" television

6  series.

7  **SPECIAL INTERROGATORY NO. 2:**

8    State the date(s) that each PERSON identified in response to Special

9  Interrogatory No. 1 contacted YOU.

10  **SPECIAL INTERROGATORY NO. 3:**

11    IDENTIFY all PERSONS who YOU contacted from steve@realitysteve.com

12  concerning THE BACHELOR SERIES between January 1, 2004, and the present.

13  **SPECIAL INTERROGATORY NO. 4:**

14    State the date(s) that YOU contacted each PERSON identified in response to

15  Special Interrogatory No. 3.

16  **SPECIAL INTERROGATORY NO. 5:**

17    IDENTIFY all PERSONS who contacted YOU at twitter.com/realitysteve

18  concerning THE BACHELOR SERIES between January 1, 2004, and the present.

19  **SPECIAL INTERROGATORY NO. 6:**

20    State the date(s) that each PERSON identified in response to Special

21  Interrogatory No. 5 contacted YOU.

22  **SPECIAL INTERROGATORY NO. 7:**

23    IDENTIFY all PERSONS who YOU contacted from twitter.com/realitysteve

24  concerning THE BACHELOR SERIES between January 1, 2004, and the present.

25  **SPECIAL INTERROGATORY NO. 8:**

26    State the date(s) that YOU contacted each PERSON identified in response to

27  Special Interrogatory No. 7.

28  / / /

Exhibit C

Page 20

298408.1.doc

2

CV11-10118 GHK (Ex)

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY each public appearance that YOU made to promote www.realitysteve.com between January 1, 2004, and the present.

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY each INTERVIEW YOU gave concerning THE BACHELOR SERIES between January 1, 2004, and the present.

The term "INTERVIEW," as used in these Interrogatories, shall mean any type of media appearance, including but not limited to television, radio, print, or other type of media appearance.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY each ARTICLE that YOU authored concerning THE BACHELOR SERIES between January 1, 2004, and the present.

The term "ARTICLE," as used in these Interrogatories, shall mean any writing that appears on the internet, in an email or print newsletter, in a newspaper, in a magazine, or in any other print publication.

**SPECIAL INTERROGATORY NO. 12:**

IDENTIFY each PERSON from whom YOU received any information concerning THE BACHELOR SERIES between January 1, 2004, and the present.

**SPECIAL INTERROGATORY NO. 13:**

For each of the PERSONS identified in response to Special Interrogatory No. 12, state the date(s) each PERSON provided YOU with information about THE BACHELOR SERIES.

**SPECIAL INTERROGATORY NO. 14:**

IDENTIFY all communications that YOU initiated with any PERSON who is or was a resident of California concerning THE BACHELOR SERIES.

**SPECIAL INTERROGATORY NO. 15:**

IDENTIFY all communications that YOU initiated with any PERSON who is or was a resident of California concerning www.realitysteve.com

Exhibit C
Page 21

PLAINTIFF NZK PRODUCTIONS INC.'S FIRST SET OF SPECIAL INTERROGATORIES
TO DEFENDANT STEPHEN CARBONE

1    **SPECIAL INTERROGATORY NO. 16:**

2       IDENTIFY all communications that YOU received from any PERSON who

3   is or was a resident of California concerning THE BACHELOR SERIES.

4    **SPECIAL INTERROGATORY NO. 17:**

5       IDENTIFY all communications that YOU received from any PERSON who

6   is or was a resident of California concerning www.realitysteve.com

7    **SPECIAL INTERROGATORY NO. 18:**

8       IDENTIFY all trips that YOU made to California between January 1, 2004,

9   and the present.

10    **SPECIAL INTERROGATORY NO. 19:**

11       For each of the trips identified in response to Special Interrogatory No. 18,

12   IDENTIFY where you stayed while visiting California.

13    **SPECIAL INTERROGATORY NO. 20:**

14       Describe the purpose of each of the trips identified in response to Special

15   Interrogatory No. 18.

16    **SPECIAL INTERROGATORY NO. 21:**

17       IDENTIFY all real estate that YOU own in California, including any real

18   estate that you jointly own with another PERSON.

19    **SPECIAL INTERROGATORY NO. 22:**

20       IDENTIFY all bank accounts that YOU own or control in California.

21    **SPECIAL INTERROGATORY NO. 23:**

22       IDENTIFY all sources of income that YOU derive from California, including

23   all income derived from PERSONS who reside in California.

24    **SPECIAL INTERROGATORY NO. 24:**

25       IDENTIFY each time that YOU paid income taxes in California between

26   January 1, 2004, and the present.

27   / / /

28   / / /

Exhibit C

Page 22

PLAINTIFF NZK PRODUCTIONS INC.'S FIRST SET OF SPECIAL INTERROGATORIES
TO DEFENDANT STEPHEN CARBONE

**SPECIAL INTERROGATORY NO. 25:**

IDENTIFY each time that YOU voted in an ELECTION as a California resident between January 1, 2004, and the present.

The term "ELECTION", as used in these Interrogatories, shall mean any type of political election, including local, statewide, and national elections.

DATED: February 7, 2012

KELLEY DRYE & WARREN LLP
Michael J. O'Connor
Andrew W. DeFrancis

By _____
          Andrew W. DeFrancis
Attorneys for Plaintiffs NZK Productions Inc.
and Horizon Alternative Television Inc.

Exhibit C
Page 23

298408.1.doc

5

CV11-10118 GHK (Ex)

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Boulevard, Twenty-Third Floor, Los Angeles, California 90067.

On February 7, 2012, I served a true copy of the foregoing document described as **PLAINTIFF NZK PRODUCTIONS INC.'S FIRST SET OF SPECIAL INTERROGATORIES TO DEFENDANT STEPHEN CARBONE** on the interested parties in this action as follows:

D. Bradley Kizzia, Esq.
Brown Fox Kizzia & Johnson PLLC
8226 Douglas Avenue, Suite 411
Dallas, TX 75225
Fax: 214-613-3330
brad@brownfoxlaw.com
   *Attorneys for defendants Stephen Carbone and Reality Steve, LLC*

Gregg A. Farley, Esq.
Law Offices of Gregg A. Farley
11755 Wilshire Boulevard, Suite 1845
Los Angeles, CA 90025
Fax: 310-445-4109
gfarley@farleyfirm.com
   *Attorneys for defendants Stephen Carbone and Reality Steve, LLC*

☒ **BY FEDERAL EXPRESS:** I enclosed said document in an envelope or package provided by Federal Express and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of Federal Express or delivered such document to a courier or driver authorized by Federal Express to receive documents.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 7, 2012, at Los Angeles, California.

_____
Karen M. Tjaden

Exhibit C

Page 24

298408.1.doc

6

CV11-10118 GHK (Ex)

EXHIBIT D TO
DECLARATION OF ANDREW W. DEFRANCIS

EXHIBIT D TO
DECLARATION OF ANDREW W. DEFRANCIS

1  KELLEY DRYE & WARREN LLP
      Michael J. O'Connor (STATE BAR NO. 90017)
2     Andrew W. DeFrancis (STATE BAR NO. 246399)
   10100 Santa Monica Boulevard, Twenty-Third Floor
3  Los Angeles, California 90067-4008
   Telephone: (310) 712-6100
4  Facsimile: (310) 712-6199
   moconnor@kelleydrye.com
5  adefrancis@kelleydrye.com

6  Attorneys for Plaintiffs
   NZK PRODUCTIONS INC. and
7  HORIZON ALTERNATIVE
   TELEVISION INC.

8

9                    UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  NZK PRODUCTIONS INC., a              CASE NO. CV11-10118 GHK (Ex)
    California corporation, and HORIZON
13  ALTERNATIVE TELEVISION INC., a       **PLAINTIFF NZK PRODUCTIONS
    Delaware corporation,                INC.'S FIRST SET OF SPECIAL
14                                        INTERROGATORIES TO
                                         DEFENDANT REALITY STEVE,
15              Plaintiffs,              LLC**

16        v.

17  STEPHEN CARBONE, an individual,
    REALITY STEVE, LLC, a Texas
18  limited liability corporation, and DOES
    1 through 10, inclusive,
19
                Defendants.
20

21

22

23

24  PROPOUNDING PARTY:     PLAINTIFF NZK PRODUCTIONS INC.

25  RESPONDING PARTY:      DEFENDANT REALITY STEVE, LLC

26  SET NO.:               ONE

27                                              Exhibit D

28                                              Page 25

   298409.1.doc                               CV11-10118 GHK (Ex)

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of

3  Civil Procedure and Local Rule 33-2 of the United States District Court for the

4  Central District of California, Defendant Reality Steve, LLC is directed to answer in

5  writing and under oath each of the following interrogatories propounded by Plaintiff

6  NZK Productions Inc. (the "Interrogatories"), within the time provided by Rule 33.

7                           **SPECIAL INTERROGATORIES**

8  **SPECIAL INTERROGATORY NO. 1:**

9        IDENTIFY each PERSON with whom YOU registered

10  www.realitysteve.com between January 1, 2004, and the present.

11        The term "IDENTIFY," as used in these Interrogatories, shall mean: (a) as to

12  an individual, stating his or her full and customarily used names, present resident

13  address, business address, and business telephone number; (b) as to any person other

14  than an individual, stating its legal name and any other names used by it, the form or

15  manner of its organization (*e.g.*, partnership, corporation, etc.), the state of its

16  incorporation (if it is incorporated) or the state of its formation (if it is a partnership

17  or limited liability company), and the address of its principal place of business;

18  (c) as to any document, its author, recipient, sender, date(s), its subject matter, the

19  number of pages therein, and wherever possible its corresponding BATES

20  number(s); and (d) as to an event, transaction, or occurrence stating its date, the

21  location and the manner of its occurrence (*e.g.*, face-to-face meeting of participants,

22  telephone calls, etc.), the identification of all its participants and eyewitnesses to its

23  occurrence, its purpose and subject matter, a concise description of what transpired,

24  and IDENTIFY any document referring to or concerning said event, transaction, or

25  occurrence.

26        The terms "PERSON" and "PERSONS," as used in these Interrogatories,

27  shall mean all natural persons, partnerships, consortia, joint ventures, and every

28  other form of legally recognized entity, including corporations.

Exhibit D
Page 26

298409.1.doc

CV11-10118 GHK (Ex)

1      The terms "YOU," "YOUR," or "DEFENDANT," as used in these

2 Interrogatories, shall mean Defendant Reality Steve, LLC and each of its past and

3 present agents, associates, managers, representatives, accountants, attorneys, and

4 anyone else acting, or who has acted, on its behalf, including Defendant Stephen

5 Carbone.

6 **SPECIAL INTERROGATORY NO. 2:**

7      State the date(s) YOU registered www.realitysteve.com with each of the

8 PERSONS identified in response to Special Interrogatory No. 1.

9 **SPECIAL INTERROGATORY NO. 3:**

10      IDENTIFY each PERSON who HOSTED www.realitysteve.com between

11 January 1, 2004, and the present.

12      The term "HOSTED," as used in these Interrogatories, shall mean the act of

13 providing server space, internet services, and/or file maintenance for websites.

14 **SPECIAL INTERROGATORY NO. 4:**

15      State the date(s) that each PERSON identified in response to Special

16 Interrogatory No. 3 HOSTED www.realitysteve.com.

17 **SPECIAL INTERROGATORY NO. 5:**

18      IDENTIFY all agreements of any kind entered into between January 1, 2004,

19 and the present concerning advertising on www.realitysteve.com.

20 **SPECIAL INTERROGATORY NO. 6:**

21      IDENTIFY all PERSONS who have purchased advertising on

22 www.realityseteve.com between January 1, 2004, and the present.

23 **SPECIAL INTERROGATORY NO. 7:**

24      State all username accounts registered on www.realitysteve.com.

25 **SPECIAL INTERROGATORY NO. 8:**

26      For each of the username accounts identified in response to Special

27 Interrogatory No. 7, state the email address affiliated with each account.   Exhibit D

28 ///                                         Page 27

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY all PERSONS who have a contractual relationship of any kind with www.realitysteve.com.

**SPECIAL INTERROGATORY NO. 10:**

Describe YOUR contractual relationship with each PERSON identified in response to Special Interrogatory No. 9.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY all members of Reality Steve, LLC from January 1, 2004, through the present.

**SPECIAL INTERROGATORY NO. 12:**

For each of the PERSONS identified in response to Special Interrogatory No. 11, state the date(s) each PERSON was a member of Reality Steve, LLC.

**SPECIAL INTERROGATORY NO. 13:**

State the monthly number of visitors to www.realitysteve.com between January 1, 2004, and the present.

**SPECIAL INTERROGATORY NO. 14:**

State the monthly number of visits to www.realitysteve.com by PERSONS located in California between January 1, 2004, and the present.

**SPECIAL INTERROGATORY NO. 15:**

State the monthly number of visits to www.realitysteve.com by computers located in California between January 1, 2004, and the present.

**SPECIAL INTERROGATORY NO. 16:**

IDENTIFY all bank accounts that YOU own or control in California.

**SPECIAL INTERROGATORY NO. 17:**

IDENTIFY all sources of income that YOU derive from California, including all income derived from PERSONS who reside in California.

/ / /

/ / /

Exhibit D

Page 28

PLAINTIFF NZK PRODUCTIONS INC.'S FIRST SET OF SPECIAL INTERROGATORIES
TO DEFENDANT REALITY STEVE, LLC

1  **SPECIAL INTERROGATORY NO. 18:**

2      IDENTIFY each time that YOU paid income taxes in California between

3  January 1, 2004, and the present.

4  **SPECIAL INTERROGATORY NO. 19:**

5      IDENTIFY all trips to California made on behalf of YOU between January 1,

6  2004, and the present.

7  **SPECIAL INTERROGATORY NO. 20:**

8      Describe the purpose of each of the trips identified in response to Special

9  Interrogatory No. 19.

10  **SPECIAL INTERROGATORY NO. 21:**

11      IDENTIFY each PERSON from whom YOU received any information

12  concerning THE BACHELOR SERIES between January 1, 2004, and the present.

13      The term "THE BACHELOR SERIES," as used in these Interrogatories, shall

14  mean "The Bachelor," "The Bachelorette" and/or the "Bachelor Pad" television

15  series.

16  **SPECIAL INTERROGATORY NO. 22:**

17      For each of the PERSONS identified in response to Special Interrogatory No.

18  21, state the date(s) that each PERSON provided YOU with information about THE

19  BACHELOR SERIES.

20  **SPECIAL INTERROGATORY NO. 23:**

21      IDENTIFY each public appearance that YOU made to promote

22  www.realitysteve.com between January 1, 2004, and the present.

23  **SPECIAL INTERROGATORY NO. 24:**

24      IDENTIFY each member of YOUR member Yea! Network, LLC, as

25  identified at page 7 of YOUR MOTION TO DISMISS.

26      The term "MOTION TO DISMISS," as used in these Interrogatories, shall

27  mean Defendants Stephen Carbone and Reality Steve, LLC's Motion to Dismiss for

28  Lack of Personal Jurisdiction in this matter, filed on January 20, 2012.

**SPECIAL INTERROGATORY NO. 25:**

For each of the PERSONS identified in response to Special Interrogatory No. 24, state the date(s) each PERSON was a member of Yea! Network, LLC.

DATED: February 7, 2012   KELLEY DRYE & WARREN LLP
            Michael J. O'Connor
            Andrew W. DeFrancis

            By _____
              Andrew W. DeFrancis
            Attorneys for Plaintiff NZK Productions Inc.
            and Horizon Alternative Television Inc.

Exhibit D

Page 30

298409.1.doc        5       CV11-10118 GHK (Ex)

PLAINTIFF NZK PRODUCTIONS INC.'S FIRST SET OF SPECIAL INTERROGATORIES
TO DEFENDANT REALITY STEVE, LLC

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3        At the time of service, I was over 18 years of age and **not a party to this**
**action**. I am employed in the County of Los Angeles, State of California. My
4  business address is 10100 Santa Monica Boulevard, Twenty-Third Floor, Los
Angeles, California 90067.

5        On February 7, 2012, I served a true copy of the foregoing document
6  described as **PLAINTIFF NZK PRODUCTIONS INC.'S FIRST SET OF**
**SPECIAL INTERROGATORIES TO DEFENDANT REALITY STEVE, LLC**
7  on the interested parties in this action as follows:

8  D. Bradley Kizzia, Esq.                        Gregg A. Farley, Esq.
Brown Fox Kizzia & Johnson PLLC        Law Offices of Gregg A. Farley
9  8226 Douglas Avenue, Suite 411          11755 Wilshire Boulevard, Suite 1845
Dallas, TX  75225                              Los Angeles, CA  90025
10  Fax: 214-613-3330                            Fax: 310-445-4109
brad@brownfoxlaw.com                     gfarley@farleyfirm.com
11        *Attorneys for defendants Stephen*          *Attorneys for defendants Stephen*
*Carbone and Reality Steve, LLC*        *Carbone and Reality Steve, LLC*

12

13
      ☒     **BY FEDERAL EXPRESS:**  I enclosed said document in an envelope or
14  package provided by Federal Express and addressed to the persons at the addresses
listed in the Service List.  I placed the envelope or package for collection and
15  overnight delivery at an office or a regularly utilized drop box of Federal Express or
delivered such document to a courier or driver authorized by Federal Express to
16  receive documents.

17        ☒     FEDERAL:  I declare under penalty of perjury under the laws of the
United States of America that the foregoing is true and correct and that I am
18  employed in the office of a member of the bar of this Court at whose direction the
service was made.

19
      Executed on February 7, 2012, at Los Angeles, California.
20

21

22                                              _____
                                                  Karen M. Tjaden
23

24

25

26

27                                                              Exhibit D

                                                              Page 31
28

PLAINTIFF NZK PRODUCTIONS INC.'S FIRST SET OF SPECIAL INTERROGATORIES
TO DEFENDANT REALITY STEVE, LLC

EXHIBIT E TO
DECLARATION OF ANDREW W. DEFRANCIS

EXHIBIT E TO
DECLARATION OF ANDREW W. DEFRANCIS

Gregg A. Farley, SBN 115593
LAW OFFICES OF GREGG A. FARLEY
11755 Wilshire Blvd., Ste. 1845
Los Angeles, CA 90025
Telephone: (310) 445-4024
Facsimile: (310) 445-4109
gfarley@farleyfirm.com

D. Bradley Kizzia (Pro Hac Vice)
BROWN FOX KIZZIA & JOHNSON PLLC
8226 Douglas Avenue, Suite 411
Dallas, Texas 75225
Telephone: (469) 893-9940
Facsimile: (214) 613-3330
brad@brownfoxlaw.com

Attorneys for Defendants
STEPHEN CARBONE
and REALITY STEVE, LLC

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NZK PRODUCTIONS INC., a California corporation, and HORIZON ALTERNATIVE TELEVISION INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> STEPHEN CARBONE, an individual, and REALITY STEVE, LLC, a Texas limited liability corporation, <br><br> Defendants. | Case No.: CV11-10118-GHK (Ex) <br><br> DEFENDANT STEPHEN CARBONE'S RESPONSES TO PLAINTIFF NZK PRODUCTIONS INC.'S FIRST SET OF SPECIAL INTERROGATORIES |

Exhibit E
Page 32

-1-

PROPOUNDING PARTY:        PLAINTIFF NZK PRODUCTIONS INC.

RESPONDING PARTY:         DEFENDANT STEPHEN CARBONE

SET NO.:                  ONE

STEPHEN CARBONE'S RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

TO:  THE PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY all PERSONS who contacted YOU at steve@realitysteve.com concerning THE BACHELOR SERIES between January 1, 2004, and the present.

The term "IDENTIFY," as used in these Interrogatories, shall mean: (a) as to an individual, stating his or her full and customarily used names, present resident address, business address, and business telephone number; (b) as to any person other than an individual, stating its legal name and any other names used by it, the form or manner of its organization (e.g., partnership, corporation, etc.), the state of its incorporation (if it is incorporated) or the state of its formation (if it is a partnership or limited liability company), and the address of its principal place of business; (c) as to any document, its author, recipient, sender, date(s), its subject matter, the number of pages therein, and wherever possible its corresponding BATES number(s); and (d) as to an event, transaction, or occurrence stating its date, the location and the manner of its occurrence (e.g., face-to-face meeting of participants, telephone calls, etc.), the identification of all its participants and eyewitnesses to its occurrence, its purpose and subject matter, a concise description of what transpired, and IDENTIFY any document referring to or concerning said event, transaction, or occurrence.

STEPHEN CARBONE'S RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

The terms "PERSON" and "PERSONS," as used in these Interrogatories, shall mean all natural persons, partnerships, consortia, joint ventures, and every other form of legally recognized entity, including corporations.

The terms "YOU," "YOUR," or " DEFENDANT," as used in these Interrogatories, shall mean Defendant Stephen Carbone, acting in his individual capacity or as an agent of Defendant Reality Steve, LLC.

The term "THE BACHELOR SERIES," as used in these Interrogatories, shall mean "The Bachelor," "The Bachelorette" and/or the "Bachelor Pad" television series.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, I do not recall any names, dates or details of possible communications with California residents years go, but I do not believe I have made or received any communications with residents of California about non-public information concerning the Bachelor series since January 1, 2011. However,

-4-

on or about October 24, 2011, November 16, 2011 and November 18, 2011, Defendant sent three electronic communications to the following persons who do NOT live in California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer. However, no responsive information was received.

**SPECIAL INTERROGATORY NO. 2:**

State the date(s) that each PERSON identified in response to Special Interrogatory No. 1 contacted YOU.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, on or about October 24, 2011, November 16, 2011 and November 18, 2011, Defendant sent three electronic communications to the following persons who do NOT live in California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer. However, no responsive information was received.

STEPHEN CARBONE'S RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY all PERSONS who YOU contacted from steve@realitysteve.com concerning THE BACHELOR SERIES between January 1, 2004, and the present.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, I do not recall any names, dates or details of possible communications with California residents years go, but I do not believe I have made or received any communications with residents of California about non-public information concerning the Bachelor series since January 1, 2011. However, on or about October 24, 2011, November 16, 2011 and November 18, 2011, Defendant sent three electronic communications to the following persons who do NOT live in California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer. However, no responsive information was received.

STEPHEN CARBONE'S RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 4:**

State the date(s) that you contacted each PERSON identified in response to Special Interrogatory NO. 3.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, on or about October 24, 2011, November 16, 2011 and November 18, 2011, Defendant sent three electronic communications to the following persons who do NOT live in California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer. However, no responsive information was received.

**SPECIAL INTERROGATORY NO. 5:**

IDENTIFY all PERSONS who contacted YOU at twitter.com/realitysteve concerning THE BACHELOR SERIES between January 1, 2004, and the present.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is

-7-

relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, I do not recall any names, dates or details of possible communications with California residents years go, but I do not believe I have made or received any communications with residents of California about non-public information concerning the Bachelor series since January 1, 2011. However, on or about October 24, 2011, November 16, 2011 and November 18, 2011, Defendant sent three electronic communications to the following persons who do NOT live in California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer. However, no responsive information was received.

**SPECIAL INTERROGATORY NO. 6:**

State the date(s) that each PERSON identified in response to Special Interrogatory No. 5 contacted YOU.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not

-8-

reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, on or about October 24, 2011, November 16, 2011 and November 18, 2011, Defendant sent three electronic communications to the following persons who do NOT live in California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer. However, no responsive information was received.

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY all PERSONS who YOU contacted from twitter.com/realitysteve concerning THE BACHELOR SERIES between January 1, 2004, and the present.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, I do not recall any names, dates or details of possible communications with California residents years go, but I do not believe I have made or received any communications with residents of California about non-

-9-

public information concerning the Bachelor series since January 1, 2011. However, on or about October 24, 2011, November 16, 2011 and November 18, 2011, Defendant sent three electronic communications to the following persons who do NOT live in California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer. However, no responsive information was received.

**SPECIAL INTERROGATORY NO. 8:**

State the date(s) that YOU contacted each PERSON identified in response to Special Interrogatory No. 7.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, on or about October 24, 2011, November 16, 2011 and November 18, 2011, Defendant sent three electronic communications to the following persons who do NOT live in California: Jaclyn Swartz, Emily O'Brien and Casey Shteamer. However, no responsive information was received.

STEPHEN CARBONE'S RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY each public appearance that YOU made to promote www.realitysteve.com between January 1, 2004, and the present.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad and not reasonably limited to information that is relevant to Defendant's objection to jurisdiction in California. Subject to the foregoing objections and without waiving same, Defendant responds as follows:

Appearance on WFAA Channel 8 in Dallas, Texas on March 14, 2011.

Appearance at Bailey's Prime Plus in Dallas, Texas on March 14, 2011.

Three (3) additional appearances on WFAA Channel 8 in Dallas, Texas.

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY each INTERVIEW YOU gave concerning THE BACHELOR SERIES between January 1, 2004, and the present.

The term "INTERVIEW," as used in these Interrogatories, shall mean any type of media appearance, including but not limited to television, radio, print, or other type of media appearance.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad and not reasonably limited to information that is relevant to Defendant's objection to

-11-

jurisdiction in California. Subject to the foregoing objections and without waiving same, see Answer to Special Interrogatory No. 9. Additionally, there were various radio interviews, but none in California.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY each ARTICLE that YOU authored concerning THE BACHELOR SERIES between January 1, 2004, and the present.

The term "ARTICLE," as used in these Interrogatories, shall mean any writing that appears on the internet, in an email or print newsletter, in a newspaper, in a magazine, or in any other print publication.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad and not reasonably limited to information that is relevant to Defendant's objection to jurisdiction in California. Subject to the foregoing objections and without waiving same, see www.realitysteve.com.

**SPECIAL INTERROGATORY NO. 12:**

IDENTIFY each PERSON from whom YOU received any information concerning THE BACHELOR SERIES between January 1, 2004, and the present.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is

-12-

relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, I do not recall any names, dates or details of possible communications with California residents years go, but I do not believe I have made or received any communications with residents of California about non-public information concerning the Bachelor series since January 1, 2011.

**SPECIAL INTERROGATORY NO. 13:**

For each of the PERSONS identified in response to Special Interrogatory No. 12, state the date(s) each PERSON provided YOU with information about THE BACHELOR SERIES.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, see Answer to Special Interrogatory No. 12.

-13-

**SPECIAL INTERROGATORY NO. 14:**

IDENTIFY all communications that YOU initiated with any PERSON who is or was a resident of California concerning the BACHELOR SERIES.

**ANSWER:**

I do not recall any names, dates or details of possible communications with California residents years go, but I do not believe I have made or received any communications with residents of California about non-public information concerning the Bachelor series since January 1, 2011.

**SPECIAL INTERROGATORY NO. 15:**

IDENTIFY all communications that YOU initiated with any PERSON who is or was a resident of California concerning www.realitysteve.com.

**ANSWER:**

I do not recall any names, dates or details of possible communications with California residents years go, but I do not believe I have made or received any communications with residents of California about non-public information concerning the Bachelor series since January 1, 2011.

**SPECIAL INTERROGATORY NO. 16:**

IDENTIFY all communications that YOU received from any PERSON who is or was a resident of California concerning THE BACHELOR SERIES.

Exhibit E

Page 45

STEPHEN CARBONE'S RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

**ANSWER:**

I do not recall any names, dates or details of possible communications with California residents years go, but I do not believe I have made or received any communications with residents of California about non-public information concerning the Bachelor series since January 1, 2011.

**SPECIAL INTERROGATORY NO. 17:**

IDENTIFY all communications that YOU received from any PERSON who is or was a resident of California concerning www.realitysteve.com.

**ANSWER:**

I do not recall any names, dates or details of possible communications with California residents years go, but I do not believe I have made or received any communications with residents of California about non-public information concerning the Bachelor series since January 1, 2011.

**SPECIAL INTERROGATORY NO. 18:**

IDENTIFY all trips that you made to California between January 1, 2004, and the present.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad and unduly burdensome. Subject to these objections and without waiving same,

Defendant visited California approximately five (5) – six (6) times per year from January 1, 2006 through the present.

**SPECIAL INTERROGATORY NO. 19:**

For each of the trips identified in response to Special Interrogatory No. 18, IDENTIFY where you stayed while visiting California.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad and unduly burdensome. Subject to these objections and without waiving same, in the Huntington Beach area with family or in hotels.

**SPECIAL INTERROGATORY NO. 20:**

Describe the purpose of each of the trips identified in response to Special Interrogatory No. 18.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad and unduly burdensome. Subject to these objections and without waiving same, the trips to California were personal and not for business. Instead, they were for birthdays, vacations, and/or to visit family.

**SPECIAL INTERROGATORY NO. 21:**

IDENTIFY all real estate that YOU own in California, including any real estate that you jointly own with another PERSON.

STEPHEN CARBONE'S RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

**ANSWER:**

Defendant does not own any real estate in California.

**SPECIAL INTERROGATORY NO. 22:**

IDENTIFY all bank accounts that YOU own or control in California.

**ANSWER:**

Defendant does not own or control any bank accounts in California.

**SPECIAL INTERROGATORY NO. 23:**

IDENTIFY all sources of income that YOU derive from California, including all income derived from PERSONS who reside in California.

**ANSWER:**

Defendant does not derive any income from California.

**SPECIAL INTERROGATORY NO. 24:**

IDENTIFY each time that YOU paid income taxes in California between January 1, 2004, and the present.

**ANSWER:**

Defendant has not paid income taxes in California between January 1, 2004 and the present.

**SPECIAL INTERROGATORY NO. 25:**

IDENTIFY each time that YOU voted in an ELECTION as a California resident between January 1, 2004, and the present.

-17-

The term "ELECTION," as used in these Interrogatories, shall mean any type of political election, including local, statewide, and national elections.

**ANSWER:**

Defendant has not voted in an election as a California resident between January 1, 2004 and the present.

DATED: March 8th, 2012

BROWN FOX KIZZIA & JOHNSON PLLC

By: _____
D. Bradley Kizzia (Pro Hac Vice)
Attorneys for Defendants Stephen Carbone
and Reality Steve, LLC

DATED: March 8, 2012

LAW OFFICES OF GREGG A. FARLEY

By: _____
Gregg A. Farley
Attorneys for Defendants Stephen Carbone
and Reality Steve, LLC

-18-

1  Gregg A. Farley, SBN 115593 (local counsel)
   LAW OFFICES OF GREGG A. FARLEY
2  11755 Wilshire Blvd., Ste. 1845
   Los Angeles, CA 90025
3  Telephone: (310) 445-4024
   Facsimile: (310) 445-4109
4  gfarley@farleyfirm.com

5
   D. Bradley Kizzia (Pro Hac Vice)
6  BROWN FOX KIZZIA & JOHNSON PLLC
   8226 Douglas Avenue, Suite 411
7  Dallas, Texas 75225
   Telephone: (469) 893-9940
8  Facsimile: (214) 613-3330
   brad@brownfoxlaw.com
9

10 Attorneys for Defendants
   STEPHEN CARBONE
11 and REALITY STEVE, LLC

12

13            UNITED STATES DISTRICT COURT
14   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

16 NZK PRODUCTIONS INC., a        )
17 California corporation, and HORIZON )
   ALTERNATIVE TELEVISION INC., a) Case No.: CV11-10118-GHK (Ex)
18 Delaware corporation,           )
                                    )
19                                  )
            Plaintiffs,             )
20                                  )
       vs.                          ) DECLARATION OF STEPHEN
21                                  ) CARBONE IN SUPPORT OF
                                    ) REALITY STEVE, LLC'S
22 STEPHEN CARBONE, an individual, ) RESPONSES TO NZK
   and REALITY STEVE, LLC, a Texas ) PRODUCTIONS, INC.'S FIRST SET
23 limited liability corporation,   ) OF SPECIAL INTERROGATORIES
                                    )
24           Defendants.            )

25

26

27

28

## DECLARATION OF STEPHEN CARBONE

I, Stephen Carbone, declare and state:

1.      My name is Stephen Carbone. I am a Defendant in this lawsuit. I am capable of making this Declaration. I have read the attached answers to Plaintiff NZK Production Inc.'s First Set of Special Interrogatories, and every statement contained therein is within my personal knowledge and is true and correct.

I declare under penalty of perjury of the laws of the United States of America that the above facts are true and correct, and that this Declaration was executed this 7th day of March, 2012 in Dallas, Texas.

_____
Stephen Carbone

## PROOF OF SERVICE

**STATE OF TEXAS, COUNTY OF DALLAS**

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Dallas, State of Texas. My business address is 8226 Douglas Avenue, Suite 411, Dallas, Texas 75225

On March 9, 2012 I served a true copy of the foregoing document described as **DEFENDANT STEPHEN CARBONE'S RESPONSES TO PLAINTIFF NZK PRODUCTIONS INC.'S FIRST SET OF SPECIAL INTERROGATORIES** on the interest parties in this action as follows:

Michael J. O'Conner, Esq
Andrew W. DeFrancis, Esq
KELLEY DRYE & WARREN LLP
10100 Santa Monica Boulevard, Twenty-Third Floor
Los Angeles, CA 90067-4008
Tel: (310)712-6100
Fax: (310) 712-6199
moconner@kelleydrye.com
adefrancis@kelleydrye.com
*Attorneys for Plaintiff NZK Productions, Inc. a California Corporation and Horizon Alternative Television, Inc., a Delaware Corporation*

**BY UNITED STATE POSTAL SERVICE:** I enclosed a said document in an envelope or package and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection at an office or regularly utilized drop box of United States Postal Service or delivered such document to a courier or driver authorized by the United States Postal Service.

**FEDERAL:** I declared under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the State Bar of Texas and have been admitted to practice before this court *Pro Hac Vice.*

Executed on March 9, 2012, at Dallas, Texas.

_____
D. Bradley Kizzia

Exhibit E
Page 52

-1-

STEPHEN CARBONE'S RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES