EXHIBIT F TO
DECLARATION OF ANDREW W. DEFRANCIS

EXHIBIT F TO
DECLARATION OF ANDREW W. DEFRANCIS

Gregg A. Farley, SBN 115593
LAW OFFICES OF GREGG A. FARLEY
11755 Wilshire Blvd., Ste. 1845
Los Angeles, CA 90025
Telephone: (310) 445-4024
Facsimile: (310) 445-4109
gfarley@farleyfirm.com

D. Bradley Kizzia (Pro Hac Vice)
BROWN FOX KIZZIA & JOHNSON PLLC
8226 Douglas Avenue, Suite 411
Dallas, Texas 75225
Telephone: (469) 893-9940
Facsimile: (214) 613-3330
brad@brownfoxlaw.com

Attorneys for Defendants
STEPHEN CARBONE
and REALITY STEVE, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NZK PRODUCTIONS INC., a California corporation, and HORIZON ALTERNATIVE TELEVISION INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>    vs.<br><br>STEPHEN CARBONE, an individual, and REALITY STEVE, LLC, a Texas limited liability corporation,<br><br>        Defendants. | Case No.: CV11-10118-GHK (Ex)<br><br>DEFENDANT REALITY STEVE, LLC'S RESPONSES TO PLAINTIFF NZK PRODUCTIONS INC.'S FIRST SET OF SPECIAL INTERROGATORIES |

-1-

PROPOUNDING PARTY:    PLAINTIFF NZK PRODUCTIONS INC.

RESPONDING PARTY:    DEFENDANT REALITY STEVE, LLC

SET NO.:    ONE

-2-

TO:   THE PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY each PERSON with whom YOU registered www.realitysteve.com between January 1, 2004, and the present.

The term "IDENTIFY," as used in these Interrogatories, shall mean: (a) as to an individual, stating his or her full and customarily used names, present resident address, business address, and business telephone number; (b) as to any person other than an individual, stating its legal name and any other names used by it, the form or manner of its organization (e.g., partnership, corporation, etc.), the state of its incorporation (if it is incorporated) or the state of its formation (if it is a partnership or limited liability company), and the address of its principal place of business; (c) as to any document, its author, recipient, sender, date(s), its subject matter, the number of pages therein, and wherever possible its corresponding BATES number(s); and (d) as to an event, transaction, or occurrence stating its date, the location and the manner of its occurrence (e.g., face-to-face meeting of participants, telephone calls, etc.), the identification of all its participants and eyewitnesses to its occurrence, its purpose and subject matter, a concise description of what transpired, and IDENTIFY any document referring to or concerning said event, transaction, or occurrence.

REALITY STEVE, LLC'S RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

Exhibit F

The terms "PERSON" and "PERSONS," as used in these Interrogatories, shall mean all natural persons, partnerships, consortia, joint ventures, and every other form of legally recognized entity, including corporations.

The terms "YOU," "YOUR," or " DEFENDANT," as used in these Interrogatories, shall mean Defendant Reality Steve, LLC and each of its past and present agents, associates, managers, representatives, accountants, attorneys, and anyone else acting, or who has acted, on its behalf, including Defendant Stephen Carbone.

**ANSWER:**

www.realitysteve.com has only been registered with Stephen Carbone since January 1, 2004.

**SPECIAL INTERROGATORY NO. 2:**

State the date(s) YOU registered www.realitysteve.com with each of the PERSONS identified in response to Special Interrogatory No. 1.

**ANSWER:**

The website was registered with Stephen Carbone on or around January 1, 2004.

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY each PERSON who HOSTED www.realitysteve.com between January 1, 2004, and the present.

The term "HOSTED," as used in these Interrogatories, shall mean the act of providing server space, internet services, and/or file maintenance for websites.

**ANSWER:**

Yahoo Small Business and StormDemand.com have hosted www.realitysteve.com between January 1, 2004 and the present.

**SPECIAL INTERROGATORY NO. 4:**

State the date(s) that each PERSON identified in response to Special Interrogatory NO. 3 HOSTED www.realitysteve.com.

**ANSWER:**

Yahoo Small Business hosted the website until January 26, 2010. www.StormonDemand.com has hosted the website from January 26, 2010 through the present.

**SPECIAL INTERROGATORY NO. 5:**

IDENTIFY all agreements of any kind entered into between January 1, 2004, and the present concerning advertising on www.realitysteve.com.

**ANSWER:**

Defendant objects to this Special Interrogatory on the grounds that it is overly broad, vague and unduly burdensome. Subject to the foregoing objections and without waiving same, Reality Steve has entered into agreements with the following companies concerning advertising on the website: Google Adsense,

-5-

Value Click, Lijit, CPMonly, Underground Media, Adtegrity, Vibrant, and Gunggo.

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY all PERSONS who have purchased advertising on www.realitysteve.com between January 1, 2004, and the present.

**ANSWER:**

There have been a small number of independent advertisers that have purchased advertising on the website. The advertising purchased was only for a two-week period, and none of the advertisers were in California.

**SPECIAL INTERROGATORY NO. 7:**

State all username accounts registered on www.realitysteve.com.

**ANSWER:**

Defendant objects to this Special Interrogatory on the grounds that it is unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to the foregoing and without waiving same, Defendant responds as follows: there are approximately 17,000 users on www.realityseve.com, and each user has logged onto the website and crated a username at some point in time.

**SPECIAL INTERROGATORY NO. 8:**

For each of the username accounts identified in response to Special Interrogatory No. 7, state the email address affiliated with each account.

REALITY STEVE, LLC'S RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

**ANSWER:**

Defendant objects to this Special Interrogatory on the grounds that it is unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to the foregoing and without waiving same, Defendant responds as follows: there are approximately 17,000 users on www.realityseve.com, and each user has logged onto the website and crated a username at some point in time. The email addresses do not reflect the user's state of residence.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY all PERSONS who have a contractual relationship of any kind with www.realitysteve.com.

**ANSWER:**

Yea! Networks, LLC
220 E. Las Colinas Boulevard
Suite C120
Irving, Texas 75039

Steve Cook

Kris Drouet
25502 Coral Wood Street
Lake Forest, California 92630

**SPECIAL INTERROGATORY NO. 10:**

Describe YOUR contractual relationship with each PERSON identified in response to Special Interrogatory No. 9.

REALITY STEVE, LLC'S RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

Exhibit F

**ANSWER:**

Yea! Networks, LLC is a five percent (5%) owner of Reality Steve, LLC. Steve Cook is the manager of the Cooking Group, and was receiving a commission from www.realitysteve.com. Reality Steve's contractual relationship with Steve Cook ceased on February 15, 2012. Kris Drouet is an independent contractor who serves as Reality Steve's webmaster, and as such, receives a commission from www.realitysteve.com that is deposited in a bank account in Texas. The contract and the work that Mr. Drouet performs is done online and has nothing to do with his residence. He could live and be anywhere in the world and do his work as an independent contractor, as long as he has internet access.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY all members of Reality Steve, LLC from January 1, 2004, through the present.

**ANSWER:**

The members of Reality Steve, LLC have been, and currently are, Stephen Carbone and Yea! Networks, LLC.

**SPECIAL INTERROGATORY NO. 12:**

For each of the PERSONS identified in response to Special Interrogatory No. 11, state the date(s) each PERSON was a member of Reality Steve, LLC.

-8-

**ANSWER:**

Stephen Carbone became a member of Reality Steve, LLC on July 11, 2011. Yea! Networks, LLC became a member of Reality Steve, LLC on August 17, 2011.

**SPECIAL INTERROGATORY NO. 13:**

State the monthly number of visitors to www.realitysteve.com between January 1, 2004, and the present.

**ANSWER:**

www.realitysteve.com has approximately 2,000,000 visitors per month.

**SPECIAL INTERROGATORY NO. 14:**

State the monthly number of visits to www.realitysteve.com by PERSONS located in California between January 1, 2004, and the present.

**ANSWER:**

Defendant objects to this Special Interrogatory on the grounds that it is unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to the foregoing and without waiving same, I do not know. The website has approximately 2,000,000 visitors per month, and the email addresses of the visitors do not indicate where the visitors live.

**SPECIAL INTERROGATORY NO. 15:**

State the monthly number of visits to www.realitysteve.com by computers located in California between January 1, 2004, and the present.

**ANSWER:**

Defendant objects to this Special Interrogatory on the grounds that it is unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to the foregoing and without waiving same, I do not know. The email address of each person who visits the website does not indicate the location of each person's computer.

**SPECIAL INTERROGATORY NO. 16:**

IDENTIFY all bank accounts that YOU own or control in California.

**ANSWER:**

Reality Steve, LLC does not own or control any bank accounts in California.

**SPECIAL INTERROGATORY NO. 17:**

IDENTIFY all sources of income that YOU derive from California, including all income derived from PERSONS who reside in California.

**ANSWER:**

Reality Steve, LLC does not derive any income from California.

-10-

**SPECIAL INTERROGATORY NO. 18:**

IDENTIFY each time that YOU paid income taxes in California between January 1, 2004, and the present.

**ANSWER:**

Reality Steve, LLC has not paid any income taxes in California between January 1, 2004 and the present.

**SPECIAL INTERROGATORY NO. 19:**

IDENTIFY all trips to California made on behalf of YOU between January 1, 2004, and the present.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad and unduly burdensome. Subject to these objections and without waiving same, no trips have been made to California on behalf of Reality Steve, LLC between January 1, 2004 and the present.

**SPECIAL INTERROGATORY NO. 20:**

Describe the purpose of each of the trips identified in response to Special Interrogatory No. 19.

REALITY STEVE, LLC'S RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

Exhibit F

Page 63

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad and unduly burdensome. Subject to these objections and without waiving same, see Answer to Special Interrogatory No. 19.

**SPECIAL INTERROGATORY NO. 21:**

IDENTIFY each PERSON from whom YOU received any information concerning THE BACHELOR SERIES between January 1, 2004, and the present.

The term "THE BACHELOR SERIES," as used in these Interrogatories, shall mean "The Bachelor," "The Bachelorette" and/or the "Bachelor Pad" television series.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, I do not recall any names, dates or details of possible communications with California residents years go, but I do not believe I have

-12-

made or received any communications with residents of California about non-public information concerning the Bachelor series since January 1, 2011.

**SPECIAL INTERROGATORY NO. 22:**

For each of the PERSONS identified in response to Special Interrogatory No. 21, state the date(s) that each PERSON provided YOU with information about THE BACHELOR SERIES.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, see Answer to Special Interrogatory No. 21.

**SPECIAL INTERROGATORY NO. 23:**

IDENTIFY each public appearance that YOU made to promote www.realitysteve.com between January 1, 2004, and the present.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad and not reasonably limited to information that is relevant to Defendant's objection to

-13-

jurisdiction in California. Subject to the foregoing objections and without waiving same, Defendant responds as follows:

Appearances on WFAA Channel 8 in Dallas, Texas – March 14, 2011.

Appearance at Bailey's Prime Plus in Dallas, Texas – March 14, 2011.

Three additional appearances on WFAA Channel 8 in Dallas, Texas.

Various radio interviews, but not in California.

**SPECIAL INTERROGATORY NO. 24:**

IDENTIFY each member of YOUR member Yea! Network, LLC, as identified at page 7 of YOUR MOTION TO DISMISS.

The term "MOTION TO DISMISS," as used in these Interrogatories, shall mean Defendants Stephen Carbone and Reality Steve, LLC's Motion to Dismiss for Lack of Personal Jurisdiction in this matter, filed on January 20, 2012.

**ANSWER:**

See Defendants' Response to the Court's February 9, 2012 Order to Show Cause Re: Citizenship of Reality Steve, LLC and the Declarations and exhibits filed therewith.

**SPECIAL INTERROGATORY NO. 25:**

For each of the PERSONS identified in response to Special Interrogatory No. 24, state the date(s) each PERSON was a member of Yea! Network, LLC.

-14-

**ANSWER:**

See Defendants' Response to the Court's February 9, 2012 Order to Show

Cause Re: Citizenship of Reality Steve, LLC and the Declarations and Exhibits

filed therewith. See also Defendant's Answer to Special Interrogatory No. 12.

DATED: March 8th, 2012

BROWN FOX KIZZIA & JOHNSON PLLC

By: _____
D. Bradley Kizzia (Pro Hac Vice)
Attorneys for Defendants Stephen Carbone
and Reality Steve, LLC

DATED: March 8, 2012

LAW OFFICES OF GREGG A. FARLEY

By: _____
Gregg A. Farley
Attorneys for Defendants Stephen Carbone
and Reality Steve, LLC

-15-

1  Gregg A. Farley, SBN 115593 (local counsel)
   LAW OFFICES OF GREGG A. FARLEY
2  11755 Wilshire Blvd., Ste. 1845
   Los Angeles, CA 90025
3  Telephone: (310) 445-4024
   Facsimile: (310) 445-4109
4  gfarley@farleyfirm.com

5
   D. Bradley Kizzia (Pro Hac Vice)
6  BROWN FOX KIZZIA & JOHNSON PLLC
   8226 Douglas Avenue, Suite 411
7  Dallas, Texas 75225
   Telephone: (469) 893-9940
8  Facsimile: (214) 613-3330
   brad@brownfoxlaw.com
9

10 Attorneys for Defendants
   STEPHEN CARBONE
11 and REALITY STEVE, LLC

12

13          UNITED STATES DISTRICT COURT
14  CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

16 NZK PRODUCTIONS INC., a          )
17 California corporation, and HORIZON )
   ALTERNATIVE TELEVISION INC., a) Case No.: CV11-10118-GHK (Ex)
18 Delaware corporation,            )
19                                  )
                                    )
20          Plaintiffs,             )
         vs.                        ) DECLARATION OF STEPHEN
21                                  ) CARBONE IN SUPPORT OF
22 STEPHEN CARBONE, an individual,  ) STEPHEN CARBONE'S RESPONSES
   and REALITY STEVE, LLC, a Texas  ) TO NZK PRODUCTIONS, INC.'S
23 limited liability corporation,   ) FIRST SET OF SPECIAL
          Defendants.              ) INTERROGATORIES
24                                  )
25

26

27

28

## DECLARATION OF STEPHEN CARBONE

I, Stephen Carbone, declare and state:

1.     My name is Stephen Carbone. I am a member of Defendant Reality Steve, LLC in this lawsuit. I am capable of making this Declaration. I have read the attached answers to Plaintiff NZK Production Inc.'s First Set of Special Interrogatories, and every statement contained therein is within my personal knowledge and is true and correct.

I declare under penalty of perjury of the laws of the United States of America that the above facts are true and correct, and that this Declaration was executed this 7th day of March, 2012 in Dallas, Texas.

Stephen Carbone for Reality Steve, LLC

**PROOF OF SERVICE**

**STATE OF TEXAS, COUNTY OF DALLAS**

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Dallas, State of Texas. My business address is 8226 Douglas Avenue, Suite 411, Dallas, Texas 75225

On March 9, 2012 I served a true copy of the foregoing document described as **DEFENDANT REALITY STEVE LLC'S RESPONSES TO PLAINTIFF NZK PRODUCTIONS INC.'S FIRST SET OF SPECIAL ITERROGATORIES** on the interest parties in this action as follows:

Michael J. O'Conner, Esq
Andrew W. DeFrancis, Esq
KELLEY DRYE & WARREN LLP
10100 Santa Monica Boulevard, Twenty-Third Floor
Los Angeles, CA 90067-4008
Tel: (310)712-6100
Fax: (310) 712-6199
moconner@kelleydrye.com
adefrancis@kelleydrye.com
        *Attorneys for Plaintiff NZK Productions, Inc. a*
*California Corporation and Horizon Alternative*
*Television, Inc., a Delaware Corporation*

**BY UNITED STATE POSTAL SERVICE:** I enclosed a said document in an envelope or package and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection at an office or regularly utilized drop box of United States Postal Service or delivered such document to a courier or driver authorized by the United States Postal Service.

FEDERAL: I declared under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the State Bar of Texas and have been admitted to practice before this court *Pro Hac Vice.*

Executed on March 9, 2012, at Dallas, Texas.


_____
                D. Bradley Kizzia

-1-

EXHIBIT G TO
DECLARATION OF ANDREW W. DEFRANCIS

EXHIBIT G TO
DECLARATION OF ANDREW W. DEFRANCIS

# KELLEY DRYE & WARREN LLP

10100 SANTA MONICA BOULEVARD
TWENTY-THIRD FLOOR
LOS ANGELES, CALIFORNIA 90067-4008
TELEPHONE (310) 712-6100
FACSIMILE (310) 712-6199

ANDREW W. DEFRANCIS
310.712.6155
adefrancis@kelleydrye.com

March 15, 2012

**_Via Email and U.S. Mail_**

D. Bradley Kizzia
Brown Fox Kizzia & Johnson PLLC
8226 Douglas Avenue, Suite 411
Dallas, TX 75225

　　　Re:　Defendants' Responses to NZK Productions Inc.'s Special Interrogatories
　　　　　*NZK Productions Inc., et al. v. Stephen Carbone, et al.*
　　　　　Central District of California Case No. CV11-10118-GHK (Ex)

Brad:

　　　We have received Defendants Stephen Carbone and Reality Steve, LLC's responses to Plaintiff NZK Productions Inc.'s First Set of Special Interrogatories, which were served on March 9, 2012, and they are inadequate in a number of respects. We write to initiate the meet and confer process pursuant to Federal Rule of Civil Procedure 37.

　　　Each of the interrogatories discussed below are entirely appropriate, and we suggest that Mr. Carbone and Reality Steve, LLC reconsider their responses and issue supplemental responses to the interrogatories promptly. As you know, both Mr. Carbone and Reality Steve, LLC will be sitting for a deposition concerning their motion to dismiss for personal jurisdiction on April 4, 2012; accordingly, we are on a short timeline. If Mr. Carbone and Reality Steve, LLC refuse to supplement their responses fully, NZK Productions will request an order shortening time to move to compel (or, in the alternative, will request that the Court continue the hearing on Defendants' motion to dismiss for lack of personal jurisdiction so that Plaintiffs may properly defend the challenge).

## I.　**Defendant Stephen Carbone's Responses to Special Interrogatories**

　　　First, Defendant Stephen Carbone applies artificial and unfounded limitations to many of his responses.  For example, in response to Special Interrogatory No. 1, which requests that Mr. Carbone "[i]dentify all persons who contacted [him] at steve@realitysteve.com concerning the Bachelor Series between January 1, 2004, and the present," Mr. Carbone does not identify a single person who contacted him. Instead, he claims that he "does not recall any names, dates or details of possible communications with California residents years go [*sic*], but I do not believe I have

Exhibit G

Page 71

**KELLEY DRYE & WARREN LLP**

D. Bradley Kizzia
March 15, 2012
Page 2

made or received any communications with residents of California about non-public information concerning the Bachelor series since January 1, 2011."

There are several problems with this response. First, the persons who contacted Mr. Carbone since January 1, 2004, are readily identifiable by consulting the email address referenced in the interrogatory, for which nothing should have been deleted related to the Bachelor Series since at least last November. Second, the interrogatory does not limit itself to California residents that contacted Mr. Carbone, nor does it limit itself to "non-public information" concerning the Bachelor Series; rather, the interrogatory requests "all persons" who contacted Mr. Carbone "concerning the Bachelor Series." Finally, as seen throughout Mr. Carbone's responses, Mr. Carbone applies a unilateral date restriction on his response, i.e., "since January 1, 2011." NZK Productions requests that Mr. Carbone supplement his response to Special Interrogatory No. 1 forthwith.

In addition, several of Mr. Carbone's other interrogatory responses suffer from the same deficiencies, including Nos. 2 (which references the response to No. 1), 3, 4 (which references the response to No. 3), 5, 6 (which references the response to No. 5), 7, 8 (which references the response to No. 7), 12, and 13 (which references the response to No. 12). Accordingly, NZK Productions requests that Mr. Carbone supplement his responses to Special Interrogatory Nos. 2 through 8, 12, and 13, as well.

Second, in response to Special Interrogatory No. 10, which asks Mr. Carbone to "[i]dentify each interview [he] gave concerning the Bachelor Series between January 1, 2004, and the present," Mr. Carbone fails to provide any response other than referencing his response to Special Interrogatory No. 9 and adding, "there were various radio interviews, but none in California." This response is unacceptable. The Federal Rules provide for broad discovery, and according to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." NZK Productions is entitled to know the date and station that broadcast all of Mr. Carbone's interviews, regardless of whether they occurred in California or not. If those interviews were transmitted in California or were picked up by a national network, for instance, those would certainly impact the Court's ruling on personal jurisdiction.

Third, in response to Special Interrogatories Nos. 14, 15, 16, and 17, Mr. Carbone unilaterally limited each of his responses to "since January 1, 2011," when there was no such date limitation on the interrogatories. Although NZK Productions will agree to a date limitation, it will certainly not agree to one in 2011. NZK Productions requests that Mr. Carbone supplement these responses, at least regarding communications since January 1, 2004.

**KELLEY DRYE & WARREN LLP**

D. Bradley Kizzia
March 15, 2012
Page 3

Finally, in response to Special Interrogatory No. 18, Mr. Carbone indicates that he "visited California approximately five (5) – six (6) times per year from January 1, 2006 through the present," but he fails to provide any additional details. As defined in the Special Interrogatories, the term "identify" means, "as to an event . . . stating its date, the location and the manner of its occurrence, [etc.]." NZK Productions requests that Mr. Carbone provide at least each of the dates that he traveled to and from California since January 1, 2004.

As you know, on January 31, 2012, the Court granted Plaintiffs' *ex parte* application for an order permitting Plaintiffs to conduct jurisdictional discovery, "including but not limited to . . . propounding interrogatories[.]" That said, NZK Productions is particularly concerned about Mr. Carbone's inadequate responses given the upcoming April 4, 2012, deposition on personal jurisdiction. NZK Productions needs complete responses to these Special Interrogatories before that deposition so that it may properly examine Mr. Carbone and oppose Mr. Carbone's motion to dismiss for lack of personal jurisdiction.

## II.    Defendant Reality Steve, LLC's Responses to Special Interrogatories

Reality Steve, LLC's responses to NZK Productions' First Set of Special Interrogatories are also deficient. For example, in response to Special Interrogatory No. 3, Reality Steve, LLC fails to provide any contact information for the parties that host(ed) www.realitysteve.com, and in response to Special Interrogatory No. 5, it fails to provide any contact information for the parties to – or dates of – the agreements concerning advertising on www.realitysteve.com. NZK Productions requests that Reality Steve, LLC supplement its response to these two interrogatories, given that the term "identify" is defined in the Special Interrogatories and requires contact information and dates. This information is highly relevant to Defendants' personal jurisdiction objections.

In response to Special Interrogatory No. 6, Reality Steve, LLC provides no response. NZK Productions requests that Reality Steve, LLC identify all persons that purchased advertising on www.realitysteve.com between January 1, 2004, and the present, notwithstanding Reality Steve, LLC's comment that "[t]he advertising purchased was only for a two-week period, and none of the advertisers were in California." Those objections certainly do not entitle Reality Steve, LLC to not provide details about anybody who purchased such advertising.

NZK Productions similarly requests that Reality Steve, LLC supplement its response to Special Interrogatory No. 9 as it relates to Steve Cook. While Reality Steve, LLC provides contact information for Yea! Networks, LLC and Kris Drouet, it does not provide contact information for Mr. Cook. While a subsequent response later identifies that Reality Steve, LLC's contractual relationship with Mr. Cook ended on February 15,

**KELLEY DRYE & WARREN LLP**

D. Bradley Kizzia
March 15, 2012
Page 4

2012 – the day NZK Productions served its Requests for Production in this matter – that does not permit Reality Steve, LLC to withhold Mr. Cook's contact information.

In response to Special Interrogatories Nos. 14 and 15, Reality Steve, LLC indicates that it "do[es] not know" what number of the 2,000,000 visitors to www.realitysteve.com per month visit from California, given that the "email address" of the visitors does not disclose their location. However, location data is easily found in reference to IP tracking logs that webmasters control. NZK Productions requests that Reality Steve, LLC supplement those two responses accordingly.

Finally, like Mr. Carbone's responses, Reality Steve, LLC seems to employ the strategies of employing unilateral and unacceptable date limitations and choosing not to answer the interrogatories that were requested. For the reasons set forth above, NZK Productions requests that Reality Steve, LLC supplement its responses to Interrogatories Nos. 21, 22 and 23.

Regrettably, as delineated above, both Mr. Carbone's and Reality Steve, LLC's responses compel the conclusion that NZK Productions may need to quickly move to compel supplemental responses if they do not reconsider its positions. However, we hope that we can resolve these matters informally, so please let us know your availability to discuss as soon as possible.

Please do not hesitate to call with any questions.

Best Regards,

Andrew W. DeFrancis
**KELLEY DRYE & WARREN LLP**

cc:   Gregg A. Farley (via email)
      Michael J. O'Connor (via email)

Exhibit G
Page 74

EXHIBIT H TO
DECLARATION OF ANDREW W. DEFRANCIS

EXHIBIT H TO
DECLARATION OF ANDREW W. DEFRANCIS

E-FILED 03/30/2012

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NZK PRODUCTIONS INC., a California corporation, and HORIZON ALTERNATIVE TELEVISION INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>STEPHEN CARBONE, an individual, REALITY STEVE, LLC, a Texas limited liability corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. CV11-10118 GHK (Ex)<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION TO CONTINUE HEARING DATE ON DEFENDANTS' MOTION TO DISMISS BY 60 DAYS TO PERMIT TIME TO COMPEL AND RECEIVE SUPPLEMENTAL RESPONSES TO JURISDICTIONAL DISCOVERY |

CV11-10118 GHK (Ex)
[PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION
TO CONTINUE HEARING DATE ON DEFENDANTS' MOTION TO DISMISS BY 60 DAYS TO PERMIT
TIME TO COMPEL AND RECEIVE SUPPLEMENTAL RESPONSES TO JURISDICTIONAL DISCOVERY

1        The Court has reviewed Plaintiffs NZK Productions Inc. and Horizon

2   Alternative Television Inc. (collectively, "Plaintiffs") *ex parte* application

3   ("Application") to continue the hearing date on the motion to dismiss filed by

4   Defendants Stephen Carbone and Reality Steve, LLC (collectively, "Defendants")

5   by sixty (60) days to permit Plaintiffs time to compel and receive supplemental

6   responses to the jurisdictional discovery they propounded, as well as any response

7   filed by Defendants.  Having found good cause,

8        IT IS HEREBY ORDERED that Plaintiffs' Application is GRANTED.

9        The hearing date on Defendants' Motion to Dismiss for Lack of Personal

10   Jurisdiction shall be continued from May 20, 2012, at 9:30 a.m., to <u>7/23/2012</u>, at

11   <u>9:30 a.m.</u>.

12

13   Dated this <u>30</u> day of <u>March,</u> 2012.

14

15

16

17       By _____

18              Hon. George H. King

19

20

21

22

23

24

25

26

27

28   299397.1.doc                    1           CV11-10118 GHK (Ex)

[PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION
TO CONTINUE HEARING DATE ON DEFENDANTS' MOTION TO DISMISS BY 60 DAYS TO PERMIT
TIME TO COMPEL AND RECEIVE SUPPLEMENTAL RESPONSES TO JURISDICTIONAL DISCOVERY

Exhibit H
Page 76

EXHIBIT I TO
DECLARATION OF ANDREW W. DEFRANCIS

EXHIBIT I TO
DECLARATION OF ANDREW W. DEFRANCIS

Gregg A. Farley, SBN 115593
LAW OFFICES OF GREGG A. FARLEY
11755 Wilshire Blvd., Ste. 1845
Los Angeles, CA 90025
Telephone: (310) 445-4024
Facsimile: (310) 445-4109
gfarley@farleyfirm.com

D. Bradley Kizzia (Pro Hac Vice)
BROWN FOX KIZZIA & JOHNSON PLLC
8226 Douglas Avenue, Suite 411
Dallas, Texas 75225
Telephone: (469) 893-9940
Facsimile: (214) 613-3330
brad@brownfoxlaw.com

Attorneys for Defendants
STEPHEN CARBONE
and REALITY STEVE, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NZK PRODUCTIONS INC., a California corporation, and HORIZON ALTERNATIVE TELEVISION INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> STEPHEN CARBONE, an individual, and REALITY STEVE, LLC, a Texas limited liability corporation, <br><br> Defendants. | Case No.: CV11-10118-GHK (Ex) <br><br> DEFENDANT STEPHEN CARBONE'S SUPPLEMENTAL RESPONSES TO PLAINTIFF NZK PRODUCTIONS INC.'S FIRST SET OF SPECIAL INTERROGATORIES |

-1-

PROPOUNDING PARTY:     PLAINTIFF NZK PRODUCTIONS INC.

RESPONDING PARTY:      DEFENDANT STEPHEN CARBONE

SET NO.:               ONE

TO:  THE PARTIES AND TO THEIR ATTORNEYS OF RECORD:

The Plaintiffs have agreed to narrow the scope of Plaintiff NZK Productions Inc.'s First Set of Special Interrogatories to information from January 1, 2009 to the present. All supplemental responses set forth herein will thus be limited to such time frame. Accordingly, in addition to the responses previously served, Defendant Stephen Carbone hereby provides the following supplemental information:

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY all PERSONS who contacted YOU at steve@realitysteve.com concerning THE BACHELOR SERIES between January 1, 2004, and the present.

The term "IDENTIFY," as used in these Interrogatories, shall mean: (a) as to an individual, stating his or her full and customarily used names, present resident address, business address, and business telephone number; (b) as to any person other than an individual, stating its legal name and any other names used by it, the form or manner of its organization (e.g., partnership, corporation, etc.), the state of its incorporation (if it is incorporated) or the state of its formation (if it is a partnership or limited liability company), and the address of its principal place of business; (c) as to any document, its author, recipient, sender, date(s), its subject

-2-

matter, the number of pages therein, and wherever possible its corresponding BATES number(s); and (d) as to an event, transaction, or occurrence stating its date, the location and the manner of its occurrence (e.g., face-to-face meeting of participants, telephone calls, etc.), the identification of all its participants and eyewitnesses to its occurrence, its purpose and subject matter, a concise description of what transpired, and IDENTIFY any document referring to or concerning said event, transaction, or occurrence.

The terms "PERSON" and "PERSONS," as used in these Interrogatories, shall mean all natural persons, partnerships, consortia, joint ventures, and every other form of legally recognized entity, including corporations.

The terms "YOU," "YOUR," or " DEFENDANT," as used in these Interrogatories, shall mean Defendant Stephen Carbone, acting in his individual capacity or as an agent of Defendant Reality Steve, LLC.

The term "THE BACHELOR SERIES," as used in these Interrogatories, shall mean "The Bachelor," "The Bachelorette" and/or the "Bachelor Pad" television series.

## ANSWER:

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further

STEPHEN CARBONE'S SUPPLEMENTAL RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

Exhibit I
Page 79

objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, and in addition to the information previously provided: I do not recall any names, dates or details of possible communications with California residents years ago, but I do not believe I have made or received any communications with residents of California under contract of confidentiality with Plaintiff about non-public information concerning the Bachelor series since January 1, 2009.

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY all PERSONS who YOU contacted from steve@realitysteve.com concerning THE BACHELOR SERIES between January 1, 2004, and the present.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and

-4-

without waiving same, and in addition to the information previously provided: I do not recall any names, dates or details of possible communications with California residents years ago, but I do not believe I have made or received any communications with residents of California under contract of confidentiality with Plaintiff about non-public information concerning the Bachelor series since January 1, 2009.

**SPECIAL INTERROGATORY NO. 5:**

IDENTIFY all PERSONS who contacted YOU at twitter.com/realitysteve concerning THE BACHELOR SERIES between January 1, 2004, and the present.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, and in addition to the information previously provided: I do not recall any names, dates or details of possible communications with California residents years ago, but I do not believe I have made or received any twitter

STEPHEN CARBONE'S SUPPLEMENTAL RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

Exhibit I

Page 81

communications with residents of California about non-public information concerning the Bachelor series since January 1, 2009.

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY all PERSONS who YOU contacted from twitter.com/realitysteve concerning THE BACHELOR SERIES between January 1, 2004, and the present.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, and in addition to the information previously provided: I do not recall any names, dates or details of possible communications with California residents years ago, but I do not believe I have made or received any twitter communications with residents of California about non-public information concerning the Bachelor series since January 1, 2009.

STEPHEN CARBONE'S SUPPLEMENTAL RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

Exhibit I
Page 82

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY each INTERVIEW YOU gave concerning THE BACHELOR SERIES between January 1, 2004, and the present.

The term "INTERVIEW," as used in these Interrogatories, shall mean any type of media appearance, including but not limited to television, radio, print, or other type of media appearance.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad and not reasonably limited to information that is relevant to Defendant's objection to jurisdiction in California. Subject to the foregoing objections and without waiving same, and in addition to the information previously provided:

B96 - Chicago, Illinois
http://b96.cbslocal.com/
Showbiz Shelly Show
January 10, 2012

WSNX - Grand Rapids, Michigan
http://www.1045snx.com/main.html
The "Morning After" Show
January 2010; March 2010; May 2010; August 2010; September 2010; January 2011; March 2011; May 2011; August 2011; September 2011; January 2012; March 2012

-7-

KISS FM - Dallas, Texas
http://kiddnation.com/
Kidd Kraddick in the Morning
January 2010; March 2010; May 2010; August 2010; September 2010; January 2011; March 2011; May 2011; August 2011; September 2011; January 3, 2012; March 2012

Play 98.7 - Tampa, Fla
http://play987.radio.com/
That Guy Kramer Morning Show
January 2012

KISS FM 92.5 - Toronto, Canada
http://www.kiss925.com/roz-and-mocha/
Roz & Mocha Show
January or early February 2012

WPRO 99.7 FM - Providence, Rhode Island
http://630wpro.com/default.asp
This Week in Entertainment with Bekah Berger
January 2011; July 2011; February 2012

Podcast interview
CelebritySideDish
August 8 and August 9, 2010

Internet interview
webpronews.com (via skype)
June 14, 2011

**SPECIAL INTERROGATORY NO. 12:**

IDENTIFY each PERSON from whom YOU received any information concerning THE BACHELOR SERIES between January 1, 2004, and the present.

-8-

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, and in addition to the information previously provided: I do not recall any names, dates or details of possible communications with California residents years ago, but I do not believe I have made or received any communications with residents of California under contract of confidentiality with Plaintiff about non-public information concerning the Bachelor series since January 1, 2009.

**SPECIAL INTERROGATORY NO. 14:**

IDENTIFY all communications that YOU initiated with any PERSON who is or was a resident of California concerning the BACHELOR SERIES.

**ANSWER:**

Defendant objects to this Special Interrogatory because as stated, the interrogatory seeks irrelevant information not  reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the

-9-

journalistic privilege. Subject to these objections and without waiving same, and in addition to the information previously provided: I do not recall any names, dates or details of possible communications with California residents years ago, but I do not believe I have made or received any communications with residents of California under contract of confidentiality with Plaintiff about non-public information concerning the Bachelor series since January 1, 2009.

**SPECIAL INTERROGATORY NO. 15:**

IDENTIFY all communications that YOU initiated with any PERSON who is or was a resident of California concerning www.realitysteve.com.

**ANSWER:**

Defendant objects to this Special Interrogatory because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, and in addition to the information previously provided: I do not recall any names, dates or details of possible communications with California residents years ago, but I do not believe I have made or received any communications with residents of California under contract of confidentiality with Plaintiff about non-public information concerning the Bachelor series since January 1, 2009.

-10-

STEPHEN CARBONE'S SUPPLEMENTAL RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

Exhibit I

Page 86

**SPECIAL INTERROGATORY NO. 16:**

IDENTIFY all communications that YOU received from any PERSON who is or was a resident of California concerning THE BACHELOR SERIES.

**ANSWER:**

Defendant objects to this Special Interrogatory because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and without waiving same, and in addition to the information previously provided: I do not recall any names, dates or details of possible communications with California residents years ago, but I do not believe I have made or received any communications with residents of California under contract of confidentiality with Plaintiff about non-public information concerning the Bachelor series since January 1, 2009.

**SPECIAL INTERROGATORY NO. 17:**

IDENTIFY all communications that YOU received from any PERSON who is or was a resident of California concerning www.realitysteve.com.

**ANSWER:**

Defendant objects to this Special Interrogatory because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the

-11-

journalistic privilege. Subject to these objections and without waiving same, and in addition to the information previously provided: I do not recall any names, dates or details of possible communications with California residents years ago, but I do not believe I have made or received any communications with residents of California under contract of confidentiality with Plaintiff about non-public information concerning the Bachelor series since January 1, 2009.

**SPECIAL INTERROGATORY NO. 18:**

IDENTIFY all trips that you made to California between January 1, 2004, and the present.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad and unduly burdensome. Subject to these objections and without waiving same, and in addition to the information previously provided: Defendant usually stays with his sister in Huntington Beach. On one occasion in April, 2011, Defendant stayed at the Standard Hotel in Los Angeles for one night.

-12-

1  DATED: April 9, 2012

2                              BROWN FOX KIZZIA & JOHNSON PLLC

3

4

5                              By: _D. Bradley Kizzia_____

6                                  D. Bradley Kizzia (Pro Hac Vice)
                                   Attorneys for Defendants Stephen Carbone
7                                  and Reality Steve, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   -13-

## DECLARATION OF STEPHEN CARBONE

I, Stephen Carbone, declare and state:

1.      My name is Stephen Carbone. I am a Defendant in this lawsuit. I am capable of making this Declaration. I have read the attached supplemental answers to Plaintiff NZK Production Inc.'s First Set of Special Interrogatories, and every statement contained therein is within my personal knowledge and is true and correct.

I declare under penalty of perjury of the laws of the United States of America that the above facts are true and correct, and that this Declaration was executed this _____ day of April, 2012.

_____
Stephen Carbone

**PROOF OF SERVICE**

**STATE OF TEXAS, COUNTY OF DALLAS**

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Dallas, State of Texas. My business address is 8226 Douglas Avenue, Suite 411, Dallas, Texas 75225.

On April __9__ , 2012 I served a true copy of the foregoing document described as **DEFENDANT STEPHEN CARBONE'S SUPPLEMENTAL RESPONSES TO PLAINTIFF NZK PRODUCTIONS INC.'S FIRST SET OF SPECIAL INTERROGATORIES** on the interested parties in this action as follows:

Michael J. O'Conner, Esq
Andrew W. DeFrancis, Esq
KELLEY DRYE & WARREN LLP
10100 Santa Monica Boulevard, Twenty-Third Floor
Los Angeles, CA 90067-4008
Tel: (310)712-6100
Fax: (310) 712-6199
moconner@kelleydrye.com
adefrancis@kelleydrye.com
        *Attorneys for Plaintiff NZK Productions, Inc. a*
*California Corporation and Horizon Alternative*
*Television, Inc., a Delaware Corporation*

**BY UNITED STATE POSTAL SERVICE:** I enclosed a said document in an envelope or package and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection at an office or regularly utilized drop box of United States Postal Service or delivered such document to a courier or driver authorized by the United States Postal Service.

**FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the State Bar of Texas and have been admitted to practice before this Court *Pro Hac Vice.*

Executed on April __9__ , 2012, at Dallas, Texas.

_____
D. Bradley Kizzia

STEPHEN CARBONE'S SUPPLEMENTAL RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

Exhibit I
Page 91

EXHIBIT J TO
DECLARATION OF ANDREW W. DEFRANCIS

EXHIBIT J TO
DECLARATION OF ANDREW W. DEFRANCIS

1  Gregg A. Farley, SBN 115593
   LAW OFFICES OF GREGG A. FARLEY
2  11755 Wilshire Blvd., Ste. 1845
3  Los Angeles, CA 90025
   Telephone: (310) 445-4024
4  Facsimile: (310) 445-4109
5  gfarley@farleyfirm.com

6
   D. Bradley Kizzia (Pro Hac Vice)
7  BROWN FOX KIZZIA & JOHNSON PLLC
8  8226 Douglas Avenue, Suite 411
   Dallas, Texas 75225
9  Telephone: (469) 893-9940
10 Facsimile: (214) 613-3330
   brad@brownfoxlaw.com
11

12 Attorneys for Defendants
   STEPHEN CARBONE
13 and REALITY STEVE, LLC

14

15              UNITED STATES DISTRICT COURT

16    CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

17

18

19 NZK PRODUCTIONS INC., a        )
   California corporation, and HORIZON )
20 ALTERNATIVE TELEVISION INC., a)  Case No.: CV11-10118-GHK (Ex)
21 Delaware corporation,           )
                                   )
22       Plaintiffs,               )
                                   )
23       vs.                       )  DEFENDANT REALITY STEVE,
                                   )  LLC'S SUPPLEMENTAL
24                                 )  RESPONSES TO PLAINTIFF NZK
   STEPHEN CARBONE, an individual, )  PRODUCTIONS INC.'S FIRST SET
25 and REALITY STEVE, LLC, a Texas )  OF SPECIAL INTERROGATORIES
26 limited liability corporation,  )
                                   )
27       Defendants.               )
28 _____)

                          -1-

                 REALITY STEVE, LLC'S SUPPLEMENTAL RESPONSES TO
            NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

PROPOUNDING PARTY:    PLAINTIFF NZK PRODUCTIONS INC.

RESPONDING PARTY:     DEFENDANT REALITY STEVE, LLC

SET NO.:              ONE

TO:   THE PARTIES AND TO THEIR ATTORNEYS OF RECORD:

The Plaintiffs have agreed to narrow the scope of Plaintiff NZK Productions Inc.'s First Set of Special Interrogatories to information from January 1, 2009 to the present. All supplemental responses set forth herein will thus be limited to such time frame. Accordingly, in addition to the responses previously served, Defendant Reality Steve, LLC hereby provides the following supplemental information:

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY each PERSON who HOSTED www.realitysteve.com between January 1, 2004, and the present.

The term "HOSTED," as used in these Interrogatories, shall mean the act of providing server space, internet services, and/or file maintenance for websites.

**ANSWER:**

In addition to the information previously provided:

Yahoo Small Business
Hosted the website until January 26, 2010
701 First Avenue, Sunnyvale, California 94089
(866) 781-9246

-2-

StormonDemand.com
Hosted the website from January 26, 2010 until the present
4210 S. Creyts Road, Lansing, Michigan 48917
(877) 330-7660

## SPECIAL INTERROGATORY NO. 5:

IDENTIFY all agreements of any kind entered into between January 1, 2004, and the present concerning advertising on www.realitysteve.com.

## ANSWER:

Defendant objects to this Special Interrogatory on the grounds that it is overly broad, vague and unduly burdensome.  Subject to the foregoing objections and without waiving same, and in addition to the information previously provided:

Google Adsense
www.google.com/adsense

Value Click
www.valueclick.com
David Kruszenski
dkruszenski@valueclick.com

Lijit
www.lijit.com
Brady Crandall
bcrandall@lijit.com

CPM Only
cpmonly.com
Robert Brown
Robert@cpmonly.com

-3-

Adtegrity
www.adtegrity.com
Liz Welch
Liz.welch@adtegrity.com

Vibrant
www.vibrantmedia.com

Gunggo
www.gunggo.com
Daniel Yuwn
dan@gunggo.com

Suite66
www.suite66.com
Megan Sun
msun@suite66.com

Underdog Media
www.underdogmedia.com
Lizzy Morrison
lizzy@underdogmedia.com

Adstract
www.adstrct.com
Rachel Langrock
Rachel@adstract.com

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY all PERSONS who have purchased advertising on www.realitysteve.com between January 1, 2004, and the present.

**ANSWER:**

In addition to the information previously provided: see Answer to Special Interrogatory No. 5.

-4-

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY all PERSONS who have a contractual relationship of any kind with www.realitysteve.com.

**ANSWER:**

In addition to the information previously provided:

Stephen Cook
414 Woodlake Drive
Allen, Texas 75013

**SPECIAL INTERROGATORY NO. 21:**

IDENTIFY each PERSON from whom YOU received any information concerning THE BACHELOR SERIES between January 1, 2004, and the present.

The term "THE BACHELOR SERIES," as used in these Interrogatories, shall mean "The Bachelor," "The Bachelorette" and/or the "Bachelor Pad" television series.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad, unduly burdensome, and not reasonably limited in scope to information that is relevant to Defendant's objection to jurisdiction in California. Defendant further objects because as stated, the interrogatory seeks irrelevant information not reasonably calculated to lead to admissible evidence and information that is proprietary and subject to the journalistic privilege. Subject to these objections and

-5-

without waiving same, and in addition to the information previously provided: I do not recall any names, dates or details of possible communications with California residents years ago, but I do not believe I have made or received any communications with residents of California under contract of confidentiality with Plaintiff about non-public information concerning the Bachelor series since January 1, 2009.

**SPECIAL INTERROGATORY NO. 23:**

IDENTIFY each public appearance that YOU made to promote www.realitysteve.com between January 1, 2004, and the present.

**ANSWER:**

Defendant objects to this Special Interrogatory because it is overbroad and not reasonably limited to information that is relevant to Defendant's objection to jurisdiction in California. Subject to the foregoing objections and without waiving same, and in addition to the information previously provided: Defendant responds as follows:

B96 - Chicago, Illinois
http://b96.cbslocal.com/
Showbiz Shelly Show
January 10, 2012

WSNX - Grand Rapids, Michigan
http://www.1045snx.com/main.html
The "Morning After" Show

-6-

January 2010; March 2010; May 2010; August 2010; September 2010; January 2011; March 2011; May 2011; August 2011; September 2011; January 2012; March 2012

KISS FM - Dallas, Texas
http://kiddnation.com/
Kidd Kraddick in the Morning
January 2010; March 2010; May 2010; August 2010; September 2010; January 2011; March 2011; May 2011; August 2011; September 2011; January 3, 2012; March 2012

Play 98.7 - Tampa, Fla
http://play987.radio.com/
That Guy Kramer Morning Show
January 2012

KISS FM 92.5 - Toronto, Canada
http://www.kiss925.com/roz-and-mocha/
Roz & Mocha Show
January or early February 2012

WPRO 99.7 FM - Providence, Rhode Island
http://630wpro.com/default.asp
This Week in Entertainment with Bekah Berger
January 2011; July 2011; February 2012

Podcast interview
CelebritySideDish
August 8 and August 9, 2010

Internet interview
webpronews.com (via skype)
June 14, 2011

REALITY STEVE, LLC'S SUPPLEMENTAL RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

Exhibit J
Page 98

1   DATED: April 9 , 2012

2                           BROWN FOX KIZZIA & JOHNSON PLLC

3

4

5

6                  By:     _____

7                           D. Bradley Kizzia (Pro Hac Vice)
                            Attorneys for Defendants Stephen Carbone
8                           and Reality Steve, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

REALITY STEVE, LLC'S SUPPLEMENTAL RESPONSES TO
NZK PRODUCTIONS, INC.'S FIRST SET OF SPECIAL INTERROGATORIES

Exhibit J
Page 99

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF STEPHEN CARBONE

I, Stephen Carbone, declare and state:

1.     My name is Stephen Carbone. I am a member of Defendant Reality Steve, LLC in this lawsuit. I am capable of making this Declaration. I have read the attached supplemental answers to Plaintiff NZK Production Inc.'s First Set of Special Interrogatories, and every statement contained therein is within my personal knowledge and is true and correct.

I declare under penalty of perjury of the laws of the United States of America that the above facts are true and correct, and that this Declaration was executed this ____ day of April, 2012.

_____
Stephen Carbone for Reality Steve, LLC

DECLARATION OF STEPHEN CARBONE
-2-

## PROOF OF SERVICE

**STATE OF TEXAS, COUNTY OF DALLAS**

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Dallas, State of Texas. My business address is 8226 Douglas Avenue, Suite 411, Dallas, Texas 75225.

On April __9__, 2012 I served a true copy of the foregoing document described as **DEFENDANT REALITY STEVE LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF NZK PRODUCTIONS INC.'S FIRST SET OF SPECIAL ITERROGATORIES** on the interested parties in this action as follows:

Michael J. O'Conner, Esq
Andrew W. DeFrancis, Esq
KELLEY DRYE & WARREN LLP
10100 Santa Monica Boulevard, Twenty-Third Floor
Los Angeles, CA 90067-4008
Tel: (310)712-6100
Fax: (310) 712-6199
moconner@kelleydrye.com
adefrancis@kelleydrye.com
*Attorneys for Plaintiff NZK Productions, Inc. a California Corporation and Horizon Alternative Television, Inc., a Delaware Corporation*

**BY UNITED STATE POSTAL SERVICE:** I enclosed a said document in an envelope or package and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection at an office or regularly utilized drop box of United States Postal Service or delivered such document to a courier or driver authorized by the United States Postal Service.

**FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the State Bar of Texas and have been admitted to practice before this Court *Pro Hac Vice.*

Executed on April __9__, 2012, at Dallas, Texas.


_____
D. Bradley Kizzia